Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
30021 Tomas St., Suite 300
Rancho Santa Margarita, CA 92688
Tel 949.310.0817/Fax 949.288.6894
E-Mail: Jason@CalGunLawyers.com

Donald E.J. Kilmer., Jr. (Calif. Bar. No. 179986)
Law Offices of Donald Kilmer
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, CA 92125
Tel 408.264.8489/Fax 408.564.8487
E-Mail: Don@DKLawOffice.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFF SILVESTER, MICHAEL POESCHL, BRANDON COMBS, THE CALGUNS FOUNDATION, INC. a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization, <br><br> Plaintiffs, <br> vs. <br><br> KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 TO 20, <br><br> Defendants. | Case No: 1:11-CV-02137 <br><br> **FIRST AMENDED COMPLAINT** <br><br> 42 U.S.C. §§ 1983, 1988 <br><br> SECOND AMENDMENT <br><br> FOURTEENTH AMENDMENT |

# FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiffs, JEFF SILVESTER, MICHAEL POESCHL, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC. by and through undersigned counsel, and complain of the Defendants as follows:

## INTRODUCTION

1. Plaintiffs challenge the State of California's ten-day waiting periods for firearm acquisitions facially and as applied to individuals who lawfully already have at least one firearm registered in their name with the State of California. Said challenge is asserted as being in violation of the Second Amendment and the Fourteenth Amendment of the United States Constitution.

## THE PARTIES

2. Plaintiff JEFFREY SILVESTER ("SILVESTER") is a natural citizen of the United States, residing in Kings County, California. SILVESTER is an owner of a handgun that is registered in the State of California's Automated Firearms Systems ("AFS") database. SILVESTER also possesses a valid License to Carry ("LTC") pursuant to Penal Code section 26150, *et seq*.

3. Plaintiff MICHAEL POESCHL ("POESCHL") is a natural citizen of the United States, residing in Orange County, California. POESCHL is an owner of a handgun that is registered in the State of California's AFS database.

4. Plaintiff BRANDON COMBS ("COMBS") is a natural citizen of the United States, residing in the Madera County, California. COMBS is an owner of a handgun that is registered in the State of California's AFS database. COMBS also possesses a valid California Certificate of Eligibility, which constitutes an ongoing and real-time background check. 11 C.C.R. §4036(b).

5. Plaintiff THE CALGUNS FOUNDATION, INC. ("CGF") is a non-profit organization incorporated under the laws of California with its principal place of business in San Carlos, California. The purposes of CGF include supporting the California firearms community by

1  promoting education for all stakeholders about California and federal firearm and ammunition
2  laws, rights and privileges, and defending and protecting the civil rights of California gun
3  owners.  The purposes of CGF also include the protection of the rights of citizens to have
4  firearms for the lawful defense of their families, persons, and property, and to promote public
5  safety and law and order.  CGF represents these members and supporters, which includes
6  SILVESTER, POESCHL, COMBS, and others who possess firearms registered in their names
7  with the State of California.  CGF brings this action on behalf of itself and its supporters, who
8  possess all the indicia of membership.

9  6.  CGF is in the practice of informing and assisting local jurisdictions on constitutional
10 issues relating to firearm regulations.   For example, CGF has created and developed flowcharts
11 designed to simplify California's complex semiautomatic firearms and carry license laws.  CGF
12 has also developed a program to promote and educate the public on each of the California
13 counties' carry license policies and practices.  Additionally, CGF promotes educational events
14 with firearms related attorneys and experts to provide information to the public, including law
15 enforcement.  CGF has expended resources to that end.

16 7.  Plaintiff SECOND AMENDMENT FOUNDATION, INC., ("SAF") is a non-profit
17 membership organization incorporated under the laws of Washington with its principal place of
18 business in Bellevue, Washington.  SAF has over 650,000 members and supporters nationwide,
19 including SILVESTER, POESCHL, and COMBS.  SAF represents these members and
20 supporters, and others who possess firearms registered in their names with the State of
21 California.  The purpose of SAF includes education, research, publishing and legal action
22 focusing on the Constitutional right to privately own and possess firearms, and the consequences
23 of gun control.  SAF has expended resources to that end.  SAF brings this action on behalf of
24 itself and its members.

