Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
30021 Tomas St., Suite 300
Rancho Santa Margarita, CA 92688
Tel 949.310.0817/Fax 949.288.6894
E-Mail: Jason@CalGunLawyers.com

Donald E.J. Kilmer., Jr. (Calif. Bar. No. 179986)
Law Offices of Donald Kilmer
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, CA 92125
Tel 408.264.8489/Fax 408.564.8487
E-Mail: Don@DKLawOffice.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFF SILVESTER, MICHAEL POESCHL, BRANDON COMBS, THE CALGUNS FOUNDATION, INC. a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>　　　　　Plaintiffs,<br>　　vs.<br><br>KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 TO 20,<br><br>　　　　　Defendants. | Case No: 1:11-CV-02137<br><br>**JOINT SCHEDULING REPORT**<br><br>DATE:　May 15, 2012<br>TIME:　9:30 A.M.<br>CTRM: #7 (6th Floor)<br><br>**SHIELA K. OBERTO**<br>**U.S. MAGISTRATE JUDGE**<br><br>**ALL COUNSEL APPEARING**<br>**TELEPHONICALLY** |

## INTRODUCTION & REQUEST FOR TELEPHONIC APPEARANCE

All named Defendants have been served a copy of the Summons, Complaint, First Amended Complaint, and the Order Setting Mandatory Scheduling Conference.

Counsels for all parties have conferred regarding the Joint Scheduling Conference and desire to appear at the Mandatory Scheduling Conference telephonically. Counsel for Plaintiffs shall initiate the call at the above-designated time.

## JOINT STATUS REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Order Regarding Joint Status Report, Plaintiffs, JEFF SILVESTER, MICHAEL POESCHL, BRANDON COMBS, THE CALGUNS FOUNDATION, INC. and SECOND AMENDMENT FOUNDATION, INC. and Defendant KAMALA D. HARRIS, Attorney General of California, sued in her official capacity hereby submit this joint status report.

1. **Summary of the Factual and Legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.**

   *Plaintiffs' Contention:*

   Plaintiffs are owners of firearms currently registered with the State of California.

   The Second Amendment to the United States Constitution states that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed."

   In 2008, the United States Supreme Court held that the District of Columbia's requirement that permitted firearms within the home, but required that said firearms in the home be kept inoperable made "it impossible for citizens to use [firearms] for the core lawful purpose of self-defense and is hence unconstitutional." *District of Columbia v. Heller*, 554 U.S. 570, 630 (2008).

   In 2010, the United States Supreme Court held that "the Second Amendment right to keep and bear arms" is "fundamental to our scheme of ordered liberty" and, therefore, incorporated against the states through the Due Process Clause of the Fourteenth Amendment. *McDonald v. Chicago*, 130 S. Ct. 3020, 3036 (2010).

1  At a minimum, the Second Amendment guarantees individuals a fundamental right to
2  possess fully functional handguns in the home.  The handguns whose possession is
3  protected by the Second Amendment are those of a kind that are or would be in common
4  use by law-abiding people for lawful purposes.
5  Plaintiffs claim that, corollary to the Second Amendment guarantee of an individual's
6  fundamental right to possess handguns in the home is the ability to acquire said handguns
7  for possession.
8  California, however, has placed restrictions on the access to and delivery of firearms –
9  generally subjecting firearm purchasers to a minimum ten-day delay on the delivery of
10 firearms from a dealer to a consumer regardless of whether the individual is already
11 known by the Defendants to both be permitted to possess firearms and to actually be
12 registered within the State of California as an owner of a firearm.
13 Both state and federal law require licensed firearms dealers to perform background
14 checks on prospective firearm purchasers before the firearm may be delivered, to
15 determine whether the purchaser falls into a category of persons prohibited by law from
16 purchasing or possessing firearms.

*Federal Requirements*

18 The Brady Handgun Violence Prevention Act of 1993 originally imposed a five-day
19 delay on the transfer of handguns for law enforcement to review the background of a
20 prospective purchaser.  The five-day waiting period has now been replaced with an
21 instant check system, which can be extended to three days when the result of the check
22 are not clear.  (18 U.S.C. §921, *et seq*.)  If the firearms dealer has not been notified within
23 three business days that the sale would violate federal or state laws, the sale may proceed
24 by default.  (18 U.S.C. 922(t)(1).)
25 In complying with federal firearms background check requirements (the "Brady Act"),
26 states have the option of serving as a state Point of Contact ("POC") and conducting their
27 own NICS checks, or having those checks performed by the Federal Bureau of
28 Investigation ("FBI").  FBI checks are provided at no charge, state law determines the

cost of background checks performed by the state ("POC").

