Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691
Tel 949.436.GUNS/Fax 949.288.6894
Email: Jason@CalGunLawyers.com

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Office of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.364.84889/Fax 408.264.8487
Email: Don@DKLawOffice.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JEFF SILVESTER, MICHAEL POESCHL, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>Plaintiffs,<br>vs.<br><br>KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20,<br><br>Defendant. | Case No: 1:11-cv-02137-AWI-SKO<br><br>**PLAINTIFF JEFF SILVESTER'S RESPONSE TO DEFENDANT KAMALA D. HARRIS'S FIRST SET OF INTERROGATORIES** |

Exhibit A

| | | |
|---|---|---|
| 1 | PROUPOUNDING PARTY: | Defendant Kamala D. Harris |
| 2 | RESPONDING PARTY: | Plaintiff Jeff Silvester |
| 3 | SET NUMBER: | One (1) |

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**

State your full name, date of birth, home address, and Social Security number.

**RESPONSE TO INTERROGATORY NO. 1**

OBJECTION: This interrogatory counts as four separate and distinct interrogatories. Moreover, this request is objectionable as it is not calculated to lead to the discovery of admissible evidence. This request seeks privileged information, including Plaintiff's Social Security number and birth date. (*See* Fed. R. Civ. Proc. §5.2.)

RESPONSE: Without waiving the above stated objections, Plaintiff responds as follows: Jeffery Sherman Silvester; 1979; N. Bordeaux Way, Hanford CA, 93230; the last four digits of my Social Security number are 4487.

**INTERROGATORY NO. 2**

How many firearms are usually kept at your home?

**RESPONSE TO INTERROGATORY NO. 2**

OBJECTION: This request is not reasonably calculated to seek the discovery of admissible evidence. Moreover, this request seeks information that is irrelevant to the matter at hand. This request seeks privileged information as it relates to the number of firearms kept at Plaintiff's home. (*See* U.S. Const. amends I, IV, V, XIV; Cal. Const. art I, §1; and 18 U.S.C. 926(a), which states: "No such rule or regulation prescribed [by the Attorney General] after the date of the enactment of the Firearms Owners Protection Act may require that records required to be maintained under this chapter or any portion of the contents of such records, be recorded at or transferred to a facility owned, managed, or controlled by the United States or any State or any political subdivision thereof, nor that any system of registration of firearms, firearms owners, or firearms transactions or disposition be established. Nothing in this section expands or restricts

the Secretary's authority to inquire into the disposition of any firearm in the course of a criminal investigation." Thus, there is a clear intent to secure gun owners' privacy as it relates to their firearm ownership. The civil action at issue herein cannot be used to subvert those privacy rights.

RESPONSE: Without waiving the above stated objections, Plaintiff responds by stating that, in general, I keep at least one firearm within the home.

**INTERROGATORY NO. 3**

How many firearms suitable for self-defense are usually kept at your home?

**RESPONSE TO INTERROGATORY NO. 3**

OBJECTION: This request is not reasonably calculated to seek the discovery of admissible evidence. This request is also so vague or ambiguous as to be burdensome or oppressive as to the meaning of "suitable for self-defense." Moreover, Plaintiff would have to speculate as to the meaning of the phrase "suitable for self-defense." Firearms are tools. While one firearm may be suitable for self-defense in one scenario, it may not be suitable for self-defense in another scenario. As such, the term "suitable for self-defense" is too vague and ambiguous to properly respond to. Moreover, this request seeks information that is irrelevant to the matter at hand. This request seeks privileged information as it relates to the number of firearms kept at Plaintiff's home. (See U.S. Const. amends I, IV, V, XIV; Cal. Const. art I, §1; and 18 U.S.C. 926(a), which states: "No such rule or regulation prescribed [by the Attorney General] after the date of the enactment of the Firearms Owners Protection Act may require that records required to be maintained under this chapter or any portion of the contents of such records, be recorded at or transferred to a facility owned, managed, or controlled by the United States or any State or any political subdivision thereof, nor that any system of registration of firearms, firearms owners, or firearms transactions or disposition be established. Nothing in this section expands or restricts the Secretary's authority to inquire into the disposition of any firearm in the course of a criminal investigation." Thus, there is a clear intent to secure gun owners' privacy as it relates to their firearm ownership. The civil action at issue herein cannot be used to subvert those privacy rights.

**VERIFICATION**

JEFF SILVESTER declares:

1. I am a plaintiff in the above-captioned action;

2. I have read the foregoing "PLAINTIFF JEFF SILVESTER'S RESPONSE TO DEFENDANT KAMALA D. HARRIS'S FIRST SET OF INTERROGATORIES" ("The Response") and know its contents. I am informed and believed that the matters set forth in the Response are true and accurate, and on that ground I allege, to the best of my knowledge and information, that the matters therein stated are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Verification was executed on January 28, 2013, at Hanford, CA , California.

_____
JEFF SILVESTER