Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691
Tel 949.436.GUNS/Fax 949.288.6894
Email: Jason@CalGunLawyers.com

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Office of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.364.84889/Fax 408.264.8487
Email: Don@DKLawOffice.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| JEFF SILVESTER, MICHAEL POESCHL, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>Plaintiffs,<br>vs.<br><br>KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20,<br><br>Defendant. | Case No: 1:11-cv-02137-AWI-SKO<br><br>**PLAINTIFF MICHAEL POESCHL'S RESPONSE TO DEFENDANT KAMALA D. HARRIS'S FIRST SET OF INTERROGATORIES** |

Exhibit B

| | |
|---|---|
| 1 | PROUPOUNDING PARTY:      Defendant Kamala D. Harris |
| 2 | RESPONDING PARTY:      Plaintiff Michael Poeschl |
| 3 | SET NUMBER:      One (1) |

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1**

State your full name, date of birth, home address, and Social Security number.

**RESPONSE TO INTERROGATORY NO. 1**

OBJECTION: This interrogatory counts as four separate and distinct interrogatories. Moreover, this request is objectionable as it is not calculated to lead to the discovery of admissible evidence. This request seeks privileged information, including Plaintiff's Social Security number and birth date. (*See* Fed. R. Civ. Proc. §5.2.)

RESPONSE: Without waiving the above stated objections, Plaintiff responds as follows: Michael Gardner Poeschl; 1974; 27163 El Moro, Mission Viejo, CA 92691; the last four digits of my Social Security number are 1039.

**INTERROGATORY NO. 2**

How many firearms are usually kept at your home?

**RESPONSE TO INTERROGATORY NO. 2**

OBJECTION: This request is not reasonably calculated to seek the discovery of admissible evidence. Moreover, this request seeks information that is irrelevant to the matter at hand. This request seeks privileged information as it relates to the number of firearms kept at Plaintiff's home. (*See* U.S. Const. amends I, IV, V, XIV; Cal. Const. art I, §1; and 18 U.S.C. 926(a), which states: "No such rule or regulation prescribed [by the Attorney General] after the date of the enactment of the Firearms Owners Protection Act may require that records required to be maintained under this chapter or any portion of the contents of such records, be recorded at or transferred to a facility owned, managed, or controlled by the United States or any State or any political subdivision thereof, nor that any system of registration of firearms, firearms owners, or

firearms transactions or disposition be established. Nothing in this section expands or restricts the Secretary's authority to inquire into the disposition of any firearm in the course of a criminal investigation." Thus, there is a clear intent to secure gun owners' privacy as it relates to their firearm ownership. The civil action at issue herein cannot be used to subvert those privacy rights.

RESPONSE: Without waiving the above stated objections, Plaintiff responds by stating that, in general, I keep at least one firearm within the home.

**INTERROGATORY NO. 3**

How many firearms suitable for self-defense are usually kept at your home?

**RESPONSE TO INTERROGATORY NO. 3**

OBJECTION: This request is not reasonably calculated to seek the discovery of admissible evidence. This request is also so vague or ambiguous as to be burdensome or oppressive as to the meaning of "suitable for self-defense." Moreover, Plaintiff would have to speculate as to the meaning of the phrase "suitable for self-defense." Firearms are tools. While one firearm may be suitable for self-defense in one scenario, it may not be suitable for self-defense in another scenario. As such, the term "suitable for self-defense" is too vague and ambiguous to properly respond to. Moreover, this request seeks information that is irrelevant to the matter at hand. This request seeks privileged information as it relates to the number of firearms kept at Plaintiff's home. (See U.S. Const. amends I, IV,V, XIV; Cal. Const. art I, §1; and 18 U.S.C. 926(a), which states: "No such rule or regulation prescribed [by the Attorney General] after the date of the enactment of the Firearms Owners Protection Act may require that records required to be maintained under this chapter or any portion of the contents of such records, be recorded at or transferred to a facility owned, managed, or controlled by the United States or any State or any political subdivision thereof, nor that any system of registration of firearms, firearms owners, or firearms transactions or disposition be established. Nothing in this section expands or restricts the Secretary's authority to inquire into the disposition of any firearm in the course of a criminal investigation." Thus, there is a clear intent to secure gun owners'

In fact, the California Department of Justice had determined alternative methods that eliminate delays upon law abiding firearm owners while ensuring public safety as early as 1991. In its AB 497 Alternative Feasibility Studies: Report of Findings (1991), the Department of Justice identified multiple methods of performing proper background checks such that the persons in prohibited categories would not be allowed to purchase a firearm from a licensed California firearm dealer while imposing minimal infringement on gun owners' rights to purchase and possess firearms. As I am a verifiable law-abiding firearm owner, there is no justifiable reason to delay my acquisition of a firearm I already own.

