Victor J. Otten (SBN 165800)
vic@ottenandjoyce.com
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225

Donald E.J. Kilmer (SBN 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Phone: (408) 264-8489
Fax: (408) 264-8487

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF SILVESTER, MICHAEL POESCHL, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,**<br><br>Plaintiffs,<br>v.<br>**KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20.** | Case No. 1:11-cv-02137-AWI-SKO<br><br>**PLAINTIFFS' SEPARATE STATEMENT OF FACTS IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs hereby submit their Separate Statement of Undisputed and Disputed Material Facts, together with references to supporting evidence, in opposition to Defendant's Motion for Summary Judgment

| MOVING PARTY'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE: | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 1. At all relevant times, one effect of the Waiting Period Law has been that all California residents lawfully purchasing firearms must wait a minimum of 10 days between applying to purchase the firearms and receiving delivery of them (unless purchasers are statutorily exempt from the waiting period. (First Am. Compl., ¶¶ 1, 20, 21.) | 1. Undisputed. |
| 2. At all relevant time, Silvester has owned at least one firearm. (First Am. Compl., ¶¶ 1, 2.; Decl. of Jonathan M. Eisenberg in Supp. Of Def. Cal. Att'y Gen. Harris' Mtn. for Summ. J. ("Eisenberg Decl."); | 2. Undisputed. |

PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED AND DISPUTED FACTS

| MOVING PARTY'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE: | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Silvester Interrog. Resps at 3:5-3:6.) | |
| 3. At all relevant time, Combs has owned at least on firearm. (First Am. Compl., ¶¶ 1, 3, Eisenberg Decl., Combs Interrog Resps. At 3:5-3:6.) | 3. Undisputed. |

OPPOSING PARTY'S ADDITIONAL MATERIAL DISPUTED AND UNDISPUTED FACTS AND SUPPORTING EVIDENCE:

4. Requirement to wait 10 days deprives Plaintiffs of the use, custody, control and ability to defend self, family and home; it mandates a brief window of 20 days from which Plaintiffs must return to obtain physical possession of property that Plaintiffs already own. (See Combs' and Silvester's Response to Special

| MOVING PARTY'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE: | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| | Interrogatories #7). |
| | 5. Plaintiffs are forced to incur expenses including: opportunity costs to engage in business and other activities during the each and every time Plaintiffs have to make a second trip to the licensed firearms dealer to take possession, custody, and control of each firearm, lost opportunity to purchase firearms due to an inability to make a second trip, additional shipping expenses, additional dealer transfer fees, increased firearm prices due to lack of local competition, additional fuel costs, additional wear and tear on Plaintiffs' vehicles necessary for a return trip to the licensed dealer to retrieve a firearm Plaintiffs already own, and additional costs of having to resubmit a DROS application due to |

4

PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED AND DISPUTED FACTS

| MOVING PARTY'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE: | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| | scheduling conflicts preventing Plaintiffs from returning to the store to retrieve the firearm within the temporary window of availability. (See e.g. Responses to Special Rogs. #16-17 for Combs, and Silvester). |
| | 6. When purchasing a firearm, Plaintiffs go through a background check at the state and federal levels. (See Deposition Transcript of Second Amendment Foundation, through Alan Gottlieb ("SAF Depo.") p. 80, line 19 – p. 81, line 3). |
| | 7. At the State level, the California Attorney General maintains an online database called the Prohibited Armed Persons File ("PAPF").(Combs' Response to Special Interrog. No. 10; See also Penal Code § 30000 *et* |

| MOVING PARTY'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE: | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| | *seq.*). |
| | 8. The information contained in the PAPF is available for the purpose of determining if persons are armed and prohibited from possessing firearms. (Combs' Response to Special Interrog. No. 10; See also Penal Code § 30000 *et seq.*) |
| | 9. At the federal level, the National Instant Check System (NICS) is controlled by the Federal Bureau of Investigation (FBI). (See, e.g. Combs' and Silvester's Response to Special Interrog. No. 11). |
| | 10. The information in the databases that are used to conduct background checks can be accessed immediately. (See, e.g. SAF Depo., p. 81, lines 13-20). |
| | 11. Defendants deliberately make |

| MOVING PARTY'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE: | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| | background checks go ten days even though the information used in background checks to determine eligibility to purchase a firearm can be accessed instantaneously. (See, e.g. SAF Depo., p. 81, lines 4-12, and p. 86, line 23 – p. 87 line 6). |
| | 12. California's gun homicide rates continue to be higher than similarly situated states, e.g. Texas, that do not have a waiting period. (See, e.g. Hoffman Depo., p. 99, lines 5-12, and p. 102, line 5 – p. 103 line 5). |
| | 13. There is no evidence that the 10-Day "cooling off period" effectively deters crime. (See, e.g., Hoffman Depo., p. 103). |
| | 14. Because of California's 10-day wait period, a purchaser of a firearm *must* make multiple trips before taking possession. |

| MOVING PARTY'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE: | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| | (Hoffman Depo., p. 117). |
| | 15. The 10-day waiting period has proven to be a hindrance by preventing people from effectively defending themselves. (Hoffman Depo., p. 134, and 137-138). |
| | 16. The time period of 10 days to conduct a background check is arbitrarily set by the legislature. (See, e.g., Hoffman Depo., p. 151, lines 23-25). |
| | 17. For a person who has been through the 10-day waiting period once, California can check to see if that person appears on the Armed Prohibited Persons List and thereby make a decision about whether the person should be allowed to obtain an additional firearm. (Hoffman Depo., p. 153, lines 18-24). |
| | 18. Where the need to acquire a |

| MOVING PARTY'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE: | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| | firearm is more urgent, the 10-day waiting period effectively prevents individuals from being able to defend themselves. (See, e.g., Hoffman Depo., p. 134). |
| DATED: October 14, 2013 | OTTEN & JOYCE, LLP<br><br>*/s/ Victor Otten*<br><br>Victor Otten Esq.<br>Attorneys for Plaintiffs |