# EXHIBIT "A"

Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691
Tel 949.436.GUNS/Fax 949.288.6894
Email: Jason@CalGunLawyers.com

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Office of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.364.84889/Fax 408.264.8487
Email: Don@DKLawOffice.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| JEFF SILVESTER, MICHAEL POESCHL, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>Plaintiffs,<br>vs.<br><br>KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20,<br><br>Defendant. | Case No: 1:11-cv-02137-AWI-SKO<br><br>**PLAINTIFF BRANDON COMBS'S RESPONSE TO DEFENDANT KAMALA D. HARRIS'S FIRST SET OF INTERROGATORIES** |

broad and unduly burdensome. (*IPV, Inc. v. Mercantile Bank of Topeka* (D KS 1998) 179 FRD 316, 321 – Providing "every fact" could require "laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details.")

RESPONSE: Without waiving the above referenced objection, Plaintiff states that, I cannot adequately defend myself or my family with the firearms that are usually kept at home. My need and desire to protect self and family extend beyond the home, and include other locations such as boats, cars, businesses, and other locations.

Moreover, at any given time, my firearms may be: not immediately physically available due to the firearm's proximity to my physical location – both within the home and outside of the home; underpowered for certain self-defense scenarios; over-powered for certain self-defense scenarios; inoperable; stolen; broken; unclean for reliable operation or otherwise unreliable; out for service; loaned to another individual for up to a 30 day period in accordance with California law; there may be a lack of ammunition available for the current firearm; an act of terrorism may make the firearm[s] owned by me insufficient to defend self, family, or home; riots and looting may render the firearm[s] owned by me to be insufficient; earthquakes and other natural disasters may render any and all firearms possessed by me to be insufficient for self-defense and defense of others; temporary seizures of firearms lawfully possessed may render the firearms insufficient for self-defense.

In fact, under the Militia Act of 1792, many were required to have more than one firearm – "and to be armed with a sword and pair of pistols, the holsters of which to be covered with bearskin caps."

**INTERROGATORY NO. 7**

Identify and describe in full and complete detail all harms that you suffer by, per California Penal Code sections 26815(a) and/or 27540, having to wait 10 days between purchasing and taking delivery of a firearm.

**RESPONSE TO INTERROGATORY NO. 7**

OBJECTION: Contention interrogatories asking for each and every fact, or application

316, 321 – Providing "every fact" could require "laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."]

RESPONSE: Plaintiff contends that there are circumstances in which California Penal Code section 26815(a)'s "waiting period" (between purchase and delivery of a firearm) to first-time firearm purchasers would be unconstitutional, such as applications of the provision to women who have been abused and have obtained Temporary Restraining Orders for their protection, but such contentions are not the subject of this litigation.

**INTERROGATORY NO. 9**

If you contend that it is unconstitutional to apply California Penal Code section 27540's "waiting period" (between purchase and delivery of a firearm) to first-time firearms purchasers, state all facts supporting this contention.

**RESPONSE TO INTERROGATORY NO. 9**

OBJECTION: Contention interrogatories asking for each and every fact, or application of law to fact, that supports particular allegations in an opposing pleading may be held to be overly broad and unduly burdensome. [*IPV, Inc. v. Mercantile Bank of Topeka* (D KS 1998) 179 FRD 316, 321 – Providing "every fact" could require "laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."]

RESPONSE: Without waiving the above referenced objection, Plaintiff contends that there are circumstances in which California Penal Code section 26815(a)'s "waiting period" (between purchase and delivery of a firearm) to first-time firearm purchasers would be unconstitutional, such as applications of the provision to women who have been abused and have obtained Temporary Restraining Orders for their protection, but such contentions are not the subject of this litigation.

**INTERROGATORY NO. 10**

If you contend that California Penal Code section 26815(a) would be unconstitutional if that law's "waiting period" (between purchase and delivery of a firearm) was one day, state all facts supporting this contention.

