Victor J. Otten (SBN 165800)
vic@ottenandjoyce.com
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225

Donald E.J. Kilmer (SBN 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Phone: (408) 264-8489
Fax: (408) 264-8487

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SILVESTER, MICHAEL POESCHL, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization, <br><br> Plaintiffs, <br><br> v. <br><br> KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20. | Case No. 1:11-cv-02137-AWI-SKO <br><br> **RESPONSE TO OBJECTIONS OF DEFENDANT KAMALA D. HARRIS TO PLAINTIFFS' SEPARATE STATEMENT OF FACTS IN OPPOSITION TO DEFENSE MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing Date: October 28, 2013 <br> Hearing Time: 1:30 pm <br> Trial date: March 25, 2014 <br> Action filed: December 23, 2011 |

1

Under Federal Rules of Civil Procedure, Plaintiffs Jeff Silvester ("Silvester"), Michael Poeschl ("Poeschl"), Brandon Combs ("Combs"), The Calguns Foundation, Inc., a nonprofit organization ("Calguns"), and The Second Amendment Foundation ("SAF"), a nonprofit organization, submits the following responses to objections to the separate statement of facts in opposition to summary judgment submitted herein by Defendant Kamala Harris, Attorney General of California (in her official capacity).

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| 4. Requirement to wait 10 days deprives Plaintiffs of the use, custody, control and ability to defend self, family and home; it mandates a brief window of 20 days from which Plaintiffs must return to obtain physical possession of property that Plaintiffs already own (See Combs' and Silvester's | This statement is an assertion of fact because the statute explicitly states that there is a 10 day waiting period. It is material because it demonstrates the burden the statute puts on firearm purchaser who already lawfully possesses a gun. | An error occurred and Combs' response to special interrogatory no. 7. It will be added to evidence through a Notice of Errata. Plaintiff's statement is relevant because the statute serves no purpose and is unduly burdensome. Combs and Silvester have personal knowledge. The statement is not |

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| Response to Special Interrogatories #7) | | confusing or misleading, since it states persons must wait to obtain possession of a gun. |
| 5. Plaintiffs are forced to incur expenses including: opportunity costs to engage in business and other activities during the each and every time Plaintiffs have to make a second trip to the licensed firearms dealer to take possession, custody, and control of each firearm, lost opportunity to purchase firearms due to an inability to make a second trip, additional | Statement is material because it shows the burden the statute puts on purchasers of firearms. | The statement is relevant because it demonstrates the unnecessary burden the statute places on gun purchasers. The foundation exists from Poeschl's, Calguns, and SAF's Response to First Set of Interrogatories #10 - 15. The statement is not confusing or misleading, since it is a straightforward account of how plaintiffs are injured by the statute. |

Response to Objections of Defendant Kamala D. Harris

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| shipping expenses, additional dealer transfer fees, increased firearm prices due to lack of local competition, additional fuel costs, additional wear and tear on Plaintiff's vehicles necessary for a return trip to the licensed dealer to retrieve a firearm Plaintiffs already own, and additional costs of having to resubmit a DROS application due to scheduling conflicts preventing Plaintiffs from returning to the store to retrieve the firearm within the | | |

4

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| temporary window of availability. (See e.g. Responses to Special Rogs. #16-17 for Combs, and Silvester). | | |
| 6. When purchasing a firearm, Plaintiffs go through a background check at the state and federal levels (See Deposition Transcript of Second Amendment Foundation (FRE 602), through Alan Gottlieb ("SAF Depo.") p.80, line 19 - p.81, line 3). | Statement is material because there are levels of background checks. | An error occurred in citation. The proper citation is: (SAF Depo. P. 79, line 18 - p.80, line 3). Evidence is relevant because it makes it more probable that not that the statute serves no purpose and is unduly burdensome. It is relevant to the judicial level of scrutiny applied. The deponent has personal knowledge of the background checks. |
| 7. At the State level, | Statement is material | Evidence is relevant |

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| the California Attorney General maintains an online database called the Prohibited Armed Persons File ("PAPF"). (Combs' Response to Special Interrog. No. 10; See also Penal Code §30000 *et seq.*). | because it goes toward the argument that the 10-day period is unnecessary. The Attorney General has argued it needs 10 days to run a background database; however, the PAPF allows the background checks to be conducted instantly. Furthermore, for plaintiffs who have previously purchased a gun, the 10-day waiting period--intended as a "cooling off period"--is irrelevant because plaintiff already has a gun. | because it makes it more probable that not that the statute serves no purpose and is unduly burdensome. It is relevant because it goes toward the argument that the 10-day period is unnecessary. Combs has personal knowledge of the existence of PAPF and the Penal Code section 30000 *et seq.* |
| 8. The information contained in the PAPF is available for the | Statement is material because it goes toward the argument that the 10-day | Evidence is relevant because it makes it more probable that not that the |

