Victor J. Otten (SBN 165800)
vic@ottenandjoyce.com
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225

Donald E.J. Kilmer (SBN 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Phone: (408) 264-8489
Fax: (408) 264-8487

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20.<br><br>Defendants. | Case No. 1:11-cv-02137-AWI-SKO<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT** |

## I. INTRODUCTION

Plaintiffs Jeff Silvester, Brandon Combs, The Calguns Foundation, Inc., and The Second Amendment Foundation, Inc. submit this supplemental brief in support of their Opposition to Defendant's Motion for Summary Judgment to bring the court's attention to a pivotal case recently decided by the Ninth Circuit, U.S. v. Chovan, No. 11-50107, 2013 WL 6050914 (C.A. 9 (Cal.) Nov. 18, 2013).

As stated in the prior briefs submitted by the parties, at the time of the briefing, the 9th Circuit had not yet decided on the form of scrutiny to apply to restrictions on the right to keep and bear arms. In Chovan, the 9th Circuit Court adopts the two step Second Amendment inquiry undertaken by the Third, Fourth, Seventh, Tenth, and D.C. Circuits. Id. at *8. First, it must be determined whether the challenged law burdens conduct protected by the Second Amendment, and second, if it does, the district court is directed to apply an appropriate level of scrutiny. Id. The Chovan court opines that if a challenged law burdens Second Amendment rights, "some sort of heightened scrutiny must apply." Id. at *9. An intermediate level of scrutiny is applied in Chovan. Id. at *10.

As described below, Plaintiffs request this court apply this case in connection with its ruling on Defendant's Motion for Summary Judgment.

## II. FACTS IN CHOVAN

Daniel Chovan was convicted of corporal injury on a spouse in 1996. In 2009, he attempted to buy a gun and was denied. Although at the time he applied, Chovan could legally possess a firearm under California law (as ten years had passed since his domestic violence conviction), he was barred for life under 18 U.S.C. § 922(g)(9). Id. at *1.

Upon further investigation, the FBI found videos depicting Chovan and others shooting rifles and conducting mock "border controls" near the United States—Mexico border. Id. at *2. The FBI ultimately found and confiscated four firearms from Chovan's home, and he was arrested and charged with knowingly

possessing a firearm in violation of § 922(g) and making a false statement in the acquisition of a firearm. Id. Chovan moved to dismiss the first count contending, in part, that § 922(g)(9) is an unconstitutional violation of the Second Amendment.[1] Id.

## III.  COURT'S ANALYSIS AND HOLDING IN CHOVAN

The Chovan court acknowledges that the constitutionality of § 922(g)(9) is a question of first impression for the Ninth Circuit. Id. at *5. The court begins by analyzing the different approaches taken by other Circuits in upholding § 922(g)(9), and ultimately adopts the two-step Second Amendment inquiry undertaken by the Third, Fourth, Seventh, Tenth, and D.C. Circuits. Id. at *8. The court states: "[t]he two-step Second Amendment inquiry we adopt (1) asks whether the challenged law burdens conduct protected by the Second Amendment and (2) if so, directs courts to apply an appropriate level of scrutiny." Id. citing U.S. v. Chester, 628 F.3d 673, 680 (4th Cir. 2010), U.S. v. Marzzarella, 614 F.3d 85, 89 (3d Cir. 2010).

### A.  Step One of the Inquiry

As for the first step of the inquiry, the Chovan court concludes that by prohibiting domestic violence misdemeanants from possessing firearms, § 922(g)(9) burdens rights protected by the Second Amendment. Id. The court states, "Section 922(g)(9) is not mentioned in Heller. The government argues that § 922(g)(9) is a presumptively lawful regulatory measure and does not burden rights historically understood to be protected by the Second Amendment. According to the government, § 922(g)(9) is part of a 'long line of prohibitions and restrictions on the right to possess firearms by people perceived as dangerous or violent'." Id.

The court disagrees noting that "it is not clear that such prohibitions are so longstanding." Id. The first federal firearm restrictions regarding violent offenders

---

[1] Chovan challenged the charge on other grounds which are not relevant here and therefore will not be discussed.

were not passed until 1938, as part of the Federal Firearms Act. Domestic violence misdemeanants would not be restricted from possessing firearms under the Federal Firearms Act. Domestic violence misdemeanants were not restricted from possessing firearms until 1996, with the passage of the Lautenberg Amendment to the Gun Control Act of 1968. Id.

> The court states:
>
> Because of "the lack of historical evidence in the record before us, we are certainly not able to say that the Second Amendment, as historically understood, did not apply to persons convicted of domestic violence misdemeanors. We must assume, therefore, that [Chovan]'s Second Amendment rights are intact and that he is entitled to some measure of Second Amendment protection to keep and possess firearms in his home for self-defense." Id. *9 citing Chester, 628 F.3d at 681–82.

The court moves on to the second step of the inquiry determining the first step has been met.

### A.   Step Two of the Inquiry

The Chovan court states, "[i]n Heller, the Supreme Court did not specify what level of scrutiny courts must apply to a statute challenged under the Second Amendment. The Heller Court did, however, indicate that rational basis review is not appropriate." Id. citing District of Columbia v. Heller, 554 U.S. 570, 628 n. 27 (2008). The Chovan court goes on to conclude that as 922(g)(9) burdens Second Amendment rights, "some sort of heightened scrutiny must apply. Id.

The court then looks to the First Amendment as a guide stating, "the level of scrutiny in the Second Amendment context should depend on 'the nature of the conduct being regulated and the degree to which the challenged law burdens the right.'" Id. quoting Chester, 628 F.3d at 682. " More specifically, the level of scrutiny should depend on (1) 'how close the law comes to the core of the Second

Amendment right,' and (2) 'the severity of the law's burden on the right.' Id. quoting Ezell v. City of Chicago, 651 F.3d 684, 701–04 (7th Cir. 2011).

The court determines that Chovan's right to possess a firearm in the home for self-defense is not within the core rights identified in Heller—*the right of law-abiding, responsible citizens to possess and carry firearms*—by virtue of his criminal history as a domestic violence misdemeanant. Id. The court, does, however determine the burden on domestic violence misdemeanants' rights as substantial. Id. at 10. Thus the Chovan court concludes intermediate scrutiny is the proper standard to apply in connection with § 922(g). Id.

The court goes on to apply the intermediate scrutiny standard, holding that § 922(g) survives intermediate scrutiny both on its face and as applied to Chovan. Id.

## IV.  APPLICABILITY OF CHOVAN TO THE INSTANT CASE

Plaintiffs here were all subject to a ten day waiting period under Penal Code sections 26815 and 27510. Plaintiffs contend that under Chovan and the Chovan court's application of Heller, the first prong of the inquiry has been met as the state laws burden rights protected by the Second Amendment.

Under the second prong of the inquiry, *the minimal level* of scrutiny this court must apply here is an intermediate level of scrutiny. Unlike the defendant in Chovan, however, Plaintiffs here ARE law abiding responsible citizens as defined by Heller—not domestic violence misdemeanants. Plaintiffs have all previously purchased firearms or possess a state license. To that extent, a core right is involved. Therefore, as argued in detail in Plaintiff's Opposition, the strict scrutiny level of review should be imposed.

/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

Based on the foregoing, Plaintiffs request this court apply the holding in <u>Chovan</u> to the facts in this case in considering Defendant's Motion for Summary Judgment.

DATED: November 22, 2013

OTTEN & JOYCE, LLP

Victor Otten, Esq.
Attorneys for Plaintiffs