Victor J. Otten (SBN 165800)
vic@ottenandjoyce.com
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225

Donald E.J. Kilmer (SBN 177986)
Law Offices of Donald Kilmer
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, CA 92125
Phone: (408) 264-8489
Fax: (408) 564-8487
Email: Don@DKLawOffice.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA HARRIS, Attorney General of California, and DOES 1 to 20,<br><br>Defendants. | Case No. 1:11-CV-2137 AWI SAB<br><br>(JOINT) PRETRIAL CONFERENCE STATEMENT |

Plaintiffs JEFF SILVESTER, et al., having met and conferred with the attorney representing Defendant KAMALA HARRIS, submits this Pre-trial Statement pursuant to ED CA Rule 281 (Fed. R. Civ. P. 16).

**1. Jurisdiction – Venue.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331, 1343, 2201, 2201, and 42 U.S.C. section 1983.

Kamala D. Harris, the Attorney General of California (the "Attorney General"), does not dispute that jurisdiction and venue are proper here.

2. **Jury – Non-Jury.** No party, including the Attorney General, has demanded a jury trial. No party is entitled to a jury trial of this matter, in which only injunctive relief is sought.

3. **Undisputed Facts.** The parties agree to the following undisputed facts:

(a) At all relevant times, one effect of the Waiting Period law has been that all California residents lawfully purchasing firearms must wait a minimum of 10 days between applying to purchase the firearms and receiving delivery of them (unless the purchasers are statutorily exempt from the waiting period);

(b) At all relevant times, Plaintiff Jeff Silvester ("Silvester") has owned at least one firearm;

(c) At all relevant times, Brendon Combs ("Combs") has owned at least one firearm.

4. **Disputed Factual Issues.** It is anticipated that the following facts are in dispute:

(a) The DOJ needs at least 10-days to conduct every background check;

(b) A minimum 10-day "cooling off" period is necessary;

(c) Requirement to wait 10-days deprives Plaintiffs of the use, custody, control and ability to defend self, family and home; it mandates a brief window of 20 days from which Plaintiffs must return to obtain physical possession of property that Plaintiffs already own;

(d) Plaintiffs are forced to incur expenses including: opportunity costs to engage in business and other activities during the each and every time Plaintiffs have to make a second trip to the licensed firearm dealer to take possession, custody and control of each firearm, lost opportunity to purchase firearms due to an inability to make a second trip, additional shipping expenses, additional dealer transfer fees,

increased firearm prices due to lack of local competition, additional fuel costs, additional wear and tear on Plaintiffs' vehicles necessary for a return trip to the licensed dealer to retrieve a firearm Plaintiffs already own, and additional costs of having to resubmit a DROS application due to scheduling conflicts preventing Plaintiffs from returning to the store to retrieve the firearm within the temporary window of availability;

The following facts are disputed as submitted by Defendants:

1. Whether Silvester has lacked a firearm with which to defend himself in his home, at any relevant time.

2. Whether Combs has lacked a firearm with which to defend himself in his home, at any relevant time.

3. Whether Silvester has, by law, been unable to have sufficient firearm weaponry with which to defend himself in his home, at any relevant time.

4. Whether Combs has, by law, been unable to have sufficient firearm weaponry with which to defend himself in his home, at any relevant time.

5. Whether Silvester has been unduly burdened or merely inconvenienced by the Waiting Period Law in acquiring firearms.

6. Whether Combs has been unduly burdened or merely inconvenienced by the Waiting Period Law in acquiring firearms.

7. Whether the ability of most people to acquire firearms very quickly, i.e., within about 10 days of deciding to obtain them, was historically understood to be within the scope of the Second Amendment to the U.S. Constitution.

8. Whether the State of California ("California"), through its Bureau of Firearms ("BOF"), could complete, and communicate to interested persons, the results of statutorily-required background checks on prospective firearms purchasers, who previously have been through the waiting period imposed by the Waiting Period Law for other firearms purchases, essentially instantaneously after

BOF receives the prospective purchasers' Dealer Record of Sale ("DROS") applications for the current proposed purchases.

