1   KAMALA D. HARRIS, State Bar No. 146672
  Attorney General of California
2   MARK R. BECKINGTON, State Bar No. 126009
  Supervising Deputy Attorney General
3   JONATHAN M. EISENBERG, State Bar No. 184162
  Deputy Attorney General
4     300 South Spring Street, Suite 1702
    Los Angeles, CA  90013
5     Telephone:  (213) 897-6505
    Fax:  (213) 897-5775
6     E-mail:  Jonathan.Eisenberg@doj.ca.gov
  PETER H. CHANG, State Bar No. 241467
7   Deputy Attorney General
    455 Golden Gate Ave., Suite 11000
8     San Francisco, CA 94102
    Telephone: (415) 703-5939
9     Fax: (415) 703-1234
    Email: peter.chang@doj.ca.gov
10   *Attorneys for Defendant Kamala D. Harris, Attorney*
  *General of California*

11

12         IN THE UNITED STATES DISTRICT COURT

13         FOR THE EASTERN DISTRICT OF CALIFORNIA

14              FRESNO DIVISION

15

| | |
|---|---|
| **JEFF SILVESTER, MICHAEL POESCHL, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20,**<br><br>Defendants. | 1:11-cv-02137-AWI-SKO<br><br>**DEFENDANT KAMALA D. HARRIS'S NOTICE OF MOTIONS AND MOTIONS IN LIMINE**<br><br>[Motion in Limine No. 1: FRE 403 and 702]<br>[Motion in Limine No. 2: FRE 802]<br><br>Date: March 11, 2014<br>Time: 1:30 p.m.<br>Courtroom: 2<br><br>Action Filed:   December 23, 2011<br>Trial Date:      March 25, 2014 |

16
17
18
19
20
21
22
23
24
25
26
27
28

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at 1:30 p.m. on March 11, 2014, or as soon thereafter as the matter may be heard, in Courtroom 2 (Senior U.S. District Judge Anthony W. Ishii, presiding) on the eighth floor of the above-entitled Court, located at the Robert E. Coyle Federal Courthouse, 2500 Tulare St., Fresno, CA 93721, Defendant Kamala D. Harris, sued in her capacity as the Attorney General of the State of California (the "Attorney General"), will and hereby does move *in limine* for an order excluding at trial any testimonies, references to testimonies, or argument relating to the testimonies of lay witnesses Alan Gottlieb and Gene Hoffman regarding all matters outside of their first-hand knowledge.  (Motion In Limine No. 1.)  The motion is based on the grounds that these lay witnesses have not been designated or qualified as experts in this case, are not qualified as experts to provide expert testimony under Federal Rule of Evidence, Rule ("FRE") 702, and any purported expert testimony from these witnesses would be confusing, misleading, and time-wasting pursuant to FRE 403.

The Attorney General further moves *in limine* for an order excluding at trial any testimonies, references to testimonies, or argument relating to anecdotes or other matters told to Plaintiffs' witnesses by out-of-court declarants, i.e., hearsay.  (Motion In Limine No. 2.)  The motion is based on the grounds that such evidence is inadmissible hearsay under FRE 801 and 802.

These motions are supported by the following memorandum of points of authorities, the accompanying declaration of Jonathan M. Eisenberg, and all pleadings and documents on file herein.

Dated:  February 18, 2014

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General

*/s/ Peter H. Chang*
PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant Kamala D. Harris,*
*Attorney General of California*

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs challenge the constitutionality of two California state firearm laws, California Penal Code sections 26815 and 27540, which mandate a 10-day waiting period between the application to purchase and delivery of a firearm, for all California residents not statutorily exempt from the waiting period.

Plaintiffs have identified Alan Gottlieb and Gene Hoffman, among others, as trial witnesses.  Mr. Gottlieb is the corporate representative of Plaintiff The Second Amendment Foundation, Inc.  Mr. Hoffman is the corporate representative of Plaintiff The CalGuns Foundation, Inc.  Plaintiffs have not designated any expert witnesses or produced any expert reports.  Nonetheless, based upon the deposition testimonies of Messrs. Gottlieb and Hoffman, Defendant Kamala D. Harris, sued in her official capacity as the Attorney General of the State of California (the "Attorney General"), believes that Plaintiffs may seek to introduce as evidence at trial certain opinions of Messrs. Gottlieb and Hoffman that would be in the province of expert opinion and thus should be excluded from trial.

Again, neither Mr. Gottlieb nor Mr. Hoffman has been designated or qualified as an expert in any subject matter in this case.  Therefore, they may not offer testimony as to any purportedly scientific, technical, or other specialized knowledge within the scope of expert witnesses under Federal Rule of Evidence, Rule ("FRE") 702.  Furthermore, any purported "expert" testimony provided by Mr. Gottlieb or Mr. Hoffman would be confusing, misleading, and time-wasting pursuant to FRE 403 because they are lay witnesses.

Further, and also based upon the deposition testimonies of Messrs. Gottlieb and Hoffman, the Attorney General believes that these witnesses intend to testify as to anecdotes purportedly told to them by their respective foundation's members or supporters.  These anecdotes are inadmissible hearsay under FRE 802.

## II.     MOTION IN LIMINE NO. 1:
## TO EXCLUDE IMPROPER EXPERT TESTIMONY BY GOTTLIEB AND HOFFMAN

The first motion is made under FRE 403 and 702.  Any expert testimony from Messrs. Gottlieb or Hoffman would not be admissible under FRE 702 because neither Mr. Gottlieb nor Mr. Hoffman has been designated or qualified as experts.  Any apparent expert testimony from Messrs. Gottlieb or Hoffman should be excluded under FRE 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, … undue delay, [or] wasting time…."  Any probative value that the testimonies of Messrs. Gottlieb or Hoffman may provide would be substantially outweighed by a danger of unfair prejudice, confusing the issues, unduly delay, and wasting of time.

