Victor J. Otten (SBN 165800)
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225
E-Mail: vic@ottenandjoyce.com

Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:  (408) 264-8487
E-Mail: Don@DKLawOffice.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION
2500 TULARE STREET | FRESNO, CA 93721

| | |
|---|---|
| JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>Plaintiffs,<br><br>vs.<br><br>KAMALA HARRIS, Attorney General of California, and DOES 1 to 20,<br><br>Defendants. | Case No.: 1:11-CV-2137 AWI SAB<br><br>PLAINTIFFS MOTION IN LIMINE RE:<br><br>TO EXCLUDE EXPERT OPINION TESTIMONY and LIMIT LAY OPINION TESTIMONY<br><br>Hearing Date: March 11, 2014<br>Hearing Time: 1:30 p.m.<br>Courtroom: 2 |

By and through undersigned counsel, Plaintiffs hereby move this Court for the following orders relating to Opinion Testimony:

1. An order that neither party may introduce any Expert Witness and/or any Expert Opinion Evidence.

2. An order that neither party may introduce any Expert Witness and/or any Expert Opinion Evidence masquerading as Lay Opinion.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

# STATEMENT OF FACTS

The parties filed a Joint Pre-Trial Conference Statement (Docs # 45, 45-1, 47, 47-1) on or about January 22, 2014. The Pre-Trial Conference was held in Chambers on February 3, 2014. The Court issued its Pre-Trial Order (Doc # 48) on February 4, 2014.

In both the Pre-Trial Conference Statements (PTCS) (See page 14, ¶ 19) and the Court's Pre-Trial Order (PTO) (See page 20, ¶ XVI. Impartial Experts - Limitation of Experts) it is undisputed that neither of the parties had disclosed experts, received expert reports or deposed experts for the upcoming bench trial.

Defendants have disclosed a number of witness which include employees of the California Department of Justice – Firearms Bureau. (See PTCS page 11, ¶ 10 and PTO, page 10, ¶ VII.B.)

# STATEMENT OF THE LAW

## Expert Opinion [FRE 702]

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

A party who, without substantial justification, fails to properly disclose its experts and their reports is barred from using as evidence at a trial or hearing, or on a motion, the undisclosed witnesses and information, unless the failure is harmless. FRCP Rule 37(c)(1); see *Radecki v. Joura* (8th Cir. 1999) 177 F.3d 694, 696 – expert's testimony excluded where plaintiff first disclosed intent to rely on

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

expert testimony during final pretrial conference; *ClearOne Communications, Inc. v. Biamp Systems* (10th Cir. 2011) 653 F.3d 1163, 1176.

Absent 'plain error' affecting a 'substantial right' (see FRE 103(e)), a party is barred from raising the issue of inadmissible opinion testimony on appeal unless there was a timely objection or motion to strike at the trial court level. FRE 103(a); see *Skydive Arizona, Inc. v. Quattrocchi* (9th Cir. 2012) 673 F.3d 1105, 1113-1114 – party waived right to challenge substance of expert testimony by failing to object before or at trial; see also *United States v. York* (7th Cir. 2009) 572 F.3d 415, 421-422 – general foundation objection without specific objection to expert's qualifications and 'any error flowing from the district court's failure to formally anoint (witness) an expert was harmless' (parentheses added); *Macsenti v. Becker* (10th Cir. 2001) 237 F.3d 1223, 1232-1233 – appellate review limited to 'plain error' where opposing party failed to properly object to admission of expert's testimony.

## Lay Opinion [FRE 701]

A nonexpert witness' testimony in the form of an opinion or inference is limited to those opinions or inferences which are:

(a) rationally based on the witness' perception;

(b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and

(c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702 (expert testimony).

