Victor J. Otten (SBN 165800)
vic@ottenandjoyce.com
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225

Donald E.J. Kilmer (SBN 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Phone: (408) 264-8489
Fax: (408) 264-8487

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,**<br><br>                    **Plaintiffs,**<br>     v.<br><br>**KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20.**<br><br>                    **Defendants.** | **Case No. 1:11-cv-02137-AWI-SKO**<br><br>**PLAINTIFFS' MOTION IN LIMINE RE BURDENS OF PROOF** |

# I. INTRODUCTION

This lawsuit challenges the constitutionality of several state firearms laws. California Penal Code sections 26815 and 27540 impose a 10-day waiting period between application to purchase a firearm and its actual delivery.[1] The waiting period law is applicable to all purchasers, except those exempt under eighteen provisions of California law.  This lawsuit challenges the 10-day waiting period as an infringement of the right to bear arms under the Second Amendment, as it applies to individuals who have been found qualified to, and have, purchased firearms in the past.  This lawsuit also challenges the eighteen exceptions to the waiting period law as a violation of the Equal Protection Clause.

On September 25, 2013, Defendant filed a Motion for Summary Judgment on all claims raised in the lawsuit. The Attorney General offered two justifications for the across-the-board waiting period.  First, the Defendant argued that the delay is required so that a background check can be performed. Second, the Defendant argued that a cooling-down period must be imposed on everyone on the chance that someone might impulsively purchase a gun to do harm to themselves or others.

On December 6, 2013, the Court issued its Order denying Defendants motion in its entirety.[2]  In doing so, the Court applied the analysis set forth in a case recently decided by the Ninth Circuit, U.S. v. Chovan, No. 11-50107, 2013 WL 6050914 (C.A. 9 (Cal.) Nov. 18, 2013). In Chovan, a two-step framework in

---

[1] As far as the waiting period is concerned, the two statutes are identical, and are treated as one law by Defendant; the same will be done by Plaintiffs.  Governor Brown recently signed new legislation, denominated California Assembly Bill 500, which effectively amends the waiting period laws.  Under AB 500, Penal Code section 28220 is amended to provide that, (a) if the Attorney General determines that the prospective purchaser has been involuntarily confined for mental health treatment, or if he or she has been arrested for a felony that would disqualify the purchaser if there were a conviction, or if he or she may have purchased a firearm within 30 days of the new application and (b) the Attorney General is unable to ascertain the disposition of the mental health hold or arrest, or to determine whether there was a prior firearms purchase, the waiting period may be extended up to 30 days.  The two provisions of the Penal Code establishing the mandatory minimum 10-day waiting period are not amended by AB 500, which therefore has no direct impact on this lawsuit.  To the extent, however, that the new provisions permit unjustified, longer delays in taking possession of firearms by qualified purchasers, it would appear that they would have claims similar to those brought by Plaintiffs.

[2] (Order on Defendants Motion for Summary Judgment (MSJ) (Docket 44)).

1    determining the constitutionality of a Second Amendment law was adopted:  "[t]he
2    two-step Second Amendment inquiry we adopt (1) asks whether the challenged law
3    burdens conduct protected by the Second Amendment and (2) if so, directs courts to
4    apply an appropriate level of scrutiny."  Id. citing U.S. v. Chester, 628 F.3d 673,
5    680 (4th Cir. 2010), U.S. v. Marzzarella, 614 F.3d 85, 89 (3d Cir. 2010).

6    **1. Plaintiffs Have Met Their Burden That The Law Burdens Conduct**
7    **Protected by the Second Amendment**

8    In the Order denying Defendants' Motion for Summary Adjudication, in
9    applying the first prong of <u>Chovan</u>, the Court states:

10       The WPL prohibits every person who purchases a firearm
11       from taking possession of that firearm for a minimum of 10
12       days. That is, there is a period of at least 10 days in which
13       California prohibits every person from exercising the right
14       to keep and bear a firearm. There can be no question that the
15       actual possession of a firearm is a necessary prerequisite to
16       exercising the right to keep and bear arms. (Cite page 7, lns
17       22-27)

18    Accordingly, it should be the Defendant's burden to show that "the
19    Second Amendment, as historically understood, did not apply for a
20    period of time between the purchase/attempted purchase of a firearm
21    and possession of the firearm".[3]

