Victor J. Otten (SBN 165800)
vic@ottenandjoyce.com
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225

Donald E.J. Kilmer (SBN 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Phone: (408) 264-8489
Fax: (408) 264-8487

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>    Plaintiffs,<br>v.<br>KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20.<br><br>    Defendants. | Case No. 1:11-cv-02137-AWI-SKO<br><br>**PLAINTIFFS' MOTION IN LIMINE RE EXCLUSION OF DOCUMENTS** |

## I. INTRODUCTION

Plaintiffs hereby move this Court for an order excluding any and all evidence, references to evidence, testimony or arguments relating to all of the legislative history, court filings, books, government and NGO reports, scholarly articles and magazine and newspaper articles. The motion is based upon the ground that the evidence lacks a necessary foundation for admission, lacks proper authentication, lacks relevance and is inadmissible hearsay.

Defendant has produced a list of documents that it intends to use at trial with no explanation on what parts of the documents that she wishes to offer into evidence or the relevancy. Most of the documents are not self-authenticating or subject to judicial notice. In addition, the persons listed on Defendant's witness list generally cannot lay the necessary foundation for the documents.[1] Without an offer of proof regarding the admissibility, Plaintiffs will have to object when the Defendant attempts to introduce each document which is unduly prejudicial to Plaintiffs and a waste of this Court's time.

Defendant also failed to produce all of the court filings, the majority of the books, the majority of government and NGO reports, the majority of the scholarly articles, and all of the magazine and newspaper articles during discovery.

## II. LEGAL ARGUMENTS

The Defendant has listed 16 books that it intends to use, 3 court filings, 13 government Reports, 25 supposedly scholarly articles and 11 magazine and newspaper articles. Assuming these are relevant[2], it seems extremely unlikely that the Defendant can lay the proper foundation or provide an exception to the hearsay rule. It is anticipated that the Defendant will use some of these documents to circumvent her failure to designate expert witnesses.[3] It is therefore appropriate for the Court to direct Defendant to make an offer of proof on the admissibility of each

---

[1] The documents that Defendant proposes to use at attached to the Joint Pre-Trial Statement.
[2] The relevance of some documents such as the books may become relevant depending on how the Court rules on Plaintiffs' Motion in Limine on Burden of Proof.
[3] Plaintiffs have filed a Motion in Limine regarding opinion testimony.

1

document.

### A. Relevance

Because we do not know how the Defendant intends to use each document, it is impossible to make a determination as to relevance.

### B. Foundation

Defendant cannot lay a foundation for many of the documents on her list. She has not listed the people qualified to testify about the foundational requirements on her witness list, most of the documents do not fall within any exception such as a business record and they cannot be judicially noticed.

### C. Test Results and Studies

The Defendant has the burden to justify the 10-Day waiting period. This can only be done through the use of expert testimony which the Court has already ruled is not admissible. As set forth in the Court's Order denying Defendant's Motion For Summary Judgment: "Additionally, as applied to individuals who already own a gun, the Court has great difficulty envisioning how the "cooling off" rationale could pass the appropriate level of scrutiny. If an individual already possesses a firearm, then nothing about this rationale would prevent the individual from acting on a sudden impulse to commit gun violence with the gun already in his or her possession." The Defendant proposes to introduce documents related to firearm availability and suicide prevention and other violance. These documents, however, are not admissible. (See, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 582–98, 113 S. Ct. 2786, 125 L. Ed. 2d 469, 37 Fed. R. Evid. Serv. 1 (1993) (expert and scientific evidence has a large potential to prejudice the other party and confuse and mislead the jury, and for that reason, the trial judge must exercise careful control over the admission of expert and scientific testimony and evidence through the consideration of the Rule 403 factors).

### D. Excluding Evidence for Undue Prejudice

This motion is used to exclude published articles and related evidence where

the prejudicial nature of such evidence outweighs the probative value. See Staniewicz v. Beecham, Inc., 687 F.2d 526, 528–30, 11 Fed. R. Evid. Serv. 345 (1st Cir. 1982); Federal Rule of Evidence 403. For example, newspaper articles have been excluded where they were unduly cumulative [Bass v. Janney Montgomery Scott, Inc., 210 F.3d 577, 587–88, 2000 FED App. 0135P (6th Cir. 2000)] or where they contained inadmissible hearsay [McClure v. Mexia Independent School Dist., 750 F.2d 396, 399–03, 21 Ed. Law Rep. 1167, 17 Fed. R. Evid. Serv. 109 (5th Cir. 1985)].

### E. Excluding Evidence Not Produced During Discovery

In order to expeditiously litigate this matter on the issues framed during discovery, it is appropriate to instruct Defendant to limit its evidence to those documents, contentions and witnesses disclosed during discovery. Should Defendant seek to introduce previously undisclosed matters, it is appropriate for the court to exclude such evidence as an evidence sanction. (*Do It Urself Moving & Storage, Inc. v. Brown* (1992) 7 Cal.App.4th 27, 35.)

## III. CONCLUSION

Based on the foregoing, Plaintiffs request this court exclude all of the above referenced documentary evidence or require Defendants to submit an offer of proof as to it's admissibility prior to the start of trial.

DATED: February 18, 2014　　　　　　　　　OTTEN & JOYCE, LLP

　　　　　　　　　　　　　　　　　　/s/ Victor Otten
　　　　　　　　　　　　　　　　　　Victor Otten, Esq.
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs