1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  MARK R. BECKINGTON, State Bar No. 126009
   Supervising Deputy Attorney General
3  JONATHAN M. EISENBERG, State Bar No. 184162
   Deputy Attorney General
4    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013
5    Telephone:  (213) 897-6505
     Fax:  (213) 897-5775
6    E-mail:  Jonathan.Eisenberg@doj.ca.gov
   PETER H. CHANG, State Bar No. 241467
7  Deputy Attorney General
     455 Golden Gate Ave., Suite 11000
8    San Francisco, CA 94102
     Telephone: (415) 703-5939
9    Fax: (415) 703-1234
     Email: Peter.Chang@doj.ca.gov
10 *Attorneys for Defendant Kamala D. Harris, Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JEFF SILVESTER, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA D. HARRIS, Attorney General of California, and DOES 1 to 20,**<br><br>Defendants. | 1:11-cv-02137-AWI-SKO<br><br>**DEFENDANT KAMALA D. HARRIS'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE RE EXCLUSION OF DOCUMENTS (DKT.# 56)**<br><br>Date: March 11, 2014<br>Time: 1:30 p.m.<br>Courtroom: 2<br>Judge: The Honorable Anthony W. Ishii<br>Trial Date: March 25, 2014<br>Action Filed: December 23, 2011 |

Defendant Kamala D. Harris, Attorney General of California (the "Attorney General"), submits the following opposition to the Plaintiffs' motion in limine to exclude documents.

1

**INTRODUCTION**

In one sweeping motion in limine, Plaintiffs seek to exclude virtually all documents that the Attorney General identified on her proposed exhibit list, although Plaintiffs fail to provide any specific objections against any document. Rather, Plaintiffs make only broad, unsupported statements that entire categories of documents should be excluded for lacking foundation, authentication, and/or relevance, and/or for being inadmissible hearsay.

Plaintiffs' motion should be denied for at least four reasons. First, Plaintiffs' motion is premature and appears to be an attempt to circumvent the Court-designated mechanism for the parties to stipulate or object to the admissibility of exhibits. The pretrial order directs the parties to meet and confer on the pre-marking and examining of each party's proposed exhibits. As part of that process, the parties are to determine which of their exhibits could be admitted into evidence without expenditure of unnecessary time and resources by the Court and the parties, and which specific exhibits require the Court to determine admissibility. The exhibits, placed in binders and indexed, are to be delivered to the Court by March 20, 2014. Plaintiffs instead seek to put the burden wholly on the Court to rule on the admissibility virtually all documents.

Second, each category of documents to which Plaintiffs object is admissible on various grounds. The Attorney General's proposed exhibits can be authenticated in due course under Federal Rules of Evidence 901 and 902[1] (dealing with authentication), and are not hearsay under Rule 801, or are subject to one or more exceptions to hearsay.

Third, Plaintiffs mount a meritless "unfair prejudice" argument that must fail because Plaintiffs can identify no prejudice that would result from the admission of the Attorney General's exhibits and further because excluding evidence based on unfair prejudice is inapplicable to a bench trial.

Fourth, Plaintiffs' objections appear to be primarily based on the irrelevant fact that the Attorney General does not plan to use an expert witness to introduce these types of documents into evidence. But no expert witness is required. These types of documents are regularly and

---

[1] Unless otherwise stated, "Rule __" refers to the Federal Rules of Evidence.

properly used by courts in evaluating laws under constitutional challenges. They need not be subject to the evidentiary process and, in fact, are routinely cited in the briefs by parties or in orders through the courts' own research. This is particularly true in constitutional law cases where decisions must be based largely on legislative, rather than adjudicative, facts. Legislative facts, which go to the justification for a statute, are usually not proved through trial evidence but through material set forth in the briefs. Indeed, in *United States v. Chovan*, the Ninth Circuit Court of Appeals decided the constitutionality of a federal firearm law in part by examining scientific publications and legislative history of the law without the aid of any expert witnesses.

