1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  MARK R. BECKINGTON, State Bar No. 126009
   Supervising Deputy Attorney General
3  JONATHAN M. EISENBERG, State Bar No. 184162
   Deputy Attorney General
4    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013
5    Telephone:  (213) 897-6505
     Fax:  (213) 897-5775
6    E-mail:  Jonathan.Eisenberg@doj.ca.gov
   PETER H. CHANG, State Bar No. 241467
7  Deputy Attorney General
     455 Golden Gate Ave., Suite 11000
8    San Francisco, CA 94102
     Telephone: (415) 703-5939
9    Fax: (415) 703-1234
     Email: Peter.Chang@doj.ca.gov
10 *Attorneys for Defendant Kamala D. Harris, Attorney*
   *General of California*

11

12              IN THE UNITED STATES DISTRICT COURT

13            FOR THE EASTERN DISTRICT OF CALIFORNIA

14                       FRESNO DIVISION

15

16
   **JEFF SILVESTER, et al.,**                    1:11-cv-02137-AWI-SKO
17
                                Plaintiffs,       **DEFENDANT KAMALA D. HARRIS'S**
18                                                **OPPOSITION TO PLAINTIFFS'**
                      v.                          **MOTION IN LIMINE RE: BURDEN OF**
19                                                **PROOF (DKT# 55)**

20 **KAMALA D. HARRIS, Attorney General of**      Date:         March 11, 2014
   **California, and DOES 1 to 20,**              Time:         1:30 p.m.
21                                                Courtroom:    2
                                Defendants.       Judge:        The Honorable
22                                                              Anthony W. Ishii
                                                  Trial Date:   March 25, 2014
23                                                Action Filed: December 23, 2011

24
         Defendant Kamala D. Harris, Attorney General of California, (the "Attorney General")
25
   submits the following opposition to the Plaintiffs' motion in limine addressing the burdens of
26
   proof and the related evidentiary burdens in the case at bar.
27

28

                                                 1

**INTRODUCTION**

Plaintiffs bring a Second Amendment challenge to California's statutory 10-day waiting period between application to purchase and delivery/receipt of a firearm (Cal. Penal Code §§ 26815, 27540; together, the "Waiting-Period Law").  Plaintiffs seek to enjoin the Attorney General from enforcing the Waiting-Period Law against persons who (1) have gone through the waiting period at least once before in connection with a past firearm transaction, and (2) lawfully possess a firearm that the State of California knows about.

Plaintiffs seek, by their "motion in limine," for the Court to determine the parties' burdens of proof and the applicable level of scrutiny for this case, and that Plaintiffs have (or will have) met their burden of proof.  Plaintiffs' motion improperly seeks the resolution of substantive matters that should not be resolved by a motion in limine.  A motion in limine is an evidentiary motion intended to allow a court to resolve evidentiary disputes ahead of trial before potentially prejudicial evidence is presented to the jury.  It is not an appropriate vehicle for the Court to resolve substantive issues.  Moreover, Plaintiffs misstate and misapply the relevant law.  Therefore, the Court should deny this motion.

**ARGUMENT**

**I.    PLAINTIFFS' REQUEST FOR A DETERMINATION THAT THEY MET THEIR BURDEN OF PROOF APPROXIMATES A SUBSTANTIVE MOTION IN DISGUISE AND IS IMPROPER**

A motion in limine is a motion "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States,* 469 U.S. 38, 40 n.2 (1984).  It is designed to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).  The instant motion does not seek resolution of any evidentiary disputes ahead of trial.  Rather, Plaintiffs ask the Court to resolve substantive issues relating to the Attorney General's burden of proof and the applicable level of scrutiny, as well as whether Plaintiffs met their burden of proof.  Motion in Limine Re: Burden of Proof ("Motion") (Dkt. #55), at p. 3.  These requests raising non-evidentiary issues are inappropriate for a motion in limine.  *See Louzon v. Ford Motor Co.,* 718 F.3d 556, 562 (6th Cir.

