Victor J. Otten (SBN 165800)
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225
E-Mail: vic@ottenandjoyce.com

Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION
2500 TULARE STREET | FRESNO, CA 93721

| | |
|---|---|
| JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>Plaintiffs,<br><br>vs.<br><br>KAMALA HARRIS, Attorney General of California, and DOES 1 to 20,<br><br>Defendants. | Case No.:   1:11-CV-2137 AWI SAB<br><br>PLAINTIFFS' REPLY MEMORANDUM RE: MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY AND LIMIT LAY OPINION TESTIMONY<br><br>(Plaintiffs' Motion Doc #54)<br>(Defendants' Opposition Doc # 59)<br><br>Hearing Date:   March 11, 2014<br>Hearing Time:   1:30 p.m.<br>Courtroom:     2 |

Plaintiffs' Motion in Limine to Exclude Expert Opinion Testimony and To Limit Lay Opinion Testimony (Doc #54) and Defendants' Non-Opposition Opposition (Doc #59) may set the stage for at least one of the issues destined for further enlightenment by a Court of Appeals.

Plaintiffs' Reply MIL Expert/Lay Opinion     Page 1 of 4     *Silvester, et al. v. Harris*

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   First, Plaintiffs object to the declaration of Caroline P. Han (Doc #59-2). She
2   is not an attorney of record in this case.  She is not admitted to practice before the
3   Eastern District of California.  She does not claim to represent any named parties
4   in this matter.  Furthermore her personal knowledge of the opinion issued in *United
5   States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013) is irrelevant.  The published opinion
6   speaks for itself.  It is this Court's reading of and application of the law set forth in
7   *Chovan* that is the only legal opinion that matters in this upcoming trial.

8   Notwithstanding the inadmissible declaration of Caroline P. Han (Doc #59-2)
9   regarding the *Chovan* case, and while that opinion does address tangentially that
10  court's survey of the 'historical' evidence of the meaning and scope of the Second
11  Amendment, the *Chovan* case was most certainly not about the admissibility or
12  inadmissability of evidence that bore on the central question before that Court.
13  There is nothing in that opinion to indicate that an evidentiary objection was made
14  in the trial court, ruled on and then briefed as part of the *Chovan* appeal.

15  Given that the United States Supreme Court in both *District of Columbia v.
16  Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago,* 561 U.S. ____ , 130 S.
17  Ct. 3020 (2010), engaged in a survey of 'historical' evidence of the scope and
18  meaning the Second Amendment, the Plaintiffs herein cannot (and do not) object to
19  that kind of evidence being derived from academic studies and law-journal articles.

20  However, and fatal to the Defendants' gambit here, is the suggestion that a
21  trial court can rely on "social science" studies and "medical-research" studies
22  relating to public safety rationales for gun control statutes that impinge on a
23  fundamental right – all without a proper foundation, the right of cross-examination,
24  or the prior disclosure of an intent to use expert opinion testimony at trial.  Social
25  science studies and medical-research studies are the very definition of expert
26  opinion testimony as defined by Federal Rule of Evidence 702.

27  There is nothing in the *Chovan* opinion to suggest that an evidentiary ruling,
28  after an objection was made was at the core of that case.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1  There is everything to suggest the both parties have placed this issue
2  squarely before this Court for its consideration in their motions in limine.
3  Furthermore, this Court (during the in-chambers pre-trial conference) offered both
4  parties an opportunity to move the Court for an order reopening discovery, which
5  presumably would have reopened the issue of expert witness disclosures and expert
6  discovery.  Both parties declined the invitation.  It would be patently unfair at this
7  stage of the proceedings to allow one party to boot-strap expert opinions in the form
8  of "social science studies" and "medical-research studies" into the evidentiary record
9  by slight of hand.

10  When looking at the alleged secondary effects of the alleged downside of adult
11  book stores, and thus interpreting the rationale set forth in *City of Los Angeles v.*
12  *Alameda Books*, Inc., (2002) 535 U.S. 425, the Seventh Circuit held:

> [...] [B]ecause books (even of the "adult" variety) have a constitutional status different from granola and wine, and laws requiring the closure of bookstores at night and on Sunday are likely to curtail sales, the public benefits of the restrictions must be established by evidence, and not just asserted. The evidence need not be local; Indianapolis is entitled to rely on findings from Milwaukee or Memphis (provided that a suitable effort is made to control for other variables). See Andy's Restaurant, 466 F.3d at 554-55. **But there must be evidence; lawyers' talk is insufficient**. (Emphasis added.)
>
> *Annex Books v. City of Indianapolis*,
> 581 F.3d 460, 463 (7th Cir. 2009)

20  Books occupy the same relationship to the First Amendment, that guns
21  occupy with respect to the Second.  Commercial restrictions on either that purport
22  to address public safety must be based on admissible evidence.
23  This concept is not new.  The United States Supreme Court declined to take
24  judicial notice of the military utility of sawed-off shotguns without a proper
25  evidentiary foundation as far back as 1939.  *Miller v. United States*, 307 U.S. 174,
26  178 (1939).
27  This Court should similarly resist the temptation to admit social science and
28  medical science evidence that has not been subjected to the crucible of the Federal

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Reply MIL Expert/Lay Opinion        Page 3 of 4        *Silvester, et al. v. Harris*

Rules of Civil Procedure regarding mandatory disclosures and the opportunity to engage in mutual discovery of those experts' methodology, source data, bias and standing the in the scientific community.  Nor should this Court permit any party to flaunt the Federal Rules of Evidence regarding notice, foundation, hearsay and relevance that is standard practice in trial courts and constitutionally necessary for this highly controversial kind of evidence.

Respectfully Submitted on March 7, 2014 by:

  /s/ Victor Otten

Victor J. Otten (SBN 165800)
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225
E-Mail: vic@ottenandjoyce.com

  /s/ Donald Kilmer

Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Attorneys for Plaintiffs

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Reply MIL Expert/Lay Opinion            Page 4 of  4            *Silvester, et al. v. Harris*