UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SILVESTER, et al.,<br><br>Plaintiffs<br><br>v.<br><br>KAMALA HARRIS, Attorney General of California, and DOES 1 to 20,<br><br>Defendants | CASE NO. 1:11-CV-2137 AWI SAB<br><br>ORDER ON MOTIONS IN LIMINE<br><br>(Doc. Nos. 51, 53, 54, 55, 56) |

On March 11, 2014, the Court held a hearing on the parties' motions in limine. This order memorializes the rulings made.

I. **Plaintiffs' Motions**

   **1. P's MIL #1 (Doc. No. 53)        Exclude Witnesses From The Courtroom**

   Plaintiffs' request that the Court exclude witnesses pursuant to Federal Rule of Evidence 615. Defendant filed a statement of non-opposition.

   *Ruling*

   This motion is in limine is GRANTED and witnesses from the courtroom will be excluded pursuant to Rule 615.

**2.  P's MIL #2 (Doc. No. 54)          Exclude Expert Witness Evidence  & Limit Lay Opinion Testimony**

Plaintiffs argue that neither side has disclosed expert witnesses, received expert reports, or deposed experts.  However, Defendants have disclosed a number of witnesses who are employees of the California Department of Justice – Firearms Bureau.  Plaintiffs anticipate that Defendant will attempt to introduce expert opinion evidence in the form of lay testimony that does not meet the requirements of FRE 701.  Although the "balls & strikes" of what is an expert opinion and what is lay opinion may have to wait for an offer of proof or in testimony as it is given at trial, it is prudent for the Court to be aware of and on watch for this issue at trial.

Harris argues *inter alia* that she does not oppose the exclusion of expert testimony, as she has filed a similar motion.  However, the request to limit lay opinion testimony, untethered to any suspected testimony, is improper.

*Ruling*

There is no dispute that neither side disclosed or designated experts as required by Federal Rule of Civil Procedure 26(a)(2).  Because no designation/disclosures were made, the Court will follow Federal Rule of Civil Procedure 37(c)(1).  Therefore, expert testimony will be excluded unless the proponent of the testimony can show either an absence of harm or substantial justification for failing to disclose the expert under Rule 26(a)(2).  See Fed. R. Civ. Pro. 37(c)(1).  At trial, the Court will address objectionable testimony as it occurs, and the Court will be cognizant of Federal Rule of Evidence 701.  Accordingly, this motion is reserved.

**3.  P's MIL #3 (Doc. No. 55)          Burden of Proof**

Plaintiffs argue that the summary judgment order found that the 10-day waiting period burdens the Second Amendment.  Accordingly, it is Defendant's burden to show that the Second Amendment, as historically understood, did not apply for a period of time between the purchase/attempted purchase of a firearm and possession of that firearm.  Further, it is the Defendant's burden to show that the laws at issue are constitutional through either intermediate scrutiny or strict scrutiny.  Rational basis review does not apply.  Plaintiffs request that the Court

make three rulings: (1) Plaintiffs will have met their burden by setting forth evidence that (a) at all relevant times the Plaintiffs have each owned at least one firearm, (b) at all relevant times, one effect of Penal Code §§ 26815 and 27540 has been that all California residents lawfully purchasing firearms must wait a minimum of 10 days between applying to purchase the firearms and receiving delivery of them, (c) unless the purchases are statutorily exempt. (2) The level of scrutiny will not be rational basis; and (3) the defendants have the burden of proving that the waiting period laws pass the appropriate level of scrutiny.

Harris argues that this MIL is inappropriate because it does not seek to resolve any evidentiary issues ahead of trial. Non-evidentiary issues should not be raised in a MIL, but in a bench trial should be resolved and explored through trial briefs and at trial. If the Court wishes to address these issues, briefing can be submitted with respect to the recent Ninth Circuit cases of *United States v. Chovan* and *Peruta v. County of San Diego* (petitions for rehearing or en banc review are pending in both of these cases).

