1  Victor J. Otten (SBN 165800)
   vic@ottenandjoyce.com
2  OTTEN & JOYCE, LLP
   3620 Pacific Coast Hwy, Suite 100
3  Torrance, California 90505
   Phone: (310) 378-8533
4  Fax: (310) 347-4225

5  Donald E.J. Kilmer (SBN 179986)
   LAW OFFICES OF DONALD KILMER
6  A Professional Corporation
   1645 Willow Street, Suite 150
7  San Jose, California 95125
   Phone: (408) 264-8489
8  Fax: (408) 264-8487

9  Attorneys for Plaintiffs

10

11

12

13

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JEFF SILVERSTER, MICHAEL POESCHL, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,**<br><br>                    **Plaintiffs,**<br><br>     **v.**<br><br>**KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20.**<br><br>                    **Defendants.** | **Case No. 1:11-cv-02137-AWI-SKO**<br><br>**PLAINTIFFS' OBJECTIONS TO EVIDENCE CITED IN DEFENDANT'S TRIAL BRIEF**<br><br>Judge:          Hon. Anthony W. Ishii<br>Courtroom:      8th Floor, Room 2<br>Trial Date:     March 25, 2014<br>Time:           9:00 a.m.<br>Case Filed:     Dec. 23, 2011<br><br>[Filed concurrently with Plaintiffs' Response to Defendant's Trial Brief.] |

Plaintiffs object to evidence cited in the Attorney General's Trial Brief on the following grounds:

**Objections to Legislative History**

1) July 7, 1975 letter from R. James Rasmussen to Frank Murphy, Jr. AG's Trial Brief at 5:3-5.

2) September 12, 1975 letter from Rodney J. Blonien to Edmund G. Brown, Jr. AG's Trial Brief at 5:5-11.

3) Cal. Assembly Comm. on Public Safety, Assembly Analysis of Sen. Bill 671 (1995-96 Reg. Sess.), Jul. 11, 1995, p. 3. AG's Trial Brief at 5:17-20.

4) Cal. Senate Comm. on Crim. Proc., Report ("Firearm Dealer Record of Sale—Electronic Transmission to the Department of Justice") on Sen. Bill 671 (1995-95 Reg. Sess.), Mar. 28, 1995, p.3. AG's Trial Brief at 5:3-5.

5) Cal. Senate Public Safety Comm., Analysis on Third Reading of Sen. Bill 1671 (1995-96 Ress.), as amended (RN9620429), p.4. AG's Trial Brief at 6:1-3.

Objection: Relevancy - the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. The AG also intends to use this evidence to justify the length of time it takes the DOJ to run a background check. Plaintiffs in this action, however, already have a firearm tied to their identity in state databases. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Foundation - Plaintiffs' reserve their right to object on the basis of lack of foundation.

Objection: Judicial Notice - The court may only judicially notice a fact that is

1

not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); <u>United States v. Mariscal,</u> 285 F.3d 1127, 1131 (9th Cir. 2002). See also, <u>Oneida Indian Nation of New York v. State of New York,</u> 691 F.2d 1070, 1086 (2nd Cir. 1982).

<u>Objection</u>: Hearsay-- the AG is offering a statement from the article for its truth.

**Objections to News Articles**

1)    "Brown Signs Tough Gun Control Bill," The Sacramento Bee, Sept. 24, 1975. AG's Trial Brief at 5:3-5.

<u>Objection:</u> Relevancy - the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. Plaintiffs in this action, however, already have a firearm tied to their identity in state databases. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

<u>Objection</u>: Judicial Notice - The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); <u>United States v. Mariscal,</u> 285 F.3d 1127, 1131 (9th Cir. 2002).