25 8.  Collectively, SILVESTER, POESCHL, COMBS, CGF and SAF are referred to
26 hereinafter as "Plaintiffs."

27 9.  Defendant KAMALA HARRIS ("HARRIS") is the Attorney General of the State of
28 California and is obligated to supervise her agency and comply with all statutory duties under

California law.  She is charged with enforcing, interpreting and promulgating regulations regarding the transfer of firearms under California law, including California's ten-day waiting period.  HARRIS responsible for executing and administering California's laws, customs, practices, and policies at issue in this lawsuit. Defendant HARRIS is sued in her official capacity.

10. At this time, Plaintiffs are ignorant of the names of any additional individuals responsible for implementing or enforcing the ten-day waiting periods.  Plaintiffs therefore name these individuals as DOE Defendants and reserve the right to amend this Complaint when their true names are ascertained.

11. Furthermore, if and when additional persons and entities are discovered to have assisted and/or lent support to the enforcement alleged herein, Plaintiffs reserve the right to amend this Complaint to add those persons and/or entities as Defendants.

12. Collectively, HARRIS and DOES are referred to hereinafter as "Defendants."

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 331, 1343, 2201, 2201, and 42 U.S.C. section 1983.

14. Venue lies in this Court pursuant to 28 U.S.C. section 1391.

## STATEMENT OF FACTS

*Second Amendment in the Home*

15. The Second Amendment to the United States Constitution states that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed."

16. In 2008, the United States Supreme Court held that the District of Columbia's requirement that permitted firearms within the home, but required that said firearms in the home be kept inoperable made "it impossible for citizens to use [firearms] for the core lawful purpose of self-defense and is hence unconstitutional." *District of Columbia v. Heller*, 554 U.S. 570, 630 (2008).

17. In 2010, the United States Supreme Court held that "the Second Amendment right to

1  keep and bear arms" is "fundamental to our scheme of ordered liberty" and, therefore,
2  incorporated against the states through the Due Process Clause of the Fourteenth Amendment.
3  *McDonald v. Chicago*, 130 S. Ct. 3020, 3036 (2010).
4   18. At a minimum, the Second Amendment guarantees individuals a fundamental right to
5  possess fully functional handguns in the home. The handguns whose possession is protected by
6  the Second Amendment are those of a kind that are or would be in common use by law-abiding
7  people for lawful purposes.
8   19. Corollary to the Second Amendment guarantee of an individual's fundamental right to
9  possess handguns in the home is the ability to acquire said handguns for possession.
10   20. California, however, has placed restrictions on the access to and delivery of firearms –
11  generally subjecting firearm purchasers to a minimum ten-day ban on the delivery of firearms
12  from a dealer to a consumer regardless of whether the individual is already known by the
13  Defendants to both be permitted to possess firearms and to actually be registered within the State
14  of California as an owner of a firearm.

*California's Ten-Day Waiting Period Laws*

16   21. California currently requires all firearm purchases to be subjected to a ten-day waiting
17  period wherein a purchaser is prohibited from receiving his or her firearm that he or she has paid
18  for or has otherwise received title to until ten-days after the purchaser has completed the
19  necessary transfer paperwork with a licensed California firearms retailer.
20   22. Specifically, Penal Code 26815(a) states:

> No firearm shall be delivered . . . [w]ithin 10 days of the application to purchase, or, after notice by the department pursuant to Section 28220, within 10 days of the submission to the department of any correction to the application, or within 10 days of the submission to the department of any fee required pursuant to Section 28225, whichever is later.

24   23. Similarly, Penal Code section 27540 states:

> No dealer . . . shall deliver a firearm to a person as follows: . . . [w]ithin 10 days of the application to purchase, or, after notice by the department pursuant to Section 28220, within 10 days of the submission to the department of any correction to the application, or within 10 days of the submission to the department of any fee required pursuant to Section 28225, whichever is later.