A licensed firearms dealer initiates a NICS check by contacting the FBI or state POC (typically by telephone or computer) after the prospective purchase has provided a government-issued photo I.D. and completed a federal Firearms Transaction Record (27 Code of Fed.Regs. §478.124(c)(4).) The FBI or POC must then conduct a name-based search of federal and state databases. FBI searches include three federal databases.

- The National Crime Information Center ("NCIC"), which includes records regarding wanted persons (fugitives) and persons subject to protective/restraining orders;
- The Interstate Identification Index, which contains state criminal history records; and
- The National Instant Criminal Background Check System ("NICS") Index, which contains records of other persons prohibited under federal law from receiving or possessing firearms.

(Criminal Justice Information Services Division of the Federal Bureau of Investigations, U.S. Department of Justice, National Instant Criminal Background Check System Operations 2010, at page 1.)

Once the initial search is complete, the FBI or POC notifies the dealer that the sale: 1) may proceed; 2) may not proceed; or 3) is delayed pending further investigation. The NICS check is valid for a single transaction for up to 30 calendar days from the date NICS was initially contacted. (27 Code of Fed.Regs. §478.102(c).) The 30-day period covers only a single transaction. The transaction may, however, involve the transfer of multiple firearms.

*California Requirements*

According to the Department of Justice ("DOJ"), all firearm purchaser-related background checks properly submitted through the DOJ Dealer Record of Sale ("DROS") Entry System initiate a California Basic Firearms Eligibility Check ("BFEC"). This process includes name-based checks (not fingerprint based checks) for records in the

following state/federal databases

- California Automated Criminal History System ("ACHS");
- California Restraining and Protective Order System ("CARPOS");
- California Wanted Person System ("WPS");
- California Mental Health Firearms Prohibition System ("MHFPS");
- California Department of Motor Vehicles ("DMV) for ID validation;
- The federal Interstate Identification Index ("III") database;
- Federal National Crime Information Center ("NCIC") database;
- Federal National Instant Criminal Background Check System ("NICS"); and
- Federal Immigration Customs and Enforcement ("ICE") database.
- Ten days to allow the Department of Justice to investigate prospective purchasers and to allow repeat purchasers to "cool off" is an infringement on the purchaser's fundamental right to keep and bear arms in the home.
- The information contained in the Prohibited Armed Person File is immediately available for the purpose of determining if persons are armed and prohibited from possessing firearms.
- The information in the Prohibited Armed Personal File is immediately available for the purpose of determining if persons are armed and not prohibited by the very nature of the individual not appearing in the file.

Plaintiffs challenge the State of California's ten-day waiting periods for firearm acquisitions facially and as applied to individuals who lawfully already have at least one firearm registered in their name with the State of California. Specific plaintiffs also have California certificates of eligibility and/or a license to carry firearms. Plaintiffs assert that this general delay is violates the Second Amendment. Plaintiffs also assert that the exceptions to the delay violate the Fourteenth Amendment of the United States Constitution.

Plaintiffs seek the following relief: An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert

or participation with them who receive actual notice of the injunction, from enforcing Penal Code sections 26815 and 27540 as against those persons that may lawfully possess and acquire a firearm and possess proof of firearm possession or ownership in their name within the State of California and from enacting, publishing, promulgating, or otherwise enforcing any polices, rules, or procedures prohibiting or otherwise restricting the delivery of firearms to said individuals within ten-days of applying for the purchase of any firearms;  attorney fees and costs pursuant to 42 U.S.C. section 1988; Declaratory relief consistent with the injunction; Costs of suit; and any other relief as the Court deems just and appropriate.