If I were required to wait 5 days between purchasing a firearm and taking delivery of a firearm, I would thereby be deprived of the use, custody, and control of my personal property. The delay would also deny me the ability to defend self, family, and home with said firearm that I already own; the hypothetical waiting period mandates a brief window of 25 days from which I must return to obtain physical possession of property that I already own, causing an additional increased 5 day delay and added expenses of Dealer Record of Sale fees, storage fees, and transportation fees when I am unavailable to take physical possession of the firearm within the 25 day window; causes increased travel expenses upon firearm purchases coinciding with distance from my home to the licensed firearm dealer premises due to the requirement that I must make a second trip to receive custody of the firearm purchased; limits my out-of-town purchases and gun show purchases; and limits the market of firearms available to areas I am willing to travel to twice during a period of at least 5 days and at most 30 days; causes added burden and expense of locating and paying another more local dealer who may be willing, but is not statutorily obligated, to process a firearms transfer originating at a competitor's licensed firearm dealer; and causes me to lose the opportunity cost of the time spent on the second trip to receive a firearm I already own.

**INTERROGATORY NO. 16**

Describe in full and complete detail all expenses that you have incurred to acquire firearms because of California Penal Code section 26815(a) and its "waiting period" (between

1 | purchase and delivery of a firearm).

**RESPONSE TO INTERROGATORY NO. 16**

RESPONSE: I have lost the opportunity costs to engage in business and other activities during the time it took me for each and every second trip to the licensed firearms dealer to take possession, custody, and control of each firearm I own.

I have lost the opportunity to purchase firearms due to an inability to make a second trip.

I have incurred expenses, including shipping expenses, additional dealer transfer fees, increased firearm prices due to lack of local competition, additional fuel costs, wear and tear on my vehicle[s] necessary for a return trip to the licensed dealer to receive my firearm. On information and belief, I have spent approximately $1,500.00 on such expenses.

I have incurred additional costs of having to resubmit a Dealer Record of Sale application due to scheduling conflicts preventing me from returning to the store to receive my firearm within the temporary window of availability. Upon information and belief, I have spent approximately $100.00 on resubmission fees.

**INTERROGATORY NO. 17**

Describe in full and complete detail all expenses that you have incurred to acquire firearms because of California Penal Code section 27540 and its "waiting period" (between purchase and delivery of a firearm).

**RESPONSE TO INTERROGATORY NO. 17**

RESPONSE: I have lost the opportunity costs to engage in business and other activities during the time it took me for each and every second trip to the licensed firearms dealer to take possession, custody, and control of each firearm I own.

I have lost the opportunity to purchase firearms due to an inability to make a second trip.

I have incurred expenses, including shipping expenses, additional dealer transfer fees, increased firearm prices due to lack of local competition, additional fuel costs, wear and tear on my vehicle[s] necessary for a return trip to the licensed dealer to receive my firearm. On information and belief, I have spent approximately $1,500.00 on such expenses.

I have incurred additional costs of having to resubmit a Dealer Record of Sale application due to scheduling conflicts preventing me from returning to the store to receive my firearm within the temporary window of availability. Upon information and belief, I have spent approximately $100.00 on resubmission fees.

**INTERROGATORY NO. 18**

State the longest distance you have traveled, in the last 10 years, from your home to a licensed firearms retailer to acquire a firearm.

**RESPONSE TO INTERROGATORY NO. 18**

RESPONSE: Approximately 764 miles.

**INTERROGATORY NO. 19**

State the distances from your home, in miles, of the three licensed firearms dealers that are presently closest to your home.

**RESPONSE TO INTERROGATORY NO. 19**

OBJECTION: This request is so vague or ambiguous as to be burdensome or oppressive as to the meaning of "licensed firearm dealers." Moreover, Plaintiff would have to speculate as to the meaning of the phrase "licensed firearm dealers." This interrogatory provides no definition of what "licenses" or which category of "firearm dealers" this interrogatory refers to. Neither Department of Justice nor any other entity publishes a list or makes a list available of persons who are licensed under California law to transfer firearms – therefore it is impossible for me to know with any certainty who the three licensed firearm dealers that are presently closest to my home.

RESPONSE: Without waiving the above referenced objection, Plaintiff responds: To the best of my knowledge, and on information and belief, the three firearm retailers open to the public that are presently closest to my home are: PRK Arms, Spencer's Firearms, and Herb Bauer's Sporting Goods. The distances from these locations to my home are unknown.

**INTERROGATORY NO. 20**

State the name and World Wide Web address of each Internet seller of firearms from

|   |   |
|---|---|
| 1 | **VERIFICATION** |
| 2 | MICHAEL POESCHL declares: |
| 3 | 1. I am a plaintiff in the above-captioned action; |
| 4 | 2. I have read the foregoing "PLAINTIFF MICHAEL POESCHL'S RESPONSE TO |
| 5 | DEFENDANT KAMALA D. HARRIS'S FIRST SET OF INTERROGATORIES" ("The |
| 6 | Response") and know its contents. I am informed and believed that the matters set forth |
| 7 | in the Response are true and accurate, and on that ground I allege, to the best of my |
| 8 | knowledge and information, that the matters therein stated are true and accurate. |
| 9 | I declare under penalty of perjury under the laws of the United States of America that the |
| 10 | foregoing is true and correct and that this Verification was executed on January 28, 2013, at |
| 11 | Mission Viejo, California. |

*[signature]*

MICHAEL POESCHL