## RESPONSE TO INTERROGATORY NO. 10

OBJECTION: Contention interrogatories asking for each and every fact, or application of law to fact, that supports particular allegations in an opposing pleading may be held to be overly broad and unduly burdensome. [*IPV, Inc. v. Mercantile Bank of Topeka* (D KS 1998) 179 FRD 316, 321 – Providing "every fact" could require "laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."]

RESPONSE: Without waiving the above referenced objection, Plaintiff states that the provisions are unconstitutional, to the extent that they would apply to an individual whose state records (including the Automated Firearm System and Armed and Prohibited Database) identify them as a person not prohibited from possessing firearms and already being the owner of a registered firearm, in that they violate my Second, Fourth and Fifth Amendment rights. The Second Amendment applies beyond merely the home. There are several cases pending in the Ninth, Seventh, and Second Circuit Courts of Appeals relating to whether the Second Amendment's "right to [...] bear arms" for the purpose of self-defense extends beyond the home. See generally: *District of Columbia v. Heller*, 554 U.S. 570(2008) and *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010). There are currently two cases pending in the Ninth Circuit Court of Appeals relating to California law: *Richards v. Prieto* (Yolo County), Case No.: 11-16255 and *Peruta v. County of San Diego*, Case No.: 10-56971. These cases were argued and submitted on December 6, 2012. The court in *Moore v. Madigan*, 2012 U.S. App. LEXIS (7th Cir. Ill. Dec. 11, 2012) found that the right did extend beyond the home, but stayed its decision to give the state legislature an opportunity to enact a licensing scheme. But the court in *Kachalsky v. County of Westchester*, 2012 U.S. App. LEXIS 24363 (2nd Cir. N.Y. Nov. 27, 2012) found that the right did not extend beyond the home. These Constitutional violations, both within the home and outside the home, are supported by the following facts:

I am a holder of valid California Certificates of Eligibility and am, per se, not in a class of persons described within Penal Code sections 29800, *et seq.*, 29900, *et seq.*, or Welfare and Institutions Code sections 8100 or 8103, or Title 27 Part 178.32 of the Code of Federal Regulations. 11 C.C.R. §4036(b). In other words, I and other holders of a valid California

Certificate of Eligibility represented by CGF and SAF are known by the State of California, at all times certified, to not be prohibited from possessing firearms under federal or state law.

Additionally, I am a holder of a valid license to carry a concealed firearm. As a holder of a valid license to carry pursuant to Penal Code section 26150 *et seq.* I and other such holders represented by CGF and SAF are, per se, not in a class of persons described in Penal Code sections 29800, *et seq.*, 29900, *et seq.*, or Welfare and Institutions Code 8100 or 8103. Penal Code section 26195(a)-(b). In other words, I and other holders of a valid license to carry pursuant to Penal Code section 26150, *et seq.* represented by CGF and SAF are not prohibited from possessing firearms under federal or state law and may often be armed with a loaded concealed firearm, including while purchasing firearms for which they are subjected to a 10-day ban on possessing.

I already have at least one firearm, but I seek to have additional firearms for protection of myself and my family, *inter alia,* pursuant to my Second Amendment right to "keep and bear *arms.*" (Emphasis added to note the use of the plural.) I can otherwise demonstrate proof of ownership and lawful possession of a firearm. For example, some firearms are registered in the California Automated Firearms System database pursuant to, *inter alia,* Penal Code section 28200, *et seq.* In purchasing my firearms, I was already at least once subjected to the 10-day waiting period prior to physically receiving my firearms. As a result of the 10-day waiting period, I was obligated to endure a 10-day ban on the acquisition of my constitutionally protected firearms and incur additional expense and burden by being forced to make a second visit to the firearms dealer that sold me my firearm.

Though I must wait 10 days to acquire possession of each firearm I purchase for self-defense, others seeking commercial, professional, and personal acquisition of firearms, such as destructive device collectors, movie prop houses, auction purchasers, and "consultants-evaluators," are permitted instant access to firearms.