6

Response to Objections of Defendant Kamala D. Harris

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| purpose of determining if persons are armed and prohibited from possessing firearms. (Combs' Response to Special Interrog. No. 10; See also Penal Code § 30000 *et seq.*). | period is unnecessary. The Attorney General has argued it needs 10 days to run a background database; however, the PAPF allows the background checks to be conducted instantly. Furthermore, for plaintiffs who have previously purchased a gun, the 10-day waiting period-- intended as a "cooling off period"--is irrelevant because plaintiff already has a gun. | statute serves no purpose and is unduly burdensome. It is relevant because it goes toward the argument that the 10-day period is unnecessary. Combs has personal knowledge of the existence of PAPF and the Penal Code §30000 part B. |
| 9. At the federal level, the National Instant Check System (NICS) is controlled by the Federal Bureau of | Statement is material because it goes toward the argument that the 10-day period is unnecessary. The Attorney General has | Evidence is relevant because it makes it more probable that not that the statute serves no purpose and is unduly |

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| Investigation (FBI). (See, e.g. Combs' and Silvester's Response to Special Interrog. No. 11). | argued it needs 10 days to run a background database; however, the PAPF allows the background checks to be conducted instantly. Furthermore, for plaintiffs who have previously purchased a gun, the 10-day waiting period--intended as a "cooling off period"--is irrelevant because plaintiff already has a gun. | burdensome. It is relevant because it goes toward the argument that the 10-day period is unnecessary. Combs and Silvester have personal knowledge of the existence of National Instant Check System (NCIS), which is run by the Federal Bureau of Investigation (FBI). |
| 10. The information in the databases that are used to conduct background checks can be accessed immediately. (See, e.g. SAF Depo., p. 81, lines | Statement is material because it goes toward the argument that the 10-day period is unnecessary. The Attorney General has | Evidence is relevant because it makes it more probable that not that the statute serves no purpose and is unduly burdensome. It is relevant because it goes |

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| 13-20). | argued it needs 10 days to run a background database; however, the PAPF allows the background checks to be conducted instantly. Furthermore, for plaintiffs who have previously purchased a gun, the 10-day waiting period--intended as a "cooling off period"--is irrelevant because plaintiff already has a gun. | toward the argument that the 10-day period is unnecessary. The deponent has personal knowledge of the existence of National Instant Check System (NCIS), which is run by the Federal Bureau of Investigation (FBI). (See SAF Depo p. 22, line 3 - 22). Statement is not confusing or misleading because it explains that a 10-day delay occurs, even when unnecessary. |
| 11. Defendants deliberately make background checks go ten days even though the information used in background checks to | Statement is a fact because background checks have gone on for ten days despite the Attorney General's ability to instantly access | Evidence is relevant because it makes it more probable that not that the statute serves no purpose and is unduly burdensome. The |

9

Response to Objections of Defendant Kamala D. Harris

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| determine eligibility to purchase a firearm can be accessed instantaneously. (See, e.g. SAF Depo., p. 81, lines 4-12, and p. 86, line 23-p.87 line 6). | Plaintiff's records. Statement is material because it goes toward the argument that the 10-day period is unnecessary. The Attorney General has argued it needs 10 days to run a background database; however, the PAPF allows the background checks to be conducted instantly. Furthermore, for plaintiffs who have previously purchased a gun, the 10-day waiting period-- intended as a "cooling off period"--is irrelevant because plaintiff already has a gun. | deponent has personal knowledge of the existence of National Instant Check System (NCIS), which is run by the Federal Bureau of Investigation (FBI). (See SAF Depo p. 22, line 3 - 22). Statement is not confusing or misleading because it explains that a 10-day delay occurs, even when unnecessary. |
| 12. California's gun | Statement is material | Evidence is relevant |

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| homicide rates continue to be higher than similarly situated states, e.g. Texas, that do not have a waiting period. (See, e.g. Hoffman Depo., p. 99, lies 5-12, and p. 102, line 5-p.103 line 5). | because it goes toward the argument that the 10-day period is unnecessary. Statement shows that the 10-day waiting period, intended as a cooling off period, is not necessarily effective in achieving its purpose. | because it makes it more probable that not that the statute serves no purpose and is unduly burdensome. It is relevant because it goes toward the argument that the 10-day period is unnecessary. Deponent has personal knowledge. Statement is not confusing or misleading because it explains that California's gun homicide rate is lower than other state's. |
| 13. There is no evidence that the 10-Day "cooling off period" effectively deters crime. (See, e.g., | Deponent has not yet found evidence that a 10-day "cooling off period" effectively deters crime. | Evidence is relevant because it makes it more probable that not that the statute serves no purpose and is unduly |