9. Whether California's rates of firearm-related deaths, with the Waiting Period Law, can be legitimately compared to the same types of rates in other U.S. states that do not have waiting-period laws affecting purchases of firearms.

10. How California's rates of firearm-related deaths, with the Waiting Period Law, compare to the same types of rates in other U.S. states that do not have waiting-period laws affecting purchases of firearms.

11. Whether it is possible to determine accurately what effects, if any, "cooling off" periods affecting firearms purchases have on rates of firearm-related deaths.

12. What effects, if any, cooling-off periods affecting firearms purchases have on rates of firearm-related deaths.

13. Whether the California Legislature arbitrarily and/or irrationally selected 10 days, as opposed to some other period of time, as the current waiting period in the Waiting Period Law.

14. What other rationales and facts justify the 10-day waiting period in the Waiting Period Law.

**5. Disputed Evidentiary Issues.** Plaintiffs will dispute the following issues:

(a) Plaintiffs will dispute Defendants' request for judicial notice of studies, books or other evidence pertaining to the effectiveness of the "cooling off period;"

(b) Plaintiffs will object to the introduction of any expert witness testimony as neither of the parties have disclosed, received written reports or deposed experts.

(c) Plaintiffs reserve the right to tender rebuttal experts if the Defendants tender any lay opinion testimony based on their status as a government agency;

(d) Plaintiffs will attempt to exclude any studies that the Defendant attempts to admit into evidence related to the issue of the necessity of the 10-day waiting

period.

Defendants contend the following issues will likely be disputed:

(1) whether certain witnesses have personal knowledge and experiences making them competent to testify as to certain facts and/or opinions;

(2) which party bears the burden of proof with respect to bolstering or undermining the rationales and justifications for the Waiting Period Law;

(3) whether it is appropriate for the Court to take judicial notice of certain materials reflecting, positively or negatively, on the rationales and justifications for the Waiting Period Law. If there are such disputes, and they are significant, they probably should be resolved by written motions in limine.

**6. Special Factual Information in Certain Actions.** None applicable.

**7. Relief Sought.** Plaintiffs' request judgment entered in their favor against Defendants as follows:

(a) An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons who receive action notice of the injunction, from enforcing Penal Code sections 26815 and 27540 as against those persons that may lawfully possess and acquire a firearm and possess proof of firearms possession or ownership in their name within the State of California from enacting, publishing, promulgating, or otherwise enforcing policies, rules, or procedures prohibiting or otherwise restricting the immediate delivery of firearms to Plaintiffss and individuals similarly situated (i.e., persons in possession of a current Certificate of Eligibility and/or a license to carry a concealed firearm) upon completion of a background check at the point of sale indicating that they may own, possess and acquire firearms;

(b) Attorney fees and costs pursuant to 42 U.S.C. section 1988;

(c) Declaratory relief consistent with the injunction;

(d) Costs of suit; and

(e) Any other relief as the Court deems just and appropriate.

The Attorney General seeks to have Plaintiffs' prayer for injunctive and any other relief denied in full.

**8. Points of Law.** Plaintiffs assert their claims based on the following points of law:

Point of Law 1: California Penal Code §§ 26815 and 27540, which imposes a 10-day waiting period between the purchase and delivery of a firearm, violates the Second Amendment facially and as applied to individuals who: (1) are not prohibited from acquiring or possessing firearms, and (2) who currently possess registered firearms and/or who hold certain valid state licenses that require the successful passage of background checks.

Point of Law 2: The eighteen exceptions to the 10-day waiting period violate the Fourteenth Amendment's Equal Protection Clause.