FRE 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:  (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods, and (d) the expert has reliably applied the principles and methods to the facts of this case.[1]

The District Court exercises a gatekeeping function that is critically important to ensure the reliability and relevancy of expert testimony.  *Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1005 (9th Cir. 2001), citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999).  In this case, Plaintiffs have not proffered Messrs. Gottlieb or Hoffman as expert witnesses and yet the Attorney General justifiably expects Plaintiffs to attempt to elicit improper expert testimony from Messrs. Gottlieb and Hoffman relating to subject matters including:

1.     The social impact and effect, if any, of the 10-day waiting period;

---

[1] This motion is based primarily on Plaintiffs' failure to designate Gottlieb and Hoffman as expert witnesses and these witnesses' lack of qualification to provide expert testimony on any relevant subject matter.  To the extent Plaintiffs seek to elicit any expert testimony from Gottlieb and Hoffman with respect to specific subjects at trial, the Attorney General intends to further challenge any such specific testimony based on, for example, the requirements of FRE 702 and 703, and inadmissible hearsay.

2.   The social impact and effect, if any, of the 10-day "cooling off" period;

3.   The social impact and effect, if any, of any California firearms law;

4.   The commercial impact and effect, if any, of the 10-day waiting period;

5.   Criminology and comparative analysis of crime data;

6.   The legislative intent behind parts of the California Penal Code;

7.   The computer systems used by the California Department of Justice and/or the Federal Bureau of Investigation to conduct background checks on prospective firearms purchasers or to process "Dealer's Record of Sale" ("DROS") information;

8.   The processing of DROS information by the California Department of Justice.

For example, in his deposition, Mr. Gottlieb provided unsupported opinion as to the legislative intent behind the firearms laws in question here:

> Q: Does the Second Amendment Foundation have a position or an opinion about what the California Legislature's intent was in enacting Penal Code Section 26815 and 27540, which is the ten-day-waiting-period laws?
>
> ***
>
> A: Well, our understanding and opinion is that it was proposed basically for a couple of reasons.  One was a cooling off period between the time a person would buy a gun and pick it up to do something evil with it that they would have time to calm down.  And the other one was to try and retard and make it harder to purchase firearms so that less firearms would be sold.
>
> Q: What's the basis for Second Amendment Foundation's position that the Legislature was trying to retard…the supply of firearms in circulation in California?
>
> A: A lot of antigun rights groups has [sic] supported the legislation and a lot of politicians have supported and made comments of that nature.

Exhibit 1 (Gottlieb Deposition Transcript) to Jonathan M. Eisenberg Declaration ("Eisenberg Decl."), at pp. 71-72.  In another example, Mr. Hoffman improperly opines on criminology data, which he is not competent to, and he conceded was difficult to, interpret:

> Q: [D]oes CGF [Calguns Foundation] understand that it's the difference in carry laws between Texas and California that's the primary reason that there is a difference between gun homicide rates?

5

A: Well, I will caveat answering that question with: The criminological information here is thick, rich, and hard to decouple.  It may also include the value of the drug market in both states.  But to the extent we're talking about firearm policy, it is CGF's supposition that the liberal carry issuance in Texas is more of a deterrent than the reverse being that the ten-day wait somehow decreases gun crime.

Exhibit 2 (Hoffman Deposition Transcript) to Eisenberg Decl., at p. 106.

Thus, in their depositions, both Messrs. Gottlieb and Hoffman provided quasi-expert opinions yet are only lay witnesses.  The Court should exclude any purported expert testimony by Messrs. Gottlieb and Hoffman on these and any other relevant subjects.

### III.    MOTION IN LIMINE NO. 2:  TO EXCLUDE HEARSAY TESTIMONY

FRE 802 states that "[h]earsay is not admissible unless any of following provides otherwise:  a federal statute; these rules; or other rules prescribed by the Supreme Court."  In the present case, the Attorney General expects Messrs. Gottlieb and Hoffman to testify as to anecdotes of the purported effects of the 10-day waiting period on certain of their respective foundation's members or supporters, as told to Messrs. Gottlieb and Hoffman.

For example, Mr. Hoffman, in his deposition, provided improper and unreliable hearsay testimony regarding the alleged effects of 10-day waiting periods:

Q: Has CGF attempted to gather information from members about whether the ten-day waiting period has prevented them from effectively defending themselves or their families in their homes?

A: We are aware of a couple situations where it has been a real hindrance, yes.

***

Q: What was her attempt to obtain firearms in connection with, if anything?

A: She had someone who she was concerned was a stalker.

***

Q: How did you become aware that this woman had this predicament?

A: A conversation with a friend of hers who was a volunteer for us.

***

Q: Did you talk to this woman directly?

6

A: No, I did not.

Exhibit 2 to Eisenberg Decl., at pp. 134, 137-38.  In this example of double hearsay, Hoffman testified about a situation that was told to him out-of-court by someone who heard it from a second out-of-court declarant.  This anecdote and others that Messrs. Gottlieb or Hoffman may have heard are hearsay not within any recognized exception, and therefore inadmissible.  *See United States. v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1014 (9th Cir. 2013) (holding that, to the extent witness sought to testify based on information that another witness told him, it was hearsay).

### III. CONCLUSION

For the foregoing reasons, the Attorney General respectfully requests that the Court preclude Plaintiffs' witnesses Messrs. Gottlieb and Hoffman from offering any "expert" testimony, and further requests that the Court preclude Messrs. Gottlieb and Hoffman from offering hearsay testimony.

Dated:  February 18, 2014

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General


__/s/ Peter H. Chang_____
PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant Kamala D. Harris,
Attorney General of California*

7