To be admissible, lay opinion testimony must be rationally based on the witness' perception. This simply calls into play 'the familiar requirement of first-hand knowledge or observation.' FRE 701, Adv. Comm. Note; see *Harris v. J.B. Robinson Jewelers* (6th Cir. 2010) 627 F.3d 235, 240 – trial court improperly excluded lay testimony based on plaintiff's and lay witnesses' observation and recognition of diamond's color; *National Hispanic Circus, Inc. v. Rex Trucking, Inc.*

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

(5th Cir. 2005) 414 F.3d 546, 551; *SEC v. Infinity Group Co.* (3rd Cir. 2000) 212 F.3d 180, 197 – lay opinion excluded where witness had no personal knowledge of investments in question.

Lay opinion testimony is admissible only if 'helpful to clearly understanding the witness's testimony or to determining a fact in issue' (i.e., helpful to the fact finding process). FRE 701(b) (emphasis added); *Lynch v. City of Boston* (1st Cir. 1999) 180 F.3d 1, 17; *United States v. Koon* (9th Cir. 1994) 34 F.3d 1416, 1431 (rvs'd on another ground in *Koon v. United States* (1996) 518 U.S. 81, 116 S.Ct. 2035); *Yancick v. Hanna Steel Corp.* (7th Cir. 2011) 653 F.3d 532, 547-548 – lay opinion that coworker was believed to be racist excluded because not factually related to event.

Generally, a lay witness is precluded from expressing an opinion on 'matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness'. *Certain Underwriters at Lloyd's, London v. Sinkovich* (4th Cir. 2000) 232 F.3d 200, 204-205; *Donlin v. Philips Lighting North America Corp.* (3rd Cir. 2009) 581 F.3d 73, 82-83.

Specifically, lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702 (expert testimony). FRE 701(c); *Tribble v. Evangelides* (7th Cir. 2012) 670 F.3d 753, 758; *Williams v. Mast Biosurgery USA, Inc.* (11th Cir. 2011) 644 F.3d 1312, 1317-1318 – opinion based on hypothesis subject to Rule 702 not proper lay opinion; *Certain Underwriters at Lloyd's, London v. Sinkovich* (4th Cir. 2000) 232 F.3d 200, 204-205 – error to allow lay witness to answer hypothetical questions on matters exceeding scope of common experience.

The purpose of the FRE 701(c) provision is that it prevents parties from offering 'an expert in lay witness clothing' and, hence, evading FRE 702's reliability requirements and FRCP Rule 26's expert witness disclosure. FRE 701, Adv. Comm. Note (2000); *Compania Administradora de Recuperacion de Activos Administradora*

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*de Fondos de Inversion Sociedad Anonima v. Titan Int'l, Inc.* (7th Cir. 2008) 533 F.3d 555, 561; *Brooks v. Union Pacific R.R. Co.* (8th Cir. 2010) 620 F.3d 896, 900 – treating physician may testify as lay witness when describing patient's medical condition, but plaintiff offered physician's affidavit not merely to explain condition but to introduce opinion as to cause (when treating physician offers opinion as to causation, testimony is subject to same requirement of scientific reliability as are opinions of physicians specifically retained to provide expert testimony).

## Standard of Review

Admissibility of opinion testimony is committed to the trial court's broad discretion and is reviewable on appeal only for abuse of discretion. *United States v. Holmes* (9th Cir. 2000) 229 F.3d 782, 788; *SEC v. Infinity Group Co.* (3rd Cir. 2000) 212 F.3d 180, 197; *Bohannon v. Pegelow* (7th Cir. 1981) 652 F.2d 729, 732 – 'an appellate court is hardly in a position to reevaluate, based on a cold record, the helpfulness of certain testimony'.

## **ARGUMENT**

An order excluding Expert Opinion Testimony and/or Expert Opinion Evidence is the easy call for this Court to make as neither party has disclosed experts during discovery or as part of the pre-trial statements. The Federal Rules of Civil Procedure and the relevant case law compel such a finding and order.

The more difficult question for this Court will be guarding against the introduction of a wolf (expert opinion evidence) in sheep's (lay opinion evidence) clothing.