22    **2. Defendant Has the Burden to Justify The Constitutionality of the**
23    **WPL Under Either A Strict Scrutiny or Intermediate Level of**
24    **Scrutiny**

25    It is the Defendant's burden to show that the laws are Constitutional under
26    either an intermediate level of scrutiny or strict scrutiny depending on which level
27    of scrutiny the Court applies. The <u>Chovan</u> court states, "[i]n Heller, the Supreme

28
_____
[3] (Order on MSJ, page 6, lines 22-23)

2

1    Court did not specify what level of scrutiny courts must apply to a statute

2    challenged under the Second Amendment. The Heller Court did, however, indicate

3    that rational basis review is not appropriate." Id. citing District of Columbia v.

4    Heller, 554 U.S. 570, 628 n. 27 (2008). This Court also indicated that rational basis

5    review is not appropriate.The Court's Order denying Defendant's motion states: "It

6    is unnecessary for the Court to determine at this time which scrutiny to apply

7    because, even under the lesser "intermediate scrutiny," summary judgment is not

8    appropriate."[4]

9    **V.    CONCLUSION**

10         Based on the foregoing, Plaintiffs request this court make the following

11   rulings:

12        1.  Plaintiffs will have met their burden of proof on their Second Amendment

13   challenge to the WPL by setting forth evidence of the following facts: 1) At all

14   relevant times, the Plaintiffs have each owned at least one firearm. 2) At all relevant

15   times, one effect of California Penal Code sections 26815 and 27540 has been that

16   all California residents lawfully purchasing firearms must wait a minimum of 10

17   days between applying to purchase the firearms and receiving delivery of them. 3)

18   Unless the purchases are statutorily exempt from the waiting period.

19        2.  The level of scrutiny will not be rational basis.

20        3.  That the defendants have the burden of proving, at a minimum, the WPL

21   passes the appropriate level of scrutiny.

22   DATED:  February 18, 2014

23                                           OTTEN & JOYCE, LLP

24

25

26                                           /s/ Victor Otten
                                             Victor Otten, Esq.
27                                           Attorneys for Plaintiffs

28   _____
     [4] (Order on MSJ, page 8, lines 11-13)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Victor J. Otten (SBN 165800)
vic@ottenandjoyce.com
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225

Donald E.J. Kilmer (SBN 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Phone: (408) 264-8489
Fax: (408) 264-8487

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,**<br><br>                                   **Plaintiffs,**<br><br>       v.<br><br>**KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20.**<br><br>                                   **Defendants.** | Case No. 1:11-cv-02137-AWI-SKO<br><br>**PLAINTIFFS' MOTION IN LIMINE RE BURDENS OF PROOF** |

PLAINTIFFS' MOTION IN LIMINE RE BURDEN OF PROOF

## I.  INTRODUCTION

This lawsuit challenges the constitutionality of several state firearms laws. California Penal Code sections 26815 and 27540 impose a 10-day waiting period between application to purchase a firearm and its actual delivery.[1] The waiting period law is applicable to all purchasers, except those exempt under eighteen provisions of California law.  This lawsuit challenges the 10-day waiting period as an infringement of the right to bear arms under the Second Amendment, as it applies to individuals who have been found qualified to, and have, purchased firearms in the past.  This lawsuit also challenges the eighteen exceptions to the waiting period law as a violation of the Equal Protection Clause.

On September 25, 2013, Defendant filed a Motion for Summary Judgment on all claims raised in the lawsuit. The Attorney General offered two justifications for the across-the-board waiting period.  First, the Defendant argued that the delay is required so that a background check can be performed. Second, the Defendant argued that a cooling-down period must be imposed on everyone on the chance that someone might impulsively purchase a gun to do harm to themselves or others.