Plaintiffs' motion in limine to exclude documents is thus wholly without merit and should be denied, with the parties directed to meet and confer on admissibility of all documents pursuant to the Court's pretrial order.

## ARGUMENT

### I. PLAINTIFFS IMPROPERLY SEEK TO CIRCUMVENT THE MECHANISM PROVIDED BY THE PRETRIAL ORDER FOR MEETING AND CONFERRING ON THE ADMISSIBILITY OF PROPOSED EXHIBITS

The Court should deny this motion because it is premature. By the pretrial order, the Court provided a mechanism for the parties to raise objections to proposed exhibits or to stipulate as to their admissibility. Pretrial Order (Dkt. #48), at pp. 21-22. Specifically, the Pretrial Order provides that counsel for the parties are to meet and confer to pre-mark and to examine each other's proposed exhibits. *Id.*, at p. 21. (The parties have begun but not completed this process.) Counsel are to determine, with respect to each proposed exhibit, whether each exhibit is (1) a joint exhibit that will be admitted into evidence, (2) an exhibit to which there is no objection to introduction, (3) an exhibit to which the only objection is a lack of foundation, or (4) an exhibit to which objections to admissibility are based not solely on a lack of foundation. *Id.*, at pp. 21-22

Plaintiffs seek to circumvent that Court-provided mechanism and instead ask the Court to exclude *all* of the Attorney General's proposed exhibits in advance. However, even a cursory review of the parties' proposed exhibit lists shows that there is the potential for the parties to offer joint exhibits or to stipulate as to certain exhibits' admissibility, and therefore prevent the waste of the Court's and the parties' time and resources. For example, although Plaintiffs, in their

3

motion, assert that the Court should exclude all government reports and legislative histories of relevant California statutes on various evidentiary grounds, Plaintiffs themselves have identified two government reports and many of the same legislative histories as exhibits. Pretrial Order (Dkt. #48), at p. 11. The parties are likely to reach a stipulation regarding the admissibility of these types of documents.

## II. EACH OF THE ATTORNEY GENERAL'S PROPOSED EXHIBITS IS ADMISSIBLE

Instead of making specific objections about specific documents, Plaintiffs make only broad, unsupported statements that all documents should be excluded for lacking foundation, authentication, and/or relevance, and/or for being inadmissible hearsay. This is inappropriate for a motion in limine. Motions in limine that seek exclusion of broad and unspecific categories of evidence are disfavored. *Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). "A better practice is to deal with questions of admissibility of evidence as they arise." *Id.* This is particularly true in a bench trial, where the risk that a verdict will be affected unfairly and substantially by the admission of purportedly prejudicial evidence is far less than in a jury trial. *See United States v. Preston*, 706 F.3d 1106, 1117-18 (9th Cir. 2013); *United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009)("For logistical and other reasons, pretrial evidentiary motions may be appropriate in some cases. But here, once the case became a bench trial, any need for an advance ruling evaporated.")

Because Plaintiffs make only broad objections to entire categories of documents, the Attorney General can respond in only broad terms. Should Plaintiffs make timely, specific objections on a document-by-document basis, as this Court ordered, the Attorney General will respond to each objection appropriately.

### A. Plaintiffs Concede that There Is No Basis for Their Assertion that the Documents on the Attorney General's Exhibit List Are Irrelevant

While Plaintiffs assert on the one hand that the Attorney General's proposed exhibits lack relevance, Plaintiffs concede on the other hand that the documents may be relevant or that they cannot determine relevance at this stage of the proceedings. Plaintiffs' Motion in Limine Re: Exclusion of Documents (Dkt. # 56), at pp. 1 n.2 & 2. This dissembling further shows that

4

Plaintiffs' motion is premature. The relevance of each of the Attorney General's exhibits is plain on its face or may be easily ascertained during the meet-and-confer process. Instead, Plaintiffs improperly request the Court to rule on the relevancy of all documents in a vacuum. The Court should not accede to Plaintiffs' ill-defined demands.