2

1  2013).  This is particularly true in a bench trial, where non-evidentiary issues can be more

2  thoroughly explored in trial briefs and resolved at trial.

3      Courts have routinely denied substantive motions disguised as motions in limine.  *See, e.g.,*

4  *TVT Records v. Island Def Jam Music Group,* 250 F.Supp.2d 341, 344-45 (S.D.N.Y. 2003)

5  (denying motions in limine where the motions were substantive motions filed "in the guise of

6  addressing limited evidentiary issues"); *Chopourian v. Catholic Healthcare West,* No.09-cv-

7  2972-KJM-KJN, 2011 WL 6396500, at *11-12 (E.D. Cal. Dec. 20, 2011)  (denying motion in

8  limine because "the motion is . . . a substantive motion disguised as a motion in limine").

9      Plaintiffs here do not raise any issues as to the admissibility of evidence but rather raise

10  substantive issues inappropriate for an evidentiary motion.  The Court should thus deny Plaintiffs'

11  "motion in limine."

12  **II.    PLAINTIFFS' REQUEST FOR A DETERMINATION OF THE PARTIES' RESPECTIVE
          BURDENS OF PROOF AND THE APPROPRIATE DEGREE OF SCRUTINY IS ALSO**
13  **     IMPROPER**

14      As with Plaintiffs' request for a ruling that they will have met their burden of proof, their

15  request for the Court to determine the Attorney General's burden of proof and applicable level of

16  scrutiny in this case should not be resolved by way of an evidentiary motion as they are

17  substantive issues.  A determination of the applicable burden of proof for both parties and the

18  appropriate level of scrutiny requires consideration and resolution of legal and factual issues not

19  raised or addressed by Plaintiffs' motion in limine.

20      If the Court wishes to addresses these issues,  the Attorney General submits that it can seek

21  briefing from the parties on the  recent authority from the Ninth Circuit Court of Appeals in

22  *United States v. Chovan*  75 F.3d 1127, (9th Cir. 2013) and  *Peruta v. County of San Diego*, Case

23  No. 10-56971, 2014 WL 555862, at *3 (9th Cir. Feb. 13, 2014).[1]

24      In denying the Attorney General's summary-judgment motion, this Court, relying on the

25  *Chovan* decision, found preliminarily that the Waiting-Period Law burdens the Second

26  Amendment right.  However, the Attorney General completed its summary judgment briefing

27      [1] Petitions for rehearing or en banc review are pending in both *Chovan* and *Peruta*.  The
    Attorney General filed one of the petitions for en banc review in *Peruta*.

28

1    before the release of the *Chovan* opinion, which altered the applicable legal standard in this

2    circuit.  Since the Court issued its summary judgment order, the Ninth Circuit has also issued

3    *Peruta*, which further elucidated the relevant analytical framework applicable in the instant case

4    for the Court to determine the appropriate burden of proof on the parties and, if necessary, the

5    level of scrutiny.[2]  The Attorney General intends to brief these substantive issues in its trial brief.

6                                                **CONCLUSION**

7              For the foregoing reasons, the Court should deny Plaintiffs' motion in limine, which seeks

8    resolution of substantive issues not appropriate for resolution by way of an evidentiary motion.

9
10   Dated:  March 3, 2014                          Respectfully submitted,

11                                                  KAMALA D. HARRIS
                                                    Attorney General of California
12                                                  MARK R. BECKINGTON
                                                    Supervising Deputy Attorney General
13

14                                                  */s/ Peter H. Chang*_____
                                                    PETER H. CHANG
15                                                  Deputy Attorney General
                                                    *Attorneys for Defendant Kamala D. Harris*
16
     SA2012104659
17

18

19

20

21

22

23

24

25

26

27           [2] Assuming that either case survives the pending petitions for en banc review.  See
     footnote 1, *supra*.
28

                                                    4