*Ruling*

The Court is generally in agreement with Defendant that a ruling on the burden of proof issues is not appropriate at this time through a motion in limine. The burden of proof issues will be determined through briefing and during the course of trial. Accordingly, the Court reserves ruling on this motion.[1] However, irrespective of where various burdens lie, the parties are to be prepared to present the entirety of their case starting on March 25, 2014.[2]

**4.  P's MIL #4 (Doc. No. 56)           Exclusion of Documents**

Plaintiffs move to exclude any and all evidence and reference to legislative history, court filings, books, government and NGO reports, scholarly articles, magazine articles, and newspaper

---

[1] With respect to any further briefing or arguments regarding the burden of proof, in addition to *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013) and *Peruta v. County of San Diego*, 2014 U.S. App. LEXIS 2786 (9t h Cir. 2014) , the Court requests that the parties also address *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011) and *United States v. Chester*, 628 F.3d 673 (4th Cir. 2010).

[2] At the hearing, defense counsel informed the Court that a critical witness may not be available due to a medical condition. As the Court explained at the hearing, there are options regarding obtaining this witness's testimony, including deposition and taking the testimony at a separate time when the witness becomes available. Otherwise, the parties are expected to be prepared to present their respective cases.

articles. Exclusion is appropriate because such evidence lacks the necessary foundation, lack proper authentication, lacks relevance, and is hearsay.

Defendant argues that this motion is premature. The pre-trial order provides a mechanism for the parties to meet and confer regarding marking and stipulating as to evidence. Plaintiffs seek to circumvent this and exclude all of Harris's evidence. Further, Defendant also argues that it is inappropriate for Plaintiffs to make broad and sweeping arguments without identifying a particular offending document.

In reply, Plaintiffs agree that a meet and confer would be useful. Plaintiffs request that the Court withhold a ruling at this time.

*Ruling*

The Court reserves ruling on this motion. The parties will meet and confer regarding the exhibits. The Court will address further evidentiary objections as they arise. Accordingly, this motion is reserved.

## II. Defendant's Motions

### 1. D's MIL #1        Exclude Expert Testimony of Messrs. Gottlieb & Hoffman

Defendant argues that Alan Gottlieb is the corporate representative of Plaintiff The Second Amendment Foundation, Inc., and Gene Hoffman is the corporate representative of Plaintiff The Cal Guns Foundation, Inc. Neither Gottlieb nor Hoffman have been designated as experts in this matter. Accordingly, it is inappropriate for Gottlieb or Hoffman to offer expert testimony.

Plaintiffs argue that the request to exclude expert testimony is almost a mirror image of their own MIL. As such, the request to exclude expert testimony is unopposed.

*Ruling*

The Court's ruling on this motion will be the same as that made for Plaintiffs' second motion in limine. Expert testimony will be excluded unless the failure to disclose an expert was either harmless or substantially justified, as provided by Rule 37(c)(1). At trial, the Court will address objectionable testimony as it occurs, and the Court will be cognizant of Federal Rule of Evidence 701. Accordingly, this motion is reserved.

**2.  P's MIL #2          Exclude Hearsay Testimony**

Harris argues that she expects Gottlieb and Hoffman to testify as to anecdotes of the purported effects of the 10-day waiting period on certain of their members.  For example, Hoffman explained during his deposition that he was made aware of situation in which someone was attempting to obtain a firearm because of stalker.  However, Hoffman did not speak with that person and was informed about the situation from a member.  Such evidence is hearsay and is inadmissible.

Plaintiffs argue that the request to exclude hearsay testimony is almost a mirror image of their own MIL regarding experts.  As such, the request to exclude expert testimony is unopposed.

*Ruling*

The Court will follow the federal rules of evidence with respect to hearsay testimony.  If testimony is hearsay and no exception applies, the testimony will be excluded.  At trial, the Court will address objectionable testimony as it occurs.  Accordingly, this motion is reserved.

**ORDER**

IT IS HEREBY ORDERED that:

1. Plaintiffs' first motion in limine is GRANTED;
2. All other motions in limine are reserved, consistent with the above discussion.

IT IS SO ORDERED.

Dated:   March 12, 2014                     _____
                                             SENIOR  DISTRICT  JUDGE

5