<u>Objection</u>: Hearsay - The AG is offering a statement from the article for its truth. Fed. R. Evid. 802(c) No exception applies because statements in periodicals only fall under the exception if the statement is called to the attention of an expert witness on direct or cross-examination and the called publication is established as a reliable authority by the expert's admission or testimony, by another expert's

testimony, or by judicial notice.  Fed. R. Evid. 803(18) Even if the court takes judicial notice that the publication is established as reliable, no expert can testify because "there was no expert discovery in this case." AG's Trial Brief at 7:10. No expert witness means the periodical is inadmissible for lack of foundation. See e.g., Wilkins v. Kmart Corp.,  487 F.Supp.2d 1216 (D.Kan.2007).

**Objections to Journal Articles**

    1)    David A. Brent, *Firearms and Suicide*, Annals of New York Academy of Sciences, 225 (2001). AG's Trial Brief at 22:3-5.

Objection: Relevancy - the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. Plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Judicial Notice -  The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); United States v. Mariscal, 285 F.3d 1127, 1131 (9th Cir. 2002).

Objection: Hearsay - The article is hearsay, and does not fall within the exception for a learned treatise. Fed. R. Evid. 803(18). The AG is offering a statement from the article for its truth. Fed. R. Evid. 802(c) No exception applies because statements in periodicals only fall under the exception if statement is called to the attention of an expert witness on direct or cross-examination and the called publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice.  Fed. R. Evid.

803(18). Even if the court takes judicial notice that the publication is established as reliable, no expert can testify because "there was no expert discovery in this case." AG's Trial Brief at 7:10.

2)      Greg M. de Moore, et al., *Survivors of Self-inflicted Firearm Injury*, 160 The Medical Journal of Australia (1994). AG's Trial Brief at 20:21-22.

Objection: Relevancy- the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. Plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Judicial Notice - The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); United States v. Mariscal, 285 F.3d 1127, 1131 (9th Cir. 2002).

Objection: Hearsay. The article is hearsay, and does not fall within the exception for a learned treatise. Fed. R. Evid. 803(18). Fed. R. Evid. 802(c) No exception applies because statements in periodicals only fall under the exception if statement is called to the attention of an expert witness on direct or cross-examination and the called publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice. Fed. R. Evid. 803(18) Even if the court takes judicial notice that the publication is established as reliable, no expert can testify because "there was no expert discovery in this case." AG's Trial Brief at 7:10.

3)      Kevin Marshall, *Why Can't Martha Stewart Have a Gun?*, 32 Harv.

4

J.L. & Pub. Pol'y 695, 698. AG's Trial Brief at 20:10.

Objection: Relevancy- the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. Plaintiffs in this action, however, already have a firearm tied to their identity in state databases. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Judicial Notice - The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); <u>United States v. Mariscal,</u> 285 F.3d 1127, 1131 (9th Cir. 2002).

Objection: Hearsay- The article is hearsay, and does not fall within the exception for a learned treatise. Fed. R. Evid. 803(18). Fed. R. Evid. 802(c) No exception applies because statements in periodicals only fall under the exception if statement is called to the attention of an expert witness on direct or cross-examination and the called publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice. Fed. R. Evid. 803(18) Even if the court takes judicial notice that the publication is established as reliable, no expert can testify because "there was no expert discovery in this case." AG's Trial Brief at 7:10.

   4) Julia C. Babcock, et al., *Does Batterer's Treatment Work? A Meta-Analytics Review of Domestic Violence Treatment*, 23 Clinical Psych. Rev 1023, 1039 (2004). AG's Trial Brief at 20:11-12.

Objection: Relevancy- the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. Plaintiffs in this

action, however, already have a firearm tied to their identity in state databases. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Judicial Notice - The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); United States v. Mariscal, 285 F.3d 1127, 1131 (9th Cir. 2002).