1  24. Neither of these two provisions can be construed to apply solely to the first purchase of a firearm and are therefore unconstitutional in all applications. These provisions apply regardless of whether the first firearm purchased by Plaintiffs and associational Plaintiffs' members was purchased not as protection for the home, but for one of many other alternatives, including: (1) as a personal protection firearm for the business; (2) a pistol for target practice and match competitions; (3) a pistol for carrying pursuant to a LTC thereby leaving the home undefended in the absence of the LTC holder; (4) a rifle for use in hunting or shooting sports; or (5) otherwise deemed insufficient for personal protection in the home by the purchaser afterwards.

*Exemptions to the Ten-Day Waiting Periods*

25. The ten-day waiting periods have multiple exemptions.

26. First, the ten-day waiting periods do not apply to certain law enforcement transactions. Penal Code §§26950, 27050, 27055, 27060, 27065 (exempting §26815); §§27600, 27605, 27610, 27615, and 27650 (exempting §27540).

27. Second, the ten-day waiting periods generally do not apply to a dealer who delivers a firearm other than a handgun at an auction or similar event. Penal Code §§26955 (exempts from §26815); §27655 (exempts from §27540).

28. Third, the ten-day waiting periods generally do not apply to dealer-to-dealer transfers of firearms. Penal Code §§27110 and 27125 (exempts from §26815); §§27710, and 27725 (exempts from §27540).

29. Fourth, the ten-day waiting periods generally do not apply to transfers of firearms by a dealer to him or herself. Penal Code §§26960 and 27130 (exempts from §26815); §§27660 and 27730 (exempts from §27540.)

30. Fifth, the ten-day waiting periods generally do not apply to transactions between or to importers and manufacturers of firearms. Penal Code §27100 (exempts from §26815); §27700 (exempts from §27540).

31. Sixth, the ten-day waiting periods generally do not apply to persons who have a "short barrel rifle" or "short barrel shotgun" permit pursuant to Penal Code section 33300. Penal Code §§26965 and 21740 (exempts from §26815); §§27665 and 27740 (exempts from §27540).

32. Seventh, the ten-day waiting periods generally do not apply to persons who have an "assault weapons" permit pursuant to Penal Code section 30500, *et seq*. Penal Code §21740 (exempts from §26815); §27740 (exempts from §27540).

33. Eighth, the ten-day waiting periods generally do not apply to persons who have a "machinegun" permit pursuant to Penal Code section 32650 *et seq*. Penal Code §§26965 and 27140 (exempts from §26815); §§27665 and 27740 (exempts from §27540).

34. Ninth, the ten-day waiting periods generally do not apply to persons who have a "machinegun" license pursuant to Penal Code section 32700. Penal Code §26965 (exempts from §26815); § 27665 (exempts from §27540).

35. Tenth, the ten-day waiting periods generally do not apply to persons who have a "destructive device" permit pursuant to Penal Code section 18900. Penal Code §26965 (exempts from §26815); §27665 (exempts from §27540).

36. Eleventh, the ten-day waiting periods generally do not apply to persons with curio and relic collector's licenses issued by the Bureau of Alcohol, Tobacco, Firearms and who have a valid Certificate of Eligibility issued by the California Department of Justice *and only when purchasing curio and relic firearms*. Penal Code §26970 (exempts from §26815); §27670 (exempts from §27540).

37. Twelfth, the ten-day waiting periods generally do not apply to transactions regarding firearms serviced or repaired by a gunsmith. Penal Code §27105 (exempts from §26815); §27705 (exempts from §27540).

38. Thirteenth, the ten-day waiting periods generally do not apply to dealer sales to persons residing out-of-state. Penal Code §27115 (exempts from §26815) and §27715 (exempts from §27540).