*Defendant's Contentions:*

AG Harris denies virtually all the contentions in Plaintiffs' operative complaint challenging the constitutionality of enforcement of California's statutory "10-day waiting period" for purchases of firearms.  AG Harris denies that either association plaintiff, the CalGuns Foundation or the Second Amendment Foundation, has standing to bring this case on its own behalf, because, to the best of AG Harris's information and belief, neither association plaintiff purchases firearms in California.  AG Harris denies that any plaintiff has standing to make a facial challenge to the statutes in question; standing must be limited to an as-applied challenge, because the only plaintiffs that ever purchase firearms already have gone through 10-day waiting periods without complaint, and are or would be second-time purchasers.  AG Harris contends that the proper level of Second-Amendment scrutiny of firearms regulations cases should be some form of intermediate scrutiny, close to rational-basis review, that fully takes into account the public-safety rationales for the regulations.  Consequently, AG Harris further denies that Plaintiffs have suffered any violation of their alleged Second Amendment or other federal constitutional rights to have firearms that Plaintiffs purchased be delivered to Plaintiffs in less than 10 days.  The claim of an infringement of Second Amendment rights in these circumstances is particularly weak for people, such as the individual plaintiffs, who already possess firearms.  In sum, AG Harris contends that the constitutionality of California's statutory

1  "10-day waiting period" for purchases of firearms should be affirmed in all respects and
2  under whatever standard of judicial scrutiny is adopted in Second Amendment cases (as
3  the standard of scrutiny is presently an open issue).  AG Harris prays that the Court
4  decline to enjoin enforcement of the statutes in question; the Plaintiffs take nothing by
5  their complaint; AG Harris be awarded costs of suit; and the Court grant to AG Harris
6  whatever other and further relief that is appropriate.

**2. Any proposed amendment to the pleadings presently on file shall be filed its proponent contemporaneously with the Scheduling Conference Report.  If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.**

At this time, the parties do not anticipate any proposed amendments to the pleadings presently on file.

**3. A proposed deadline for amendments to the pleadings.**

Parties have agreed that Plaintiffs may amend their First Amended Complaint at any time prior to the close of discovery to conform to findings made during discovery.

**4. A summary detailing the uncontested and contested facts.**

**Uncontested Facts**:

Discovery is ongoing and the parties reserve the rights to amend their positions on the following:

There are no uncontested facts.

**Contested Facts:**

Discovery is ongoing and the parties reserve the rights to amend their positions on the following:

Defendants contest each and every fact alleged, including that Plaintiffs are owners of at least one firearm contained in the State of California's Automated Firearm System.

27  / / /
28  / / /

**5. A summary of the legal issues as to which there is no dispute, e.g. jurisdictions, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.**

The parties do not dispute personal jurisdiction, venue, or that this case, on the merits, is a Second and Fourteenth Amendment challenge to enforcement of California's statutory 10-day delay on the delivery of firearms by firearm retailers.

The parties dispute whether all plaintiffs have standing generally, whether any plaintiff has standing to bring a facial challenge to the enforcement of the 10-day delay on the delivery of firearms, and whether enforcement of the 10-day delay is unconstitutional in any respect.

**6. The status of all matters which are presently set before the Court, e.g., hearing all motions, etc.**

There are no matters which are presently set before the Court.

**7. A complete detailed discovery plan addressing the following:**

   **a. A date for the exchange of initial disclosures required by Fed.R.Civ. P. 26(a)(1), or a statement that disclosures have already exchanged;**

   June 5, 2012 (21 days from MSC)

   **b. A firm cut-off date for non-expert discovery;**

   All initial non-expert discovery requests shall be made by November 15, 2012 (6 Months from MSC).

   A firm cut-off date for non-expert discovery shall be May 15, 2013 (1 year from MSC).

   **c. A firm date(s) for disclosure of expert witnesses required by Fed.R.Civ.P. 26(a)(2);**

   September 15, 2012 (4 months from MSC).

   **d. A firm cut-off date for expert witness discovery;**

   August 15, 2013 (15 Months from MSC).

/ / /

  **e.  Any proposed changes to the limits on discovery imposed by Fed.R.Civ.P. 26(b); 30(a)(2(A), (B), or (C); 30(d); or 33(a);**

No proposed changes to the limits on discovery anticipated at this time.

  **f.  Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;**

It is anticipated that a protective order will be necessary.

Defendants have indicated a desire to investigate the firearm ownership and transfer history of Plaintiffs, which Plaintiffs' contend are protected from mandatory disclosure by various federal and state laws. Plaintiffs believe that the information contained in the records currently available to Defendants is sufficient for the purposes of this case, and any further information sought is irrelevant and privileged.