The National Instant Check System, located at the FBI's Criminal Justice Information Services Division in Clarksburg, West Virginia, provides full and instant service to FFLs in 30 states, five U.S. territories, and the District of Columbia. California voluntarily opted out of the

NICS instant background check and maintains its own background check system with an extended 10-day waiting period against purchasers of firearms in California, including myself. Moreover, the Attorney General has established and maintains an online database known as the Prohibited Armed Persons File. The purpose of the file is to cross-reference persons who have ownership or possession of a firearm as indicated by a record in the Consolidated Firearm Information System and who, subsequent to the date of that ownership or possession of a firearm, fall within a class of persons who are prohibited from owning or possessing a firearm. Penal Code §30000, *et seq.*

The information contained in the PAPF is available for the purpose of determining if persons are armed and prohibited from possessing firearms. Penal Code §30000, *et seq.* Conversely, the PAPF is also available for the purpose of determining if persons are armed and not prohibited by the very nature of the individual not appearing in the PAPF – but appearing in the Automated Firearm System as the registered owner of a firearm.

In fact, the California Department of Justice had determined alternative methods that eliminate delays upon law-abiding firearm owners while ensuring public safety as early as 1991. In its AB 497 Alternative Feasibility Studies: Report of Findings (1991), the Department of Justice identified multiple methods of performing proper background checks such that the persons in prohibited categories would not be allowed to purchase a firearm from a licensed California firearm dealer while imposing minimal infringement on gun owners' rights to purchase and possess firearms. As I am a verifiable law-abiding firearm owner, there is no justifiable reason to delay my acquisition of a firearm I already own.

If I were required to wait 1 day between purchasing a firearm and taking delivery of a firearm, I would thereby be deprived of the use, custody and control of my personal property. The delay would also deny me the ability to defend self, family, and home with said firearm that I already own; the hypothetical waiting period mandates a brief window of 29 days from which I must return to obtain physical possession of property that I already own, causes an additional increased 1 day delay and added expenses of Dealer Record of Sale fees, storage fees, and transportation fees when I am unavailable to take physical possession of the firearm within the

29 day window; causes increased travel expenses upon firearm purchases coinciding with distance from my home to the licensed firearm dealer premises due to the requirement that I must make a second trip to receive custody of the firearm purchased; limits my out-of-town purchases and gun show purchases; and limits the market of firearms available to areas I am willing to travel to twice during a period of at least 1 day and at most 30 days; causes added burden and expense of locating and paying another more local dealer who may be willing, but is not statutorily obligated, to process a firearms transfer originating at a competitor's licensed firearm dealer; and causes me to lose the opportunity cost of the time spent on the second trip to receive a firearm I already own.

**INTERROGATORY NO. 11**

If you contend that California Penal Code section 26815(a) would be unconstitutional if that law's "waiting period" (between purchase and delivery of a firearm) was three days, state all facts supporting this contention.

**RESPONSE TO INTERROGATORY NO. 11**

OBJECTION: Contention interrogatories asking for each and every fact, or application of law to fact, that supports particular allegations in an opposing pleading may be held to be overly broad and unduly burdensome. [*IPV, Inc. v. Mercantile Bank of Topeka* (D KS 1998) 179 FRD 316, 321 – Providing "every fact" could require "laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."]

RESPONSE: Without waiving the above referenced objection, Plaintiff states that the provisions are unconstitutional, to the extent that they would apply to an individual whose state records (including the Automated Firearm System and Armed and Prohibited Database) identify them as a person not prohibited from possessing firearms and already being the owner of a registered firearm, in that they violate my Second, Fourth and Fifth Amendment rights. The Second Amendment applies beyond merely the home. There are several cases pending in the Ninth, Seventh, and Second Circuit Courts of Appeals relating to whether the Second Amendment's "right to [...] bear arms" for the purpose of self-defense extends beyond the home.