11

Response to Objections of Defendant Kamala D. Harris

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| Hoffman Depo., p. 103). | | burdensome. It is relevant because it goes toward the argument that the 10-day waiting period is unnecessary. Deponent has personal knowledge. Statement is not an improper opinion nor misleading nor confusing because Hoffman has not yet found evidence that a 10-day "cooling off period" effectively deters crime. |
| 14. Because of California's 10-day wait period, a purchaser of a firearm *must* make multiple trips before taking possession. (Hoffman | Statement is a fact because plaintiff must make multiple trips gun store. Statement is not immaterial because it costs the clients money and time. | Evidence is relevant because it makes it more probable that not that the statute serves no purpose and is unduly burdensome on clients in terms of time and cost. |

12

Response to Objections of Defendant Kamala D. Harris

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| Depo., p. 117). | | Deponent has personal knowledge for stating that persons make multiple trips before taking possession. |
| 15. The 10-day waiting period has proven to be a hindrance by preventing people from effectively defending themselves. (Hoffman Depo., p. 134, and 137-138). | Statement is not an opinion because a 10-day waiting period is a hindrance for people obtaining guns and prevents an individual from protecting him/herself during the waiting period. Statement is not immaterial because it goes to a core fundamental right of self-defense. | Evidence is relevant because it makes it more probable that not that the statute serves no purpose and is unduly burdensome. It is relevant because it goes toward the argument that the 10-day waiting period is unnecessary. Deponent has foundation. (See Hoffman Depo., p. 141, line 2 - p. 143, line 6). It is not an improper opinion nor confusing |

13

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| | | nor misleading because an ability to possess a gun leaves the owner more vulnerable during the waiting period. |
| 16. The time period of 10 days to conduct a background check is arbitrarily set by the legislature. (See, e.g., Hoffman Depo., p. 151, lines 23-25). | It is not an opinion because there is no evidence that 10 days specifically is a sufficient time for an individual to cool down and background checks can be conducted instantaneously. Statement is material because it goes toward the argument that the 10-day period is unnecessary. Statement shows that the 10-day waiting period, intended as a cooling off | Evidence is relevant because it makes it more probable that not that the statute serves no purpose and is unduly burdensome. It is relevant because it goes toward the argument that the 10-day waiting period is unnecessary. The deponent has personal knowledge of the 10-day waiting period. It is not an improper opinion, nor confusing, nor |

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| | period, is not necessarily effective in achieving its purpose. | misleading because there is no evidence that 10 days specifically is a sufficient time for an individual to cool down and background checks can be conducted instantaneously. |
| 17. For a person who has been through the 10-day waiting period once, California can check to see if that person appears on the Armed Prohibited Persons List and thereby make a decision about whether the person should be allowed to obtain an additional firearm. | This statement is a fact and not an argument because all the databases used to make the determination are available online and can be accessed instantaneously to make a determination. The statement is not immaterial because the 10-day waiting period is unnecessary when current | Evidence is relevant because it makes it more probable that not that the statute serves no purpose and is unduly burdensome. It is relevant because it goes toward the argument that the 10-day waiting period is unnecessary. Deponent has personal knowledge, forming a foundation, of Penal |

15

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| (Hoffman Depo., p. 153- lines 18-24). (sic) | technology allows California instantly to know whether a person is fit to own a firearm. | Code §30000 pertaining to the 10-day waiting period. Statement is not confusing and/or misleading because it describes PAPF, a government database. |
| 18. Where the need to acquire a firearm is more urgent the 10-day waiting period effectively prevents individuals from being able to defend themselves. (See, e.g., Hoffman Depo., p. 134). | Statement is a fact, not an argument or opinion, because logic dictates that if a firearm is necessary for defense during the 10-day period, self-defense is inhibited. The statement is not immaterial because it goes toward the Second Amendment right to own guns--a right that is even more pronounced in its necessity during times when individuals need, | Evidence is relevant because it makes it more probable that not that the statute serves no purpose and is unduly burdensome. It is relevant because it goes toward the argument that the 10-day waiting period is unnecessary. The deponent has personal knowledge, forming a foundation, of Penal Code §30000 |

| Plaintiff's Additional Material Disputed and Undisputed Facts and Supporting Evidence | Response to Objections | Response to Evidentiary Objections |
|---|---|---|
| | and are unable, to defend themselves. | pertaining to the 10-day waiting period. It is not an improper opinion because logic dictates that if a firearm is necessary for defense during the 10-day period, self-defense is inhibited. Statement is not confusing and/or misleading because it explains that firearms may be necessary for self-defense in 10 days. |

DATED: November 1, 2013

Otten & Joyce, LLP

Victor J. Otten
Attorneys for Plaintiffs

17