Relevant cases and statutes:

(1) The Second Amendment of the United States Constitution;

(2) The Fourteenth Amendment of the United State Constitution;

(3) 18 U.S.C. § 922(a)(3);

(4) 28 U.S.C. §§ 1331, 1343, 1391, 2201;

(5) 42 U.S.C. §§ 1983, 1988;

(6) The Brady Handgun Prevention Act (Pub.L. 103-159, 107 Stat. 1536);

(7) California Penal Code §§ 11106, 16520, 18900, 21740, 26150, 26185, 26195, 26815, 26950, 26955, 26960, 26965, 26970, 27000, 27005, 27050, 27055, 27060, 27065, 27100, 27105, 27110, 27115, 27120, 27125, 27130, 27135, 27140, 27540, 27600, 27605, 27610, 27615, 27650, 27665, 27655, 27660, 27665, 27670, 27700, 27705, 27710, 27715, 27720, 27725, 27735, 27740, 27743, 27745, 27750, 28200, 28220, 28255, 29800, 29900, *et seq.*, 30000, *et seq.* 30500, *et seq.*, 32650, *et seq.* 32700, 33300;

(8) California Code of Regulation § 4036(b);

(9) California Welfare and Institutions Code §§ 8100 an 8103;

(10) 56 UCLA L. Rev. 1343, 1376 (2009);

(11) California Assembly Bill 500;

(12) *Board of Trustees v. Fox*, 492 U.S. 469, 480, 491 U.S. at 782-83 (1980);

(13) *Citizens United v. FEC*, 538 U.S. 310, 130 S. Ct. 876, 898 (1996);

(14) *City of Cleburne v. Cleburne Living Ctr.*, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996);

(15) *Clark v. Jeter*, 286 U.S. 570, 624-25 (1988);

(16) *District of Columbia v. Heller*, 554 U.S. 570, 630 (2008);

(17) *Mcdonald v. Chicago*, 130 S. Ct. 3020, 3036 (2010);

(18) *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992);

(19) *Planned Parenthood v. Casey*, 833 U.S. 833, 873-74 (1992);

(20) *Ward v. Rock Against Racism*, 434 U.S. 781, 791 (1989);

(21) *Zablocki v. Redhail*, 434 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1986);

(22) *Romer v. Evans*, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996);

(23) *Shapiro v. Thomspom*, 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969);

(24) *Anderson v. City of Hermosa Beach*, 621 F.3d 1051 (9th Cir. 2010);

(25) *Barns-Wallace v. City of San Deigo*, 704 F.3d 1067, 1084 (9th Cir. 2013);

(26) *Ezell v. Chicago*, 651 F.3d 684 (7th Cir. 2011);

(27) *Fantasyland Video, Inc. v. County of San Deigo*, 505 F.3d 996, 1004 (9th Cir. 2007);

(28) *Kasler v. Lockyer*, 23 Cal.4th 472 (2000);

(29) *Moore v Madigan*, 702 F.3d 933 (9th Cir. 2012);

(30) *Nat'l Rifle Ass'n of Am. V. Bureau of Alcohol, Tobacco, Firearms and*

1 *Explosives*, 700 F.3d 185, 194-95 (5th Cir. 2012);

2    (31) *Nissan Fire and Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1105-6

3 (9th Cir. 2000).

4    (32) *Nordyke v. King*, 681 F.3d 1041, 1043 (9th Cir. 2012) (en banc.);

5    (33) *Reed v. Town of Gilbert*, 707 F.3d 1057, 1074 n.16 (9th Cir. 2013);

6    (34) *Silveira v. Lockyer*, 312 F.3d 1052, 1087 (9th Cir. 2002);

7    (35) *Stop H-3 Ass'n v. Dole*, 870 F.2d 1419, 1429 n.18 (9th Cir. 1989);

8    (36) *U.S. v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010);

9    (37) *U.S. v. Decastro*, 682 F.3d 160, 164 (2d Cir. 2012);

10    (38) *U.S. v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010);

11    (39) *U.S. v. Reese*, 627 F.3d 792, 800-01 (10th Cir. 2010);

12    (40) *People v. Bickston*, 91 Cal.App3d.Supp. 29 (1979);

13    (41) *U.S. v. Chovan*, No. 11-50107, 2013 WL 6050914 (C.A. 9 (Cal.) Nov.