Plaintiffs anticipate that Defendants will attempt to introduce expert opinion evidence in the form of lay testimony, various academic studies, books, law review articles and government reports. While Plaintiffs are submitting an entirely separate motion to exclude the documentary expert opinion evidence, the focus of

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

this motion is to alert the Court to the possibility that the defendants will try to use the lay testimony of employees of the Department of Justice – Firearms Bureau to boot-strap into the record evidence that does not meet the requirements of FRE 701.

The Court should be particularly careful to insure that any lay opinion testimony offered by any employee of the Department of Justice meets the standards of FRE 701(c) – the requirement that the testimony is NOT based on scientific, technical or other specialized knowledge within the scope of FRE 702.

For example, lay witnesses may state opinions based on knowledge gained through normal experience in everyday life, but not on the basis of specialized knowledge. FRE 701, Adv. Comm. Note (2000). Furthermore, lay opinion usually 'takes the form of a summary of firsthand sensory observations and may not provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.' *Tribble v. Evangelides* (7th Cir. 2012) 670 F.3d 753, 758 (internal quotes omitted).

Several other examples include:

- A lay witness may testify that a substance appeared to be blood. But the witness would have to qualify as an expert before he or she could testify that bruises around the eyes appeared to be the result of skull trauma. [See FRE 701, Adv. Comm. Note (2000)]
- An FBI agent's lay opinions about the meaning of words and phrases used in recorded conversations between defendants (e.g., 'buying a plane ticket' for a government witness meant 'killing' the witness) were inadmissible: 'What is essentially expert testimony ._._. may not be admitted under the guise of lay opinions.' [*United States v. Peoples* (8th Cir. 2001) 250 F.3d 630, 639-641]
- In an employment discrimination/termination case, co-workers' lay witness testimony that plaintiff's work was substantially similar to their own was inadmissible. Qualified expert testimony was required

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

(plaintiff made no attempt to qualify the co-workers as expert witnesses). [*King v. Rumsfeld* (4th Cir. 2003) 328 F.3d 145, 149-150]

- In a medical malpractice action, a neurosurgical nurse practitioner's testimony that a magnetic resonance angiogram (MRA) report showed a brain tumor appeared to be an expert opinion based on the witness' experience working in neurosurgery. But if the witness did not have the specialized experience to state this opinion as an expert, the opinion would not likely be admissible as lay opinion testimony. The record did 'not disclose a rational basis in (the witness') perceptions or a legitimate capacity to help the trier of fact with lay opinion.' [*Jerden v. Amstutz* (9th Cir. 2005) 430 F.3d 1231, 1239-1240 & fn. 11 (parentheses added)]

- In an ERISA action alleging employer interference with pension rights, plaintiff offered spreadsheets purporting to quantify his damages. Plaintiff counsel's son prepared the spreadsheets. The son was not qualified as an expert, had no personal knowledge of the underlying facts and had no experience or training with the economics of employment benefits. The son made assumptions about future events (e.g., when plaintiff would have retired, how salaries would have increased, what choices plaintiff would have made regarding pension benefits, and plaintiff's life expectancy). The district court did not abuse its discretion by excluding the proffered lay opinion testimony. [*Eichorn v. AT & T Corp.* (3rd Cir. 2007) 484 F.3d 644, 648-650]

## **CONCLUSION**

The evidentiary "balls & strikes" on what is expert opinion and what is lay opinion may have to wait to be resolved in the context of an offer of proof and/or within the context of prior testimony already given during the trial. Nevertheless,

given the lack of evidence that the Defendants produced during the motion for summary judgment and this Court's order on that motion, it is only prudent for the Plaintiffs (and this Court) to be on guard against any attempt to expand the scope of any opinion testimony beyond what is permissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

If this memorandum assists the Court by alerting it ahead of time to the issue, then it will have achieved its purpose.

Respectfully Submitted on February 18, 2014 by:

  /s/ Victor Otten  

Victor J. Otten (SBN 165800)
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225
E-Mail: vic@ottenandjoyce.com

  /s/ Donald Kilmer  

Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Attorneys for Plaintiffs