On December 6, 2013, the Court issued its Order denying Defendants motion in its entirety.[2]  In doing so, the Court applied the analysis set forth in a case recently decided by the Ninth Circuit, U.S. v. Chovan, No. 11-50107, 2013 WL 6050914 (C.A. 9 (Cal.) Nov. 18, 2013). In Chovan, a two-step framework in

---

[1] As far as the waiting period is concerned, the two statutes are identical, and are treated as one law by Defendant; the same will be done by Plaintiffs.  Governor Brown recently signed new legislation, denominated California Assembly Bill 500, which effectively amends the waiting period laws.  Under AB 500, Penal Code section 28220 is amended to provide that, (a) if the Attorney General determines that the prospective purchaser has been involuntarily confined for mental health treatment, or if he or she has been arrested for a felony that would disqualify the purchaser if there were a conviction, or if he or she may have purchased a firearm within 30 days of the new application and (b) the Attorney General is unable to ascertain the disposition of the mental health hold or arrest, or to determine whether there was a prior firearms purchase, the waiting period may be extended up to 30 days.  The two provisions of the Penal Code establishing the mandatory minimum 10-day waiting period are not amended by AB 500, which therefore has no direct impact on this lawsuit.  To the extent, however, that the new provisions permit unjustified, longer delays in taking possession of firearms by qualified purchasers, it would appear that they would have claims similar to those brought by Plaintiffs.

[2] (Order on Defendants Motion for Summary Judgment (MSJ) (Docket 44)).

1  determining the constitutionality of a Second Amendment law was adopted: "[t]he
2  two-step Second Amendment inquiry we adopt (1) asks whether the challenged law
3  burdens conduct protected by the Second Amendment and (2) if so, directs courts to
4  apply an appropriate level of scrutiny." Id. citing U.S. v. Chester, 628 F.3d 673,
5  680 (4th Cir. 2010), U.S. v. Marzzarella, 614 F.3d 85, 89 (3d Cir. 2010).

6  **1. Plaintiffs Have Met Their Burden That The Law Burdens Conduct**
7  **Protected by the Second Amendment**

8  In the Order denying Defendants' Motion for Summary Adjudication, in
9  applying the first prong of Chovan, the Court states:

10  The WPL prohibits every person who purchases a firearm
11  from taking possession of that firearm for a minimum of 10
12  days. That is, there is a period of at least 10 days in which
13  California prohibits every person from exercising the right
14  to keep and bear a firearm. There can be no question that the
15  actual possession of a firearm is a necessary prerequisite to
16  exercising the right to keep and bear arms. (Cite page 7, lns
17  22-27)

18  Accordingly, it should be the Defendant's burden to show that "the
19  Second Amendment, as historically understood, did not apply for a
20  period of time between the purchase/attempted purchase of a firearm
21  and possession of the firearm".[3]

22  **2. Defendant Has the Burden to Justify The Constitutionality of the**
23  **WPL Under Either A Strict Scrutiny or Intermediate Level of**
24  **Scrutiny**

25  It is the Defendant's burden to show that the laws are Constitutional under
26  either an intermediate level of scrutiny or strict scrutiny depending on which level
27  of scrutiny the Court applies. The Chovan court states, "[i]n Heller, the Supreme

28
---
[3] (Order on MSJ, page 6, lines 22-23)

1     Court did not specify what level of scrutiny courts must apply to a statute

2     challenged under the Second Amendment. The Heller Court did, however, indicate

3     that rational basis review is not appropriate." Id. citing District of Columbia v.

4     Heller, 554 U.S. 570, 628 n. 27 (2008). This Court also indicated that rational basis

5     review is not appropriate.The Court's Order denying Defendant's motion states: "It

6     is unnecessary for the Court to determine at this time which scrutiny to apply

7     because, even under the lesser "intermediate scrutiny," summary judgment is not

8     appropriate."[4]

9     **V.   CONCLUSION**

10          Based on the foregoing, Plaintiffs request this court make the following

11     rulings:

12         1.  Plaintiffs will have met their burden of proof on their Second Amendment

13     challenge to the WPL by setting forth evidence of the following facts: 1) At all

14     relevant times, the Plaintiffs have each owned at least one firearm. 2) At all relevant

15     times, one effect of California Penal Code sections 26815 and 27540 has been that

16     all California residents lawfully purchasing firearms must wait a minimum of 10

17     days between applying to purchase the firearms and receiving delivery of them. 3)

18     Unless the purchases are statutorily exempt from the waiting period.

19         2.  The level of scrutiny will not be rational basis.

20         3.  That the defendants have the burden of proving, at a minimum, the WPL

21     passes the appropriate level of scrutiny.

22

23     DATED:  February 18, 2014            OTTEN & JOYCE, LLP

24

25

26                        /s/ Victor Otten

27                        Victor Otten, Esq.
                            Attorneys for Plaintiffs

28

---

[4] (Order on MSJ, page 8, lines 11-13)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28