**B.    The Attorney General's Documents Can Be Authenticated Under Rule 901 or 902**

The burden for proof of authentication is slight and circumstantial evidence suffices. *Link v. Mercedes–Benz*, 788 F.2d 918, 927 (3d Cir. 1986). "All that is required is a foundation from which the fact finder could legitimately infer that the evidence is what the proponent claims it to be." *Id.* (internal quotation and citation omitted). The contents of the challenged documents themselves can support a claim of authenticity. *Id.*

Rule 901 requires only a prima facie showing of authenticity. *U.S. v. Chu Kong Yin*, 935 F.2d 990, 996 (9th Cir. 1991) (citation omitted); *United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) (citations omitted). Rule 901 provides numerous bases to authenticate the Attorney General's proposed exhibits, including through witness testimony ((b)(1)), through distinctive characteristics and the like ((b)(4)), evidence about public records ((b)(7)), and evidence about ancient documents or data compilations ((b)(8)).

In this case, the Attorney General's witnesses, all associated with the California Bureau of Firearms, which is part of California's Department of Justice, will be able to authenticate certain reports and statistics published by the California Department of Justice. Public records, including government reports, legislative histories, and other government documents, may be authenticated under Rule 901(b)(7) with evidence that the documents were recorded or filed in a public office or are from the office where items of their kind are kept. Rule 901(b)(7). Legislative histories, government and NGO reports, books, and other publications may further be authenticated by their distinctive characteristics. *Link*, 788 F.2d at 927 (finding that corporate logos and trademarks, professional appearance of handbooks and manuals, and the specific nature of the contents of the documents, including internal consistency, were sufficiently distinctive for the court to conclude that there was sufficient circumstantial evidence of their reliability under Rule 901(b)(4)).

Rule 902 provides for items of evidence that are self-authenticating—that is, they require no extrinsic evidence of authenticity to be admitted. Such self-authenticating documents include official publications and periodicals, which comprise a bulk of documents identified on the Attorney General's exhibit list. *See* Rule 902(5) & (6); Pretrial Order, at pp. 11-18. Rule 902(5) is a "common sense provision" based on the notions that "official publications seldom contain serious mistakes in the reproduction of official pronouncements or other matters of sufficient interest to warrant official publication," and further that "official publications are likely to be readily identifiable by simple inspection, and that forgery and misrepresentation of such material is unlikely." *Williams v. Long*, 585 F. Supp. 2d 679, 690 (D. Md. 2008) (quotations omitted).

Official publications that are self-authenticating under Rule 902(5) include government reports and legislative histories. *See Kuba v. Sea World, Inc.*, 428 Fed. Appx. 728, 731 (9th Cir. 2011) (finding that excerpts from a city of San Diego website was self-authenticating under Rule 902(5)); *Cherry Hill Vineyards, LLC v. Hudgins*, 488 F.Supp.2d 601, 610 (W.D.Ky. 2006) (finding that a Federal Trade Commission Staff Report was a publication of a U.S. government agency which fell under the public records exception to the hearsay rule and was self-authenticating under Rule 902(5)).

In this case, the Attorney General identified in her proposed exhibit list government reports issued by government agencies such as the California Department of Justice, Centers for Disease Control, Federal Bureau of Investigation, and U.S. Department of Justice. Pretrial Order, at pp. 13-14. Each of these government reports is self-authenticating under Rule 902(5).

Newspapers, magazines, and other periodical materials are similarly self-authenticating under Rule 902(6). Periodicals within the scope of Rule 902(6) include magazines, trade publications, and scientific and academic journals with weekly, monthly, or quarterly circulation. *See Woolsey v. National Transp. Safety Bd.*, 993 F.2d 516, 520 (5th Cir. 1993) (articles and self-promotional statements made by an air transport company in a weekly magazine were admissible as self-authenticating documents under Rule 902); *Goguen ex rel Estates of Goguen v. Textron, Inc.*, 234 F.R.D. 13, *17-18 (D. Mass. 2006).