Objection: Hearsay- The article is hearsay, and does not fall within the exception for a learned treatise Fed. R. Evid. 803(18). Fed. R. Evid. 802(c) No exception applies because statements in periodicals only fall under the exception if statement is called to the attention of an expert witness on direct or cross-examination and the called publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice. Fed. R. Evid. 803(18) Even if the court takes judicial notice that the publication is established as reliable, no expert can testify because "there was no expert discovery in this case." AG's Trial Brief at 7:10.

**Objections as to Books**

    1)    James A. Fox, et al., *The Will to Kill: Making Sense of Senseless Murder*, 4th Ed. (Prentice Hall 2011). AG's Trial Brief at 20:19-20.

Objection: Relevancy - the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. Plaintiffs in this action, however, already have a firearm tied to their identity in state databases. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Foundation- The burden is on the AG to lay the foundation. Fed. R. Evid. 901(a) The book here is not self-authenticating under Fed. R. Evid. 902 because it does not qualify as newspapers, periodicals, or a book from a "public authority" See Fed. R. Evid. 902(5) and (6). A published book does not qualify as self-authenticating because the word "book" is not explicitly mentioned anywhere in the statute, except for books from a public authority. See Fed. R. Evid. 902(5) "A book, pamphlet, or other publication purporting to be issued by a public authority [is self- authenticating]." (Emphasis added).

Objection: Hearsay - The book is hearsay, and does not fall within the exception for a learned treatise. Fed. R. Evid. 803(18), Fed. R. Evid. 802(c). No exception applies because the word "book" is not mentioned anywhere within Fed. R. Evid. 803 exceptions to the hearsay rule, and does not qualify as non-hearsay.

Objection: Judicial Notice - The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); United States v. Mariscal, 285 F.3d 1127, 1131 (9th Cir. 2002).

2)     Robert A. Hahn, et al., *Firearms Laws and the Reduction of Violence: A Systematic Review*, 28 American Journal of Preventive Medicine 40 (2005). AG's Trial Brief at 21:24-25.

Objection: Relevancy- The AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. Plaintiffs in this action, however, already have a firearm tied to their identity in state databases. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Foundation- The burden is on the AG to lay the foundation. Fed.

R. Evid. 901(a). The book here is not self-authenticating under Fed. R. Evid. 902 because it does not qualify as newspapers, periodicals, or a book from a "public authority" See Fed. R. Evid. 902(5) and (6). A published book does not qualify as self-authenticating because the word "book" is not explicitly mentioned anywhere in the statute, except for books from a public authority. See Fed. R. Evid. 902(5) "A book, pamphlet, or other publication purporting to be issued by a public authority [is self- authenticating]." (Emphasis added).

Objection: Hearsay - The book is hearsay, and does not fall within the exception for a learned treatise. Fed. R. Evid. 803(18). Fed. R. Evid. 802(c) No exception applies because statements in periodicals only fall under the exception if statement is called to the attention of an expert witness on direct or cross-examination and the called  publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice. Fed. R. Evid. 803(18) Even if the court takes judicial notice that the publication is established as reliable, no expert can testify because "there was no expert discovery in this case." AG's Trial Brief at 7:10. No expert witness means the book is inadmissible for lack of foundation. See e.g., Wilkins v. Kmart Corp., 487 F.Supp.2d 1216 (D.Kan.2007).

Objection: Judicial Notice - The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); United States v. Mariscal, 285 F.3d 1127, 1131 (9th Cir. 2002).

    3)    Samuel Johnson, *A Dictionary of the English Language* (10th Ed.) (1792) AG's Trial Brief at 14:22-27.

Objection: Relevance- the definitions are not relevant

Objection: Foundation the Defendants have not laid a foundation for the book.

4)      Jack Larkin, *The Reshaping of Everyday Life*, 1790-1840 (Harper & Row 1988). AG's Trial Brief at 15:6-8.