39. Fourteenth, ten-day waiting periods do not apply to deliveries to wholesalers. Penal Code §27120 (exempts from §26815); §27720 (exempts from §27540).

40. Fifteenth, ten-day waiting periods generally do not apply to loans by dealers who operate target facilities. Penal Code §27135 (exempts from §26815); §27735 (exempts from §27540).

41. Sixteenth, the ten-day waiting periods generally do not apply to certain loans of firearms

for use as props.  Penal Code §27000 (exempts from §26815); §27745 (exempts from §27540).

42. Seventeenth, the ten-day waiting periods generally do not apply to loans to consultants or evaluators.  Penal Code §27005 (exempts from §26815); §27750 (exempts from §27540).

43. Eighteenth, the ten-day waiting periods generally do not apply to lawful transactions involving cane guns, firearms that are not immediately recognizable as firearms, undetectable firearms, wallet guns, unconventional pistols, and zip guns.  Penal Code §21740 (exempts from §26815); §27740 (exempts from §27540).

*Calculation of the Ten-Day Waiting Period*

44. For the majority of individuals who are subject to the ten-day waiting period for the purchase or transfer of a firearm, it is calculated as ten (10) 24-hour periods from the date *and time* of the submission of the Dealer Record of Sale ("DROS") information to the California Department of Justice.

*The Legislative Intent of the Ten- Day Waiting Period*

45. California has had a waiting period regarding the delivery of firearms since 1923.[1]

46. Though the original waiting period was merely a ban on the delivery of firearms on the same day, there have been multiple changes to the term of the waiting period, extending from less than one (1) day to as many as fifteen (15) days.

47. Today the waiting period in California is ten days.[2]

48. The alleged reasoning behind the different waiting period varies.  At least one case (*People v. Bickston* (*1979*) 91 Cal. App. 3d Supp. 29) described the legislative intent behind the

---

[1] Applying solely to handguns, California's first waiting period is stated as follows: "No pistol or revolver shall be delivered (a) On the same day of the application for the purchase . . . ."  1923 Cal. AB 263.

[2] In 1990, the 15-day waiting period for long guns was shortened to its current ten-day term.  1990 Cal AB 497.  In 1996, the 15-day waiting period for handguns was shortened to its current ten-day term.  1996 Cal. SB 671.

dynamic nature of the waiting period. *Bickston* states as follows*:*

> The court's research discloses some legislative history that throws some light on the Legislature's intentions in enacting section 12072. This section was originally enacted in 1953 and provided [. . .] that "in no event shall such firearm be delivered to the purchaser upon the day of the application for the purchase thereof. . . . [A] 1955 amendment also extended the waiting period to three days. The section was next amended in 1965 whereby the waiting period was again extended to five days. The last amendment was in 1975 wherein the waiting period was extended to 15 days. *Thus it appears that an original intent to provide at least an overnight cooling off period from "application for the purchase" was supplemented over the years with additional time to allow the Department of Justice to investigate the prospective purchaser of the weapon.*

*Id*. (Emphasis added.)

*Ten Days To Allow The Department of Justice to Investigate Prospective Purchasers and To Allow Repeat Purchasers To "Cool Off" Is An Infringement*

49. Ten days to allow the Department of Justice to investigate prospective purchasers and to allow repeat purchasers to "cool off" is an infringement on the purchaser's fundamental right to keep and bear arms in their home.

50. The need for balance between processing a requisite background check and preserving the individual's right to acquire firearms for the home in a timely manner has already been made on a federal level. The Brady Handgun Violence Prevention Act (Pub.L. 103-159, 107 Stat. 1536) is an Act of the United States Congress that, for the first time, instituted federal background checks on firearm purchasers in the United States as well as a federally mandated five-day waiting period.

51. The Brady Bill provided that, in 1998, the five-day waiting period for handgun sales would be replaced by an instant computerized background check that involved no waiting periods. Specifically, the National Instant Criminal Background Check System, or NICS, is stated to be about saving lives and protecting people from harm—by not letting firearms fall into the wrong hands. It also ensures the *timely* transfer of firearms to eligible gun buyers.