Additionally, Plaintiffs anticipate seeking discovery regarding the various processes, records, and communications relating to delays to the immediate transfer of firearms. Defendants have indicated that such requests may include confidential, private, or privileged information.

As such, the parties have agreed to meet and confer regarding the details of each party's concern, and to work in good faith on a Joint Stipulated Protective Order prior to initiating discovery. Should the parties be unable to agree upon a Joint Stipulated Protective Order, and should the perceived need for a Protective Order be raised during discovery, the party seeking the Protective Order shall file, in a timely manner, a motion with the Court.

  **g.  Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;**

There are no issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery at this time.

///

      **h. Whether the parties anticipate the need to take discovery outside the United States, and if so, a description of the proposed discovery;**

      The parties do not anticipate the need to take discovery outside of the United States at this time.

      **i. Whether any party anticipates video and/or sound recording of depositions;**

      Parties anticipate that audio and video recordings may be taken at depositions.

      **j. A proposed date for a Mid-Discovery Status Report and Conference;**

      December 15, 2012 (7 months after MSC).

**8. Discovery relating to Electronic, Digital and/or Magnetic data.**

      **a. Duty to Notify.**

      Plaintiff has notified Defendant that they intend to investigate application of the requirements for processing a firearm transferee check in accordance with federal and state statutes, including matters relating to access, use, and operation (including how information is stored and how it can be retrieved) of the following electronic databases:

- California Automated Criminal History System ("ACHS");
- California Restraining and Protective Order System ("CARPOS");
- California Wanted Person System ("WPS");
- California Mental Health Firearms Prohibition System ("MHFPS");
- California Department of Motor Vehicles ("DMV") for ID validation;
- California's Certificate of Eligibility ("COE") System;
- California's Armed and Prohibited File System;
- The federal Interstate Identification Index ("III") database;
- Federal National Crime Information Center ("NCIC") database;
- Federal National Instant Criminal Background Check System ("NICS"); and
- Federal Immigration Customs and Enforcement ("ICE") database.

      Defendant has notified Plaintiffs that AG Harris may lack the full access that Plaintiff desires for all these databases.

b. **Duty to Meet and Confer.**

At this stage, the parties believe that further discovery is required, but that the requirements of this mandatory Meet and Confer shall be included in any Joint Stipulated Protective Order or other Protective Order sought during the discovery process.

9. **Dates agreed to by all counsel for:**

   a. **Filing non-dispositive and dispositive pre-trial motions in limine or other trial motions) will not be entertained after the agreed upon date.**

   November 15, 2013 (18 Months after MSC).

   b. **Pre-trial Conference date.**

   January 15 2014 (20 Months after MSC).

   c. **Trial Date.**

   March 15, 2014 (22 Months after MSC).

10. **Settlement Potential**

    There is very little possibility of settlement due to the fact that the California State Legislature would have to modify existing law in order to provide the remedy sought by Plaintiffs in the above entitled matter.

11. **A statement as to whether the case is a jury or non-jury case.**

    This case is a non-jury case.

12. **An estimate of the number of days required.**

    7 days.

13. **Whether they are willing to consent to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. section 636(c).**

    Parties are not willing to consent to the jurisdiction of a U.S. Magistrate Judge at this time.

14. **Whether either party requests bifurcation or phasing of trial, or any other suggestion for shortening or expediting discovery, pre-trial motions or trial.**

    Bifurcation is not requested at this time.

**15. Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.**

Parties do not believe this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

Date: May 4, 2012,

Respectfully submitted,
Davis & Associates
/s/ Jason A. Davis
Jason A. Davis
Jason@CalGunLawyers.com
Attorneys for plaintiffs

1 CERTIFICATE OF SERVICE

2     This is to certify under penalty of perjury that the true and correct copy of this JOINT

3 SCHEDULING REPORT to the Court in the above-captioned case was served through U.S.

4 Postal Service mail, and through electronic filing with the Court's electronic PACER system, on

5 the opposing counsel of record as indicated below:

6     JONATHAN M. EISENBERG

7     Deputy Attorney General

8     300 South Spring Street, Suite 1702

9     Los Angeles, CA 90013

10

11     Signed and certified this 4th, day of May, 2012, in Rancho Santa Margarita by:

12     Davis & Associates
13     /s/ Jason A. Davis
    Jason A. Davis
14     Jason@CalGunLawyers.com
    Attorneys for plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28