See generally: *District of Columbia v. Heller*, 554 U.S. 570(2008) and *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010). There are currently two cases pending in the Ninth Circuit Court of Appeals relating to California law: *Richards v. Prieto* (Yolo County), Case No.: 11-16255 and *Peruta v. County of San Diego*, Case No.: 10-56971. These cases were argued and submitted on December 6, 2012. The court in *Moore v. Madigan*, 2012 U.S. App. LEXIS (7th Cir. Ill. Dec. 11, 2012) found that the right did extend beyond the home, but stayed its decision to give the state legislature an opportunity to enact a licensing scheme. But the court in *Kachalsky v. County of Westchester*, 2012 U.S. App. LEXIS 24363 (2nd Cir. N.Y. Nov. 27, 2012) found that the right did not extend beyond the home. These Constitutional violations, both within the home and outside the home, are supported by the following facts:

I am a holder of valid California Certificates of Eligibility and am, per se, not in a class of persons described within Penal Code sections 29800, *et seq.*, 29900, *et seq.*, or Welfare and Institutions Code sections 8100 or 8103, or Title 27 Part 178.32 of the Code of Federal Regulations. 11 C.C.R. §4036(b). In other words, I and other holders of a valid California Certificate of Eligibility represented by CGF and SAF are known by the State of California, at all times certified, to not be prohibited from possessing firearms under federal or state law.

Additionally, I am a holder of a valid license to carry a concealed firearm. As a holder of a valid license to carry pursuant to Penal Code section 26150 *et seq.* I and other such holders represented by CGF and SAF are, per se, not in a class of persons described in Penal Code sections 29800, *et seq.*, 29900, *et seq.* or Welfare and Institutions Code 8100 or 8103. Penal Code section 26195(a)-(b). In other words, I and other holders of a valid license to carry pursuant to Penal Code section 26150, *et seq.* represented by CGF and SAF are not prohibited from possessing firearms under federal or state law and may often be armed with a loaded concealed firearm, including while purchasing firearms for which they are subjected to a 10-day ban on possessing.

I already have at least one firearm, but I seek to have additional firearms for protection of myself and my family, *inter alia*, pursuant to my Second Amendment right to "keep and bear arms." (Emphasis added to note the use of the plural.) I can otherwise demonstrate proof of

ownership and lawful possession of a firearm. For example, some firearms are registered in the California Automated Firearms System database pursuant to, *inter alia*, Penal Code section 28200, *et seq.* In purchasing my firearms, I was at least once subjected to the 10-day waiting period prior to physically receiving my firearms. As a result of the 10-day waiting period, I was obligated to endure a 10-day ban on the acquisition of my constitutionally protected firearms and incur additional expense and burden by being forced to make a second visit to the firearms dealer that sold me my firearm.

Though I must wait 10 days to acquire possession of each firearm I purchase for self-defense, others seeking commercial, professional, and personal acquisition of firearms, such as destructive device collectors, movie prop houses, auction purchasers, and "consultants-evaluators," are permitted instant access to firearms.

The National Instant Check System, located at the FBI's Criminal Justice Information Services Division in Clarksburg, West Virginia, provides full and instant service to FFLs in 30 states, five U.S. territories, and the District of Columbia. California voluntarily opted out of the NICS instant background check and maintains its own background check system with an extended 10-day waiting period against purchasers of firearms in California, including myself. Moreover, the Attorney General has established and maintains an online database known as the Prohibited Armed Persons File. The purpose of the file is to cross-reference persons who have ownership or possession of a firearm as indicated by a record in the Consolidated Firearm Information System and who, subsequent to the date of that ownership or possession of a firearm, fall within a class of persons who are prohibited from owning or possessing a firearm. Penal Code §30000, *et seq.*

The information contained in the PAPF is available for the purpose of determining if persons are armed and prohibited from possessing firearms. Penal Code §30000, *et seq.* Conversely, the PAPF is also available for the purpose of determining if persons are armed and not prohibited by the very nature of the individual not appearing in the PAPF – but appearing in the Automated Firearm System as the registered owner of a firearm.