14 18, 2013).

15    Defendants assert their defense based on the following points of law:

16    Issue No. 1: Whether the Waiting Period Law unconstitutionally burdens the

17 historically understood Second Amendment right of people who must go through

18 the waiting period in connection with firearms acquisition transactions, after having

19 previously gone through the waiting period in connection with other firearms

20 acquisition transactions in California.

21    Points of Law for Issue No. 1: The Waiting Period Law imposes at most an

22 inconvenience or a minor burden on people in acquiring firearms, and does not

23 have constitutional significance. The Second Amendment right was not historically

24 understood to mean that people could acquire firearms essentially instantaneously.

25 Sources of law: *See, e.g., McDonald v. Chicago*, 130 S.Ct. 3020 (2010); *District of*

26 *Columbia v. Heller*, 554 U.S. 570 (2008); *Burdick v. Takushi*, 504 U.S. 428 (1992);

27 *Zablocki v. Redhail*, 434 U.S. 374 (1978); *Town of Lockport v. Citizens for*

28

7

JOINT PRETRIAL CONFERENCE STATEMENT

*Community Action at Local Level, Inc.*, 430 U.S. 259 (1977); *Burns v. Fortson*, 410 U.S. 686 (1973); *People of State of N.Y. v. O'Neill*, 359 U.S. 1 (1959); *Ala. State Fed. of Labor, Local Union No. 103 v. McAdory*, 325 U.S. 450 (1945); *Robinson v. Marshall*, 66 F.3d 249 (9th Cir. 1995); *U.S. ex rel. Madden v. Gen. Dynamics Corp.*, 4 F.3d 827 (9th Cir. 1993); *Karlin v. Foust*, 188 F.3d 446 (7th Cir. 1999) *Dittus v. Cranston*, 186 Cal. App. 2d 837 (1960).

Issue No. 2: If the Waiting Period Law is found to burden the Second Amendment right, in the way just discussed, what level of heightened scrutiny the Court should use in evaluating the constitutionality of the Waiting Period Law, based on how close the Waiting Period Law comes to the core of the Second Amendment right, and the severity of the burden on the right.

Points of Law for Issue No. 2: If heightened scrutiny is called for in evaluating the Waiting Period Law, the level of scrutiny should be a permissive form of intermediate scrutiny, close to rational-basis review, and certainly not strict scrutiny. Because the Waiting Period Law does not confiscate or otherwise affect firearms that people, such as the individual plaintiffs herein, already lawfully have, the Waiting Period does not come close to the core Second Amendment right. Because the Waiting Period Law merely delays, for a short time, people's acquisition of firearms, the burden of the law is not severe. Sources of law: See, e.g., cases cited above, as well as *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 203); *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996 (9th Cir. 2007); *Coyote Publ'g v. Miller*, 598 F.3d 592 (9th Cir. 2010); *Ass'n of Nat'l Advertisers, Inc. v. Lungren*, 44 F.3d 726 (9th Cir. 1994); *Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013); *Peterson v. Martinez*, 707 F.3d 1197 (10th Cir. 2013); *Heller v. District of Columbia*, 670 F.3d 1244 (D.C. Cir. 2011); *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011); *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011); *United States v. Marzzarella*, 614 F.3d 85 (3d Cir. 2010); *United States v. White*, 593 F.3d

1199 (11th Cir. 2010); *Young v. Hawaii*, 911 F. Supp. 2d 972 (D. Haw. 2012); *Doe v. Wilmington Housing Auth.*, 880 F. Supp. 2d 513 (D. Del. 2012).

Issue No. 3: If the Waiting Period Law is found to burden the Second Amendment right, in the way just discussed, whether there is a sufficient relationship or "fit" between the Waiting Period Law and California's objective of minimizing firearm violence and thereby increasing public safety.