## C. The Attorney General's Exhibits are Not Hearsay or Subject to a Hearsay Objection

While Plaintiffs claim in the introduction of their motion that virtually all of the Attorney General's proposed exhibits are inadmissible hearsay, they provide no support for that blanket assertion, and indeed "hearsay" is never mentioned again in the rest of Plaintiffs' motion.

Attorney General's proposed exhibits are either not hearsay under Rule 801 or are subject to one or more exceptions to hearsay under Rules 803 or 807. For example, government reports are exempt from the hearsay rule under Rule 803(8). Justification for this hearsay exception "derives from the trustworthiness of the documents themselves, having been made by a public office or agency, as well as the inherent necessity to avoid requiring public officials to needlessly testify as witnesses about reports, data compilations, records, or statements made in their official capacities." *William,* 585 F.Supp.2d at 690 (citation omitted). "The documents are considered trustworthy due to the 'duty that comes with public service.'" *Id*. (citation omitted). Other exceptions to hearsay applicable here include records of a regularly conducted activity (Rule 801(8)(6)) and ancient documents (Rule 801(8)(16)).

## III. DOCUMENTS SHOULD NOT BE EXCLUDED ON THE BASIS OF UNFAIR PREJUDICE IN A BENCH TRIAL

Plaintiffs erroneously attempt to exclude "published articles and related evidence" under Rule 403 because, supposedly, their prejudicial nature outweighs their probative value. Plaintiffs' argument fails on two grounds. First, Plaintiffs provide no basis as to their claim that the published articles are prejudicial. Second, exclusions based on purported unfair prejudice are inapplicable to a bench trial because the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial.[2] *See United States v. Preston*, 706 F.3d 1106, 1117-18 (9th Cir. 2013); *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994); *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir.

---

[2] In contrast, exclusions of relevant evidence because it is cumulative or a waste of time is "clearly a proper exercise of the judge's power" under Rule 403, even in a bench trial. *See Gulf States Utils.*, 635 F.2d at 519.

1981) (holding that excluding relevant evidence in a bench trial on the basis of unfair prejudice is a useless and illogical procedure).

Plaintiffs make another misleading argument about delayed production of documents. The Attorney General's proposed exhibits were produced to Plaintiffs in discovery over a year ago or, for a fraction of the documents, after the close of discovery, but only because the documents did not exist until then or were only recently located by counsel. Furthermore, many of the Attorney General's proposed exhibits are not internal to the California Department of Justice but rather are publicly available, obtained (or in the process of being obtained) by the Attorney General from outside sources like Amazon.com or public libraries, and hence are equally available to Plaintiffs. These documents are the result of the Attorney General's ongoing factual and legal research for this case, and were either not responsive to any of Plaintiffs' discovery requests or not already in her possession, custody, or control. Nonetheless, the Attorney General has offered to provide copies of any document not already produced to Plaintiff. There has been no prejudice to Plaintiffs in this case.

### IV. MANY OF THE ATTORNEY GENERAL'S PROPOSED EXHIBITS ARE PROPER SUBJECTS FOR JUDICIAL NOTICE OR CONSIDERATION BY THE COURT FOR DETERMINATION OF LEGISLATIVE FACTS

Contrary to Plaintiffs' assertions, the Attorney General's exhibits are proper subjects for judicial notice. Pursuant to recent Ninth Circuit authority, the Court is expected to canvass historical materials about how the Second Amendment was understood. *See Peruta v County of San Diego,* No. 10-56971, 2014 WL 555862, at *4 (9th Cir. Feb. 13, 2014) (petition for en banc review pending). This work must take into account some ancient texts as well as history books that are self-authenticating and whose contents are subject to judicial notice. The Court also likely will have to consider not only legislative histories but also third-party medical and social-science research findings relevant to the efficacy of the firearms laws in question. Consequently, the Attorney General expects to make a separate request for judicial notice of many of the proposed exhibits as well as of adjudicative and legislative facts relevant to this case.