Objection: Relevancy- the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. The plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Foundation – The burden is on the AG to lay the foundation. Fed. R. Evid. 901(a). The book here is not self-authenticating under Fed. R. Evid. 902 because it does not qualify as newspapers, periodicals, or a book from a "public authority" See Fed. R. Evid. 902(5) and (6).  A published book does not qualify as self-authenticating because the word "book" is not explicitly mentioned anywhere in the statute, except for books from a public authority. See Fed. R. Evid. 902(5) "A book, pamphlet, or other publication purporting to be issued by a public authority [is self- authenticating]." (Emphasis added). Moreover, this is not self-authenticating as an ancient document unless it is (a) in a condition that creates no suspicion of their authenticity, (b) is found in a place where, if authentic, they would likely be, and (c) is 20 years old or more. Fed. R. Evid. 901(b)(8). .

Objection: Hearsay - The book is hearsay, and does not fall within the exception for a learned treatise. The AG is offering a statement from the book for the truth. Fed. R. Evid. 803(18),  Fed. R. Evid. 802(c). No exception applies because the word "book" is not mentioned anywhere within Fed. R. Evid. 803 exceptions to the hearsay rule, and does not qualify as non-hearsay.

Objection: Judicial Notice - The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); <u>United States v. Mariscal,</u> 285 F.3d 1127, 1131 (9th Cir. 2002).

     5) Matthew Miller and David Hemenway, *The Relationship Between*
            *Firearms and Suicide: A Review of the Literature for Aggression and*
            *Violent Behavior* 59 (1999). AG's Trial Brief at 21:5-7.

    <u>Objection</u>: Relevancy- the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. Plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

    <u>Objection</u>: Hearsay- The article is hearsay, and does not fall within the exception for a learned treatise. Fed. R. Evid. 803(18), Fed. R. Evid. 802(c) No exception applies because statements in periodicals only fall under the exception if statement is called to the attention of an expert witness on direct or cross-examination and the called  publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice.  Fed. R. Evid. 803(18) Even if the court takes judicial notice that the publication is established as reliable, no expert can testify because "there was no expert discovery in this case." AG's Trial Brief at 7:10. No expert witness means the book is inadmissible for lack of foundation. See e.g., <u>Wilkins v. Kmart Corp.</u>, 487 F.Supp.2d 1216 (<u>D.Kan</u>.2007).

    <u>Objection</u>: Judicial Notice- The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); <u>United States v. Mariscal,</u> 285 F.3d 1127, 1131 (9th Cir. 2002)

5) Linda G. Peterson, et al., *Self-inflicted Gunshot Wounds: Lethality of Method Versus Intent*, 142 American Journal of Psychiatry 228 (Feb. 1985). AG's Trial Brief at 20:27-28.

Objection: Relevancy- the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. Plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Hearsay - The article is hearsay, and does not fall within the exception for a learned treatise. Fed. R. Evid. 803(18). Fed. R. Evid. 802(c) No exception applies because statements in periodicals only fall under the exception if statement is called to the attention of an expert witness on direct or cross-examination and the called publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice. Fed. R. Evid. 803(18) Even if the court takes judicial notice that the publication is established as reliable, no expert can testify because "there was no expert discovery in this case." AG's Trial Brief at 7:10. No expert witness means the book is inadmissible for lack of foundation. See e.g., Wilkins v. Kmart Corp., 487 F.Supp.2d 1216 (D.Kan.2007).

Objection: Judicial Notice- The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); United States v. Mariscal, 285 F.3d 1127, 1131 (9th Cir. 2002).

6) Charles Sellers, *The Market Revolution: Jacksonian America*, 1815-1846 (Oxford Univ. Press 1991). AG's Trial Brief at 15:6-7.