52. Mandated by the Brady Handgun Violence Prevention Act of 1993 and launched by the FBI on November 30, 1998, NICS is used by Federal Firearms Licensees (FFLs) to *instantly* determine whether a prospective buyer is eligible to buy firearms.

53. More than 100 million such checks have been made in the last decade, leading to more

1   than 700,000 denials.

2   54. NICS, located at the FBI's Criminal Justice Information Services Division in Clarksburg, West Virginia, provides full service to FFLs in 30 states, five U.S. territories, and the District of Columbia.  California voluntarily opted out of the NICS instant background check and maintains their own background check system with an extended ten-day waiting period against purchasers of firearms in California, including Plaintiffs herein.

*California's Enforcement of the Ten-Day Waiting Period*

55. Plaintiffs already have firearms, but seek to have additional firearms for protection of themselves and their families, *inter alia*, within the home pursuant to their Second Amendment right to "keep and bear *arms.*" (Emphasis added to note the use of the plural.)

56. Plaintiffs have lawfully purchased a handgun within the State of California or can otherwise demonstrate proof of ownership and lawful possession of said firearms.  For example, some firearms are registered in the California Automated Firearms System database pursuant to, *inter alia,* Penal Code section 28200, *et seq*.  In purchasing their firearms, Plaintiffs were already once subjected to the ten-day waiting period prior to physically receiving their firearms.  As a result of the ten-day waiting period, Plaintiffs were obligated to endure a ten-day ban on the acquisition of their constitutionally protected firearms and incur additional expense by being forced to make a second visit to the firearms dealer that sold Plaintiffs their firearms.

57. COMBS and other holders of valid California Certificates of Eligibility represented by CGF and SAF are, *per se*, not in a class of persons described within  Penal Code sections 29800, *et seq*., 29900, *et seq*., or Welfare and Institutions Code sections 8100 or 8103, or Title 27 Part 178.32 of the Code of Federal Regulations.  11 C.C.R. §4036(b).

58. In other words, COMBS and other holders of a valid California Certificate of Eligibility represented by CGF and SAF are known by the State of California, at all times certified, to not be prohibited from possessing firearms under federal or state law.

59. Additionally, as a holder of a valid license to carry pursuant to Penal Code section 26150 *et seq*.  SILVESTER and other such holders represented by CGF and SAF are, *per se*, not in a class of persons described in Penal Code sections 29800, *et seq*., 29900, *et seq*. or Welfare and

1   Institutions Code 8100 or 8103.  Penal Code section 26195(a)-(b).

2   60. In other words, SILVESTER and other holders of a valid license to carry pursuant to Penal Code section 26150, *et seq*. represented by CGF and SAF are not prohibited from possessing firearms under federal or state law and may often be armed with a loaded concealed firearm, including while purchasing firearms for which they are subjected to a ten-day ban on possessing.

61. The Attorney General has established and maintains an online database known as the Prohibited Armed Persons File ("PAPF"). The purpose of the file is to cross-reference persons who have ownership or possession of a firearm as indicated by a record in the Consolidated Firearm Information System ("CFIS") and who, subsequent to the date of that ownership or possession of a firearm, fall within a class of persons who are prohibited from owning or possessing a firearm.  Penal Code §30000, *et seq*.

62. The information contained in the PAPF is immediately available for the purpose of determining if persons are armed and prohibited from possessing firearms.  Penal Code §30000, *et seq*.

63. Conversely, the PAPF is also immediately available for the purpose of determining if persons are armed and not prohibited by the very nature of the individual not appearing in the PAPF.

64. Plaintiffs already own and have access to their own firearms.  In all instances, Plaintiffs are recorded by the state as being in possession of at least one firearm.  Plaintiffs seek to purchase additional firearms whose possession for the purposes of self-defense in the home is protected by the Second Amendment.  Penal Code sections 26815 and 27540 unnecessarily require an additional ten-day waiting period for each subsequent firearm transaction, thus barring Plaintiffs from acquiring and using their own firearms protected by the Second Amendment during the ten-day period following their purchase, as well as causing them to incur additional expenses, travel, and time lost resulting from the otherwise unnecessary return to the dealer to accept delivery.