In fact, the California Department of Justice had determined alternative methods that

Page 14
BRANDON COMBS'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES
(1:11-CV-02137-AWI-SKO)

eliminate delays upon law-abiding firearm owners while ensuring public safety as early as 1991. In its AB 497 Alternative Feasibility Studies: Report of Findings (1991), the Department of Justice identified multiple methods of performing proper background checks such that the persons in prohibited categories would not be allowed to purchase a firearm from a licensed California firearm dealer while imposing minimal infringement on gun owners' rights to purchase and possess firearms. As I am a verifiable law-abiding firearm owner, there is no justifiable reason to delay my acquisition of a firearm I already own.

If I were required to wait 3 days between purchasing a firearm and taking delivery of a firearm, I would thereby be deprived of the use, custody, and control of my personal property. The delay would also deny me the ability to defend self, family, and home with said firearm that I already own; the hypothetical waiting period mandates a brief window of 27 days from which I must return to obtain physical possession of property that I already own, causing an additional increased 3 day delay and added expenses of Dealer Record of Sale fees, storage fees, and transportation fees when I am unavailable to take physical possession of the firearm within the 27 day window; causes increased travel expenses upon firearm purchases coinciding with distance from my home to the licensed firearm dealer premises due to the requirement that I must make a second trip to receive custody of the firearm purchased; limits my out-of-town purchases and gun show purchases; and limits the market of firearms available to areas I am willing to travel to twice during a period of at least 3 days and at most 30 days; causes added burden and expense of locating and paying another more local dealer who may be willing, but is not statutorily obligated, to process a firearms transfer originating at a competitor's licensed firearm dealer; and causes me to lose the opportunity cost of the time spent on the second trip to receive a firearm I already own.

**INTERROGATORY NO. 12**

If you contend that California Penal Code section 26815(a) would be unconstitutional if that law's "waiting period" (between purchase and delivery of a firearm) was five days, state all facts supporting this contention.

Page 15
BRANDON COMBS'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES
(1:11-CV-02137-AWI-SKO)

In fact, the California Department of Justice had determined alternative methods that eliminate delays upon law abiding firearm owners while ensuring public safety as early as 1991. In its AB 497 Alternative Feasibility Studies: Report of Findings (1991), the Department of Justice identified multiple methods of performing proper background checks such that the persons in prohibited categories would not be allowed to purchase a firearm from a licensed California firearm dealer while imposing minimal infringement on gun owners' rights to purchase and possess firearms. As I am a verifiable law-abiding firearm owner, there is no justifiable reason to delay my acquisition of a firearm I already own.

If I were required to wait 5 days between purchasing a firearm and taking delivery of a firearm, I would thereby be deprived of the use, custody, and control of my personal property. The delay would also deny me the ability to defend self, family, and home with said firearm that I already own; the hypothetical waiting period mandates a brief window of 25 days from which I must return to obtain physical possession of property that I already own, causing an additional increased 5 day delay and added expenses of Dealer Record of Sale fees, storage fees, and transportation fees when I am unavailable to take physical possession of the firearm within the 25 day window; causes increased travel expenses upon firearm purchases coinciding with distance from my home to the licensed firearm dealer premises due to the requirement that I must make a second trip to receive custody of the firearm purchased; limits my out-of-town purchases and gun show purchases; and limits the market of firearms available to areas I am willing to travel to twice during a period of at least 5 days and at most 30 days; causes added burden and expense of locating and paying another more local dealer who may be willing, but is not statutorily obligated, to process a firearms transfer originating at a competitor's licensed firearm dealer; and causes me to lose the opportunity cost of the time spent on the second trip to receive a firearm I already own.

**INTERROGATORY NO. 16**

Describe in full and complete detail all expenses that you have incurred to acquire firearms because of California Penal Code section 26815(a) and its "waiting period" (between

purchase and delivery of a firearm).