Points of Law for Issue No. 3: If heightened scrutiny is called for in evaluating the Waiting Period Law, the 10-day waiting period will be justifiable because of the time needed to complete meaningful background checks and investigations of prospective firearms purchasers, and the efficacy of "cooling off" periods in helping to achieve California's compelling interest in public safety. Sources of law: See, e.g., cases cited above, as well as *United States v. Call*, 874 F. Supp. 2d 969 (D. Nev. 2012); *Peruta v. County of San Diego*, 758 F. Supp. 2d 1106 (S.D. Cal. 2010); *Jackson v. Dep't of Justice*, 85 Cal. App. 4th 1334 (2001).

Issue No. 4: Whether the statutory exemptions to the Waiting Period Law differentiate between people in ways that are impermissible under the Fourteenth Amendment's Equal Protection Clause.

Points of Law for Issue No. 4: The exemptions serve to tailor the Waiting Period Law and thus bolster its constitutionality. The exemptions all have sufficient justifications. Sources of Law: See, e.g., cases cited above, as well as *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Vacco v. Quill*, 521 U.S. 793 (1995); *Miller v. Johnson*, 515 U.S. 900 (1995); *Fed. Comme'ns Comm'n v. Beach Comme'ns, Inc.*, 508 U.S. 307 (1993); *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456 (1981); *Kahawaiolaa v. Norton*, 386 F.3d 1271 (9th Cir. 2005); *Giano v. Senkowski*, 54 F.3d 1050 (2d Cir. 1995); *Rivkin v. Dover Tp. Rent Leveling Bd.*, 671 A.2d 567 (N.J. 1996).

Issue No. 5: If the Court determines that the Waiting Period Law or its

exemptions are unconstitutional, in whole or in part, what remedy should the Court fashion.

Points of Law for Issue No. 5: If the Court determines that the Waiting Period Law is unconstitutional under the Second Amendment, the Court should outline its concerns and give the California Legislature guidance and time to reformulate the law to address the concerns. If the Court determines that an exemption is unconstitutional, the Court should invalidate the exemption only. Sources of Law: See, e.g., cases cited above, as well as *Regan v. Taxation With Representation of Wash.*, 461 U.S. 540 (1983); *Am. Power & Light Co. v. Sec. and Exch. Comm'n*, 329 U.S. 90 (1946); *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001 (6th Cir. 1995); *Vote Choice, Inc. v. DiStefano*, 4 F.3d 26 (1st Cir. 1993).

**9. Abandoned Issues.** None.

**10. Witnesses.**

The Plaintiffs' expect to call the following people as witnesses at trial: Jeff Silvester, Brendon Combs, Gene Hoffman, and Alan Gottlieb.

The Attorney General expects to call the following people as witnesses at the trial: Stephen Lindley, Steve Buford, Blake Graham, Mitch Matsumoto, Donnette Orsi, Rick Lopes (possibly), Karen Milami (possibly), Jeff Silvester (possibly), Brandon Coombs (possibly).

**11. Exhibits  Schedules and Summaries.** Plaintiffs' plan to introduce the following exhibits:

*AB497 Processing Alternative Feasibility Study – Report of Findings*, State of California Department of Justice Division of Law Enforcement, May 1991.

Plaintiffs may use discovery responses and documents produced by Defendants.

Plaintiffs may use the Armed Persons With Mental Illness Report produced

by the California State Auditor October 2013.

Depending on how the Court rules on the evidentiary issues raised by Defendants, Plaintiffs may introduce:

Legislative history of Cal. Penal Code sections 12010, 12011, 12021, 12021.1, 12071, 12076, 12078, 21740, 26950, 26955, 26960, 26965, 26970, 27000, 27050, 27055, 27060, 27065, 27100, 27105, 27110, 27715, 27120, 27125, 27130, 27135, 27140, 27600, 27605, 27610, 27615, 27650, 27655, 27660, 27665, 27670, 27700, 27705, 27710, 27720, 27715, 27725, 27730, 27735, 27740, 27750, 28220, 29800, 29805, 29810, 29815, 29820, 29825, 29830, 29855, 29900, 30000, and 30005.