The Attorney General will preview the request for judicial notice here by noting that a court may properly take notice of public facts and public documents. *Cactus Corner, LLC v. U.S. Dept.*

8

*of Agriculture*, 346 F.Supp.2d 1075, 1098 (E.D. Cal. 2004) (granting motion for judicial notice of the fact of existence and authenticity of reports created and published by the Department of Agriculture), *aff'd*, 450 F.3d 428 (9th Cir. 2006), *citing Greeson v. Imperial Irr. Dist.*, 59 F.2d 529, 531 (9th Cir. 1932). The existence and authenticity of public records, including court orders, court pleadings, transcripts, public proceedings, legislative histories, and government reports are judicially noticeable. *See Biggs v. Terhune*, 334 F.3d 910, 915 n. 3 (9th Cir. 2003) (taking judicial notice of the habeas petitioner's hearing transcript before the Board of Prison Terms) *overruled on other grounds, Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010); *Rabkin v. Dean*, 856 F.Supp. 543, 546 (N.D. Cal. 1994) (taking judicial notice of the contents and legislative history of a proposed city ordinance).

The Attorney General listed many documents, specifically books and published medical-research or social science studies, that are just the sort that the Ninth Circuit Court of Appeals in *Chovan* has readily accepted for consideration with respect to the quasi-legal determinations that the Court will have to make about the justification for the firearms laws in question. *Chovan,* 75 F.3d at 1137 & 1139 (citing publications such as C. Kevin Marshall, *Why Can't Martha Stewart Have a Gun?*, 32 Harv. J.L. & Pub. Pol'y 695, 698, 708 (2009) and Julia C. Babcock, et al., *Does Batterer' Treatment Work? A Meta-Analytics Review of Domestic Violence Treatment,* 23 Clinical Psychol. Rev. 1023, 1039 (2004), and analyzing the legislative history of the challenged federal statute); *see also* Exhibit 1 to the Declaration of Peter H. Chang (Declaration of Caroline Han Regarding Use of Expert Witnesses in *Chovan* Litigation), paras. 4 & 5. These kinds of documents are largely self-authenticating, and do not even need to be presented through witnesses.

Where the constitutionality of a statute is challenged, as in the instant case, a court's decision "must be based largely on legislative, as opposed to adjudicative, facts." *Daggett v. Comm'n on Governmental Ethics and Election Practices*, 205 F.3d 445, 455-56 (1st Cir. 2000) ("In a [constitutional law] case like this, a conclusion of law as to a Federal right and a finding of fact are so intermingled as to make it necessary, in order to pass upon the Federal question, to analyze the facts. . . . Our decision must be based largely on legislative, as opposed to adjudicative facts.")(internal quotation and citation omitted). Legislative facts go to the content

and justification for a statute, and are usually "not proved through trial evidence but rather by material set forth in the briefs, the ordinary limits on judicial notice having no application to legislative facts." *Id.* (internal quotation and citation omitted).

Legislative facts are facts that help the court determine the content of law and policy, and need not be developed through evidentiary hearings. *Assoc. of Nat'l Advertisers, Inc. v. Fed. Trade Comm'n*, 627 F.2d 1151, 1162 (D.C.Cir. 1979). This Court may rely on legislative facts, whether or not those facts have been developed on the record, if those facts are relevant to the "legal reasoning" and interpretation of the "lawmaking process." *Sachs v. Republic of Austria*, 737 F.3d 584, 596 n.10 (9th Cir. 2013). Indeed, "any limitation in the form of indisputability, any formal requirements of notice other than those already inherent in affording opportunity to hear and be heard and exchanging briefs, and any requirement of formal findings at any level" are inappropriate to judicial access to legislative facts. *Assoc. of Nat'l Advertisers,* 627 F.2d at 1162-63 n.24 (citing Advisory Committee Notes to Rule 201).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion in limine regarding exclusion of documents.

Dated: March 3, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ *Peter H. Chang*
PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant Kamala D. Harris*

SA2012104659
40897632.doc