Objection: Relevancy- the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. The plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Foundation – The burden is on the AG to lay the foundation. Fed. R. Evid. 901(a). The book here is not self-authenticating under Fed. R. Evid. 902 because it does not qualify as newspapers, periodicals, or a book from a "public authority". See Fed. R. Evid. 902(5) and (6). A published book does not qualify as self-authenticating because the word "book" is not explicitly mentioned anywhere in the statute, except for books from a public authority. See Fed. R. Evid. 902(5) "A book, pamphlet, or other publication purporting to be issued by a public authority [is self- authenticating]." (Emphasis added). Moreover, this is not self-authenticating as an ancient document unless it is (a) in a condition that creates no suspicion of their authenticity, (b) is found in a place where, if authentic, they would likely be, and (c) is 20 years old or more. Fed. R. Evid. 901(b)(8). .

Objection: Judicial Notice- The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); United States v. Mariscal, 285 F.3d 1127, 1131 (9th Cir. 2002).

Objection: Hearsay- The book is hearsay, and does not fall within the exception for a learned treatise. Fed. R. Evid. 803(18). Fed. R. Evid. 802(c). No exception applies because the word "book" is not mentioned anywhere within Fed. R. Evid. 803 exceptions to the hearsay rule, and does not qualify as non-hearsay.

7) Robert J. Spitzer, *The Politics of Gun Control*, Fifth. Ed. (Paradigm

Publishers 2012). AG's Trial Brief at 12:16-17.

Objection: Relevancy- the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. The plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Foundation - The burden is on the AG to lay the foundation. Fed. R. Evid. 901(a). The book here is not self-authenticating under Fed. R. Evid. 902 because it does not qualify as newspapers, periodicals, or a book from a "public authority" See Fed. R. Evid. 902(5) and (6). A published book does not qualify as self-authenticating because the word "book" is not explicitly mentioned anywhere in the statute, except for books from a public authority. See Fed. R. Evid. 902(5) "A book, pamphlet, or other publication purporting to be issued by a public authority [is self- authenticating]." (Emphasis added). Moreover, this is not self-authenticating as an ancient document unless it is (a) in a condition that creates no suspicion of their authenticity, (b) is found in a place where, if authentic, they would likely be, and (c) is 20 years old or more. Fed. R. Evid. 901(b)(8). .

Objection: Judicial Notice - The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); United States v. Mariscal, 285 F.3d 1127, 1131 (9th Cir. 2002).

Objection: Hearsay- The book is hearsay, and does not fall within the exception for a learned treatise. The AG is offering a statement from the book for its truth. Fed. R. Evid. 803(18). Fed. R. Evid. 802(c). No exception applies because the word "book" is not mentioned anywhere within Fed. R. Evid. 803 exceptions to

13

the hearsay rule, and does not qualify as non-hearsay.

8) U.S. Department of Justice, Federal Bureau of Investigation, *Criminal Justice Information Services Division, National Instant Background Check System (NICS)* Operations 2011 (2012). AG's Trial Brief at 19:11-14.

Objection: Relevancy- the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. The plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rational would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Hearsay - The AG is offering a statement from the article for its truth. Fed. R. Evid. 802(c) No exception applies because statements in public records only fall under the exception if the record (A) sets out the office's activities; a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and (B) neither the source of information nor other circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(8). However, "evaluative reports" or "status reports" do not qualify. See, e.g. Lomax Transp. Co. v. United States, 183 F.2d 331 (9th Cir. 1950).

Objection: Judicial notice - The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); United States v. Mariscal (9th Cir. 2002) 285 F3d 1127, 1131]

9) Daniel W. Webster and Jon S. Vernick, Eds., *Reducing Gun Violence*

14

*in America: Informing Policy with Evidence and Analysis* (The Johns

Hopkins Univ. Press 2013). AG's Trial Brief at 19:1-5.

3  Objection: Relevancy- the AG is attempting to introduce evidence that the

4  10-day waiting period is needed to perform background checks to make sure that

5  prohibited persons do not come into possession of another firearm. The plaintiffs in

6  this action, however, already have a firearm. If an individual already possesses a

7  firearm, then nothing about this rational would prevent that individual from acting

8  on a sudden impulse to commit gun violence with a gun already in his or her

9  possession.