/ / /

**COUNT I**
**RIGHT TO KEEP AND BEAR ARMS**
**U.S. CONST., AMENDS.II AND XIV, 42 U.S.C. §1983**

65. Paragraphs 1 through 64 are incorporated as though fully stated herein.

66. The Second Amendment, which applies against Defendants by operation of the Fourteenth Amendment, secures the right to possess firearms in the home.

67. Penal Code sections 26815 and 27540, as well as Defendants' enforcement of the same prohibit, substantially interfere with, inhibit access to, and infringe upon the right to possess firearms in the home for those individuals represented by CGF and SAF, including Plaintiffs and improperly impede gun ownership itself.

68. Penal Code sections 26815 and 27540 render access to firearms for use in the home materially more difficult to obtain, by requiring multiple visits to the firearms retailer, increasing the expense of purchasing a firearm, and, more importantly, barring access to and possession of constitutionally protected firearms by Plaintiffs – leaving no sufficient alternative avenues for obtaining firearms for self-defense purposes during the ten-day waiting period.

69. By maintaining and enforcing a set of laws banning Plaintiffs access to firearms whose possession is protected by the Second Amendment, Defendants are propagating customs, policies, and practices that violate the Second Amendment to the United States Constitution, facially and as applied against the individual plaintiffs in this action, thereby harming plaintiffs in violation of U.S.C. section 1983.  The Second Amendment applies to the states, including California, through the Fourteenth Amendment.  Plaintiffs are therefore entitled to declaratory, preliminary, and permanent injunctive relief against the improper customs, policies, and practices.

**COUNT II**
**EQUAL PROTECTION VIOLATIONS**
**U.S. CONST., AMENDS.II AND XIV, 42 U.S.C. §1983**

70. Paragraphs 1 through 69 are incorporated as though fully stated herein.

71. Defendants' policies and enforcement of Penal Code sections 26815 and 27540 violate Plaintiffs' rights to equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution, in that Defendants allow some people, such as destructive device collectors, movie prop houses, auction purchasers, "consultants-evaluators," and others,

1  instant access to firearms, which instant access is denied to Plaintiffs and the general public.
2  Such misapplication of the law is arbitrary, capricious, irrational, and makes unjustifiable
3  distinctions between those individuals that Defendants deign to exclude from immediate delivery
4  of firearms and those they do not.  Defendants are thereby propagating customs, policies, and
5  practices that violate the Fourteenth Amendment to the United States Constitution, facially and
6  as applied against the individual plaintiffs in this action, thereby harming Plaintiffs in violation
7  of 42 U.S.C. section 1983.  Plaintiffs are therefore entitled to declaratory, preliminary and
8  permanent injunctive relief against continued enforcement and maintenance of Penal Code
9  section 27540 subdivision (a) and Defendants' unconstitutional customs, policies, and practices.

## PRAYER FOR RELIEF

Plaintiffs request judgment be entered in their favor against Defendants as follows:

1. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing Penal Code sections 26815 and 27540 as against those persons that may lawfully possess and acquire a firearm and possess proof of firearm possession or ownership in their name within the State of California and from enacting, publishing, promulgating, or otherwise enforcing any polices, rules, or procedures prohibiting or otherwise restricting the delivery of firearms to said individuals within ten-days of applying for the purchase of any firearms;

2. Attorney fees and costs pursuant to 42 U.S.C. section 1988;

3. Declaratory relief consistent with the injunction;

4. Costs of suit; and

5. Any other relief as the Court deems just and appropriate.

Date: February 24, 2011,

Respectfully submitted,
Davis & Associates
/s/ Jason A. Davis
Jason A. Davis
Jason@CalGunLawyers.com
Attorneys for plaintiffs