**RESPONSE TO INTERROGATORY NO. 16**

RESPONSE: I have lost the opportunity costs to engage in business and other activities during the time it took me for each and every second trip to the licensed firearms dealer to take possession, custody, and control of each firearm I own.

I have lost the opportunity to purchase firearms due to an inability to make a second trip.

I have incurred expenses, including shipping expenses, additional dealer transfer fees, increased firearm prices due to lack of local competition, additional fuel costs, wear and tear on my vehicle[s] necessary for a return trip to the licensed dealer to receive my firearm. On information and belief, I have spent approximately $1,500.00 on such expenses.

I have incurred additional costs of having to resubmit a Dealer Record of Sale application due to scheduling conflicts preventing me from returning to the store to receive my firearm within the temporary window of availability. Upon information and belief, I have spent approximately $100.00 on resubmission fees.

**INTERROGATORY NO. 17**

Describe in full and complete detail all expenses that you have incurred to acquire firearms because of California Penal Code section 27540 and its "waiting period" (between purchase and delivery of a firearm).

**RESPONSE TO INTERROGATORY NO. 17**

RESPONSE: I have lost the opportunity costs to engage in business and other activities during the time it took me for each and every second trip to the licensed firearms dealer to take possession, custody, and control of each firearm I own.

I have lost the opportunity to purchase firearms due to an inability to make a second trip.

I have incurred expenses, including shipping expenses, additional dealer transfer fees, increased firearm prices due to lack of local competition, additional fuel costs, wear and tear on my vehicle[s] necessary for a return trip to the licensed dealer to receive my firearm. On information and belief, I have spent approximately $1,500.00 on such expenses.

I have incurred additional costs of having to resubmit a Dealer Record of Sale application due to scheduling conflicts preventing me from returning to the store to receive my firearm within the temporary window of availability. Upon information and belief, I have spent approximately $100.00 on resubmission fees.

**INTERROGATORY NO. 18**

State the longest distance you have traveled, in the last 10 years, from your home to a licensed firearms retailer to acquire a firearm.

**RESPONSE TO INTERROGATORY NO. 18**

RESPONSE: Approximately 764 miles.

**INTERROGATORY NO. 19**

State the distances from your home, in miles, of the three licensed firearms dealers that are presently closest to your home.

**RESPONSE TO INTERROGATORY NO. 19**

OBJECTION: This request is so vague or ambiguous as to be burdensome or oppressive as to the meaning of "licensed firearm dealers." Moreover, Plaintiff would have to speculate as to the meaning of the phrase "licensed firearm dealers." This interrogatory provides no definition of what "licenses" or which category of "firearm dealers" this interrogatory refers to. Neither Department of Justice nor any other entity publishes a list or makes a list available of persons who are licensed under California law to transfer firearms – therefore it is impossible for me to know with any certainty who the three licensed firearm dealers that are presently closest to my home.

RESPONSE: Without waiving the above referenced objection, Plaintiff responds: To the best of my knowledge, and on information and belief, the three firearm retailers open to the public that are presently closest to my home are: PRK Arms, Spencer's Firearms, and Herb Bauer's Sporting Goods. The distances from these locations to my home are unknown.

**INTERROGATORY NO. 20**

State the name and World Wide Web address of each Internet seller of firearms from

BRANDON COMBS'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES
(1:11-CV-02137-AWI-SKO)

# VERIFICATION

BRANDON COMBS declares:

1. I am a plaintiff in the above-captioned action;
2. I have read the foregoing "PLAINTIFF BRANDON COMBS'S RESPONSE TO DEFENDANT KAMALA D. HARRIS'S FIRST SET OF INTERROGATORIES" ("The Response") and know its contents. I am informed and believed that the matters set forth in the Response are true and accurate, and on that ground I allege, to the best of my knowledge and information, that the matters therein stated are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Verification was executed on January 28, 2013, at MADERA, California.

_____
BRANDON COMBS