Defendants plan to offer the following exhibits: See attachment.

**12. Discovery Documents.**

Plaintiffs may offer discovery responses provided by Defendants.

The Attorney General does not presently expect to offer any discovery materials at trial, assuming that all deposed witnesses will be available at trial, and that there is no need to use interrogatory responses or deposition transcripts in place of live witness or to impeach live witnesses.

**13. Further Discovery or Motions.**

Plaintiffs contend:

Defendants may request that the Court take judicial notice of certain studies pertaining to the effectiveness of the "cooling off period." Plaintiffs will object to any request for judicial notice of said studies. Plaintiffs will likely challenge the admissibility of studies attempted to be used by Defendants.

Defendants contend:

When the discovery period in this case was open, and before briefing on the motion for summary judgment was completed, there was no binding case law suggesting that the Attorney General would have to proffer any evidence, much less

expert-witness evidence, of the historical understanding of the Second Amendment or the efficacy of the Waiting Period Law in achieving California's objective of minimizing firearm violence and thereby increasing public safety. Under established case law, the Waiting Period Law enjoyed the usual strong presumption of constitutionality, with the burden on Plaintiffs to disprove the constitutionality of the law. Although the Attorney General continues to believe that Plaintiffs bear the ultimate burden of proof here, recent case law, as interpreted by the Court, raises the question of whether the Court will expect the Attorney General to proffer any evidence and/or expert-witness evidence on these issues. (See, e.g., *Chovan*, *supra*.) The Attorney General believes that if she bears the burden of proof on these issues, there is sufficient competent evidence of which the Court may and should take judicial notice, such that the Attorney General will meet that burden. However, if Court expects the Attorney General to produce expert-witness evidence on these topics, and judicial notice will not be taken of other relevant evidence, then the Attorney General may need to have expert-witness discovery reopened and seeks the Court's guidance on this issue.

**14. Stipulations.** Not applicable.

**15. Amendments –Dismissals.** Plaintiff MICHEAL POESCHL has been dismissed from this case.

**16. Settlement Negotiations.** Because Plaintiffs seek to invalidate, at least partially, the Waiting Period Law, and the Attorney General must enforce and not compromise that law, settlement negotiations and/or a court settlement conference will be unlikely to lead to resolution of this case.

**17. Agreed Statements.** The parties probably will stipulate that the three undisputed facts recited in the motion for summary judgment, and above, may be considered established at trial.

**18. Separate Trial of Issues.**

Plaintiffs believe the issues should not be tried separately.

The Attorney General believes that it is advisable and feasible to try first the issue of whether the Waiting Period Law imposes a burden on Plaintiffs' Second Amendment right. If the Court finds that there is no such burden, then the inquiry ends and the case is over.

**19. Impartial Experts -Limitation of Experts.** Neither party has disclosed experts, received expert reports or deposed experts. The Plaintiffs believe that retained experts should be excluded from trial and lay opinion testimony should be severely restricted. The parties do not favor having impartial experts appointed in this matter.

**20. Attorneys' Fees.** Plaintiffs request attorney fees and costs pursuant to 42 U.S.C. section 1988 and cost of suit.

**21. Trial Exhibits.** There are not likely to be any trial exhibits requiring special handling. The parties prefer the Court to retain exhibits pending any appeal.

**22. Trial Protective Order.** Both parties may need a protective order for any as-yet-unidentified disclosures of confidential information about how the California firearms-purchaser background-check system works and how much time it takes to complete background checks. At this time, the Attorney General is just alerting the Court about this potential issue.

**23. Miscellaneous.** None.

DATED: January 22, 2014

/s/ Victor J. Otten

Attorneys for Plaintiffs

13
JOINT PRETRIAL CONFERENCE STATEMENT

/s/ Johnathan Eisenberg

Attorneys for Defendants