10  Objection: Foundation. The burden is on the AG to lay the foundation. Fed.

11  R. Evid. 901(a). The book here is not self-authenticating under Fed. R. Evid. 902

12  because it does not qualify as newspapers periodical, or book from a "public

13  authority". See Fed. R. Evid. 902(5) and (6). A published book does not qualify as

14  self-authenticating because the word "book" is not explicitly mentioned anywhere

15  in the statute, except for books from a public authority. See Fed. R. Evid. 902(5)

16  ("A book, pamphlet, or other publication purporting to be issued by a public

17  authority [is self- authenticating]." (Emphasis added). Moreover, this is not self-

18  authenticating as an ancient document unless it is (a) in a condition that creates no

19  suspicion of their authenticity, (b) is found in a place where, if authentic, they

20  would likely be, and (c) is 20 years old or more. Fed. R. Evid. 901(b)(8). .

21  Objection: as to judicial notice. The court may only judicially notice a fact

22  that is not subject to reasonable dispute because it: (1) is generally known within

23  the trial court's territorial jurisdiction; or (2) can be accurately and readily

24  determined from sources whose accuracy cannot reasonably be questioned." Fed. R.

25  Evid. 201(b) (emphasis added); United States v. Mariscal (9th Cir. 2002) 285 F3d

26  1127, 1131.

27  Objection: Hearsay - The article is hearsay, and does not fall within the

28  exception for a learned treatise. The AG is offering a statement from the book for

its truth. Fed. R. Evid. 803(18), Fed. R. Evid. 802(c). No exception applies because the word "book" is not mentioned anywhere within Fed. R. Evid. 803 exceptions to the hearsay rule, and does not qualify as non-hearsay.

10) Adam Winkler, *Gunfight: The Battle over the Right to Bear Arms in America* (W.W. Norton 2011). AG's Trial Brief at 4:20-21; 15:16-18.

<u>Objection</u>: Relevancy- the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. The plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rational would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

<u>Objection</u>: Foundation – The burden is on the AG to lay the foundation. Fed. R. Evid. 901(a). The book here is not self-authenticating under Fed. R. Evid. 902 because it does not qualify as newspapers periodical, or book from a "public authority" See Fed. R. Evid. 902(5) and (6). A published book does not qualify as self-authenticating because the word "book" is not explicitly mentioned anywhere in the statute, except for books from a public authority. See Fed. R. Evid. 902(5) ("A book, pamphlet, or other publication purporting to be issued by a public authority [is self- authenticating]." (Emphasis added). Moreover, this is not self-authenticating as an ancient document unless it is (a) in a condition that creates no suspicion of their authenticity, (b) is found in a place where, if authentic, they would likely be, and (c) is 20 years old or more. Fed. R. Evid. 901(b)(8).

<u>Objection</u>: Judicial notice - The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); <u>United States v. Mariscal</u> (9th Cir. 2002) 285 F3d 1127, 1131]

16

<u>Objection</u>: The book is hearsay, and does not fall within the exception for a

learned treatise. The AG is offering a statement from the book for its truth. Fed. R.

Evid. 803(18), Fed. R. Evid. 802(c). No exception applies because the word "book"

is not mentioned anywhere within Fed. R. Evid. 803 exceptions to the hearsay rule,

and does not qualify as non-hearsay.

      12)    Garen J. Wintemute, et al., *Subsequent Criminal Activity Among*

              *Violent Misdemeanants Who Seek to Purchase Handguns: Risk*

              *Factors and Effectiveness of Denying Handgun Purchase*, 285 Journal

              of the American Medical Association 1019 (Feb. 2001). AG's Trial

              Brief at 19:15-18.

    <u>Objection</u>: Relevancy- the AG is attempting to introduce evidence that the

10-day waiting period is needed to perform background checks to make sure that

prohibited persons do not come into possession of another firearm. The plaintiffs in

this action, however, already have a firearm tied to their identity in state databases.

If an individual already possesses a firearm, then nothing about this rational would

prevent that individual from acting on a sudden impulse to commit gun violence

with a gun already in his or her possession.

    <u>Objection</u>: Hearsay - The article is hearsay, and does not fall within the

exception for a learned treatise. The AG is offering a statement from the book for

its truth. Fed. R. Evid. 803(18), Fed. R. Evid. 802(c) No exception applies because

statements in public records only fall under the exception if the record (A) sets out

the office's activities; a matter observed while under a legal duty to report, but not

including, in a criminal case, a matter observed by law-enforcement personnel; or

in a civil case or against the government in a criminal case, factual findings from a

legally authorized investigation; and (B) neither the source of information nor other

circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(8). However,

"evaluative reports" or "status reports" do not qualify. See, e.g. <u>Lomax Transp. Co.</u>

<u>v. United States</u>, 183 F.2d 331 (9th Cir. 1950).

Objection: Judicial notice - The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); United States v. Mariscal (9th Cir. 2002) 285 F3d 1127, 1131]

**Information Obtained From Internet**

1) Law Center to Prevent Gun Violence, Waiting Periods Policy Summary, June 24, 2013 (available online at http://smartgunlaws.org/waiting-periods-policy-summary/). AG's Trial Brief at 12:17-20.

2) Law Center to Prevent Gun Violence, Licensing Gun Owners & Purchasers Policy Summary, Aug. 23, 2013 (available online at http://smartgunlaws.org/licensing-gun-owners-purchasers-policy-summary). AG's Trial Brief at 12:20-24.

Objection: Relevancy - the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. The plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rational would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Objection: Judicial notice -  The court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); United States v. Mariscal  285 F3d 1127, 1131(9th Cir. 2002).

Objection: Hearsay - The article is hearsay, and does not fall within the exception for a learned treatise. Fed. R. Evid. 803(18). The AG is offering a statement from the article for its truth. Fed. R. Evid. 802(c) No exception applies

because statements in periodicals only fall under the exception if statement is called to the attention of an expert witness on direct or cross-examination and the called the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice.  Fed. R. Evid. 803(18). Even if the court takes judicial notice that the publication is established as reliable, no expert can testify because "there was no expert discovery in this case." AG's Trial Brief at 7:10.

**Deposition Testimony**

    1) Deposition of Jeff Silvester. AG's Trial Brief at 7:14-26; 8:1-7.

    2) Deposition of Brandon Combs. AG's Trial Brief at 8:8-28; 9:1-6.

    <u>Objection</u>: Relevancy - the AG is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm. The plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rational would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

## <u>CONCLUSION</u>

    Based on the foregoing objections, Plaintiff's respectfully request that the evidence cited in Defendant's trial brief be excluded from evidence at trial.

DATED:  March 18, 2014

                                  OTTEN & JOYCE, LLP

                                    /s/

                                  Victor Otten, Esq.
                                  Attorneys for Plaintiffs

# DECLARATION OF E-SERVICE

Case Name:      Silvester v. Harris

Court Name:     U.S. District Court, Eastern District of California (Fresno)

Case No.:        1:11-cv-02137-AWI-SKO

I, Donald Kilmer, declare:

I am employed in the at 1645 Willow Street, Suite 150, San Jose, CA . I am 18 years of age or older and not a party to this matter.

I understand that all parties to the above-entitled case are represented by at least one attorney who is registered for electronic filing and service in the above-entitled court.

On March 18, 2014, I electronically filed and, therefore, to the best of my understanding, caused to be electronically service through the Court's ECF system the attached PLAINTIFFS' OBJECTIONS TO EVIDENCE CITED IN DEFENDANTS' TRIAL BRIEF.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 18, 2014, at San Jose, California.

 /s/ Donald Kilmer

Attorney for Plaintiffs.