KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MARK R. BECKINGTON, State Bar No. 126009
Supervising Deputy Attorney General
JONATHAN M. EISENBERG, State Bar No. 184162
Deputy Attorney General
KIM L. NGUYEN, State Bar No. 209524
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 897-6505
  Fax:  (213) 897-5775
  E-mail:  Jonathan.Eisenberg@doj.ca.gov
  E-mail:  Kim.Nguyen@doj.ca.gov
PETER H. CHANG, State Bar No. 241467
Deputy Attorney General
  455 Golden Gate Ave., Suite 11000
  San Francisco, CA 94102
  Telephone: (415) 703-5939
  Fax: (415) 703-1234
  Email: Peter.Chang@doj.ca.gov
*Attorneys for Defendant Kamala D. Harris, Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20,**<br><br>Defendants. | 1:11-cv-02137-AWI-SKO<br><br>**REQUEST FOR JUDICIAL NOTICE OF DEFENDANT KAMALA D. HARRIS, ATTORNEY GENERAL OF CALIFORNIA**<br><br>Trial Date:  March 25, 2014<br>Time:  8:30 a.m.<br>Courtroom:  2<br>Judge:  The Hon. Anthony W. Ishii |

Defendant Kamala D. Harris, Attorney General of California (the "Attorney General"), hereby requests that this Court take judicial notice of the following documents:

**Category 1** – Dealer's Record of Sales (DROS) Reports, DROS Statistics from 1991-2014, DROS Annual Statistics, Summary of DROS Annual Revenues, and other documents prepared by either the California Department of Justice or the California Bureau of Firearms. (Defendant's Exhibits AA through AQ, AS through AZ, BA through BY, and CA through CC.)[1]

**Category 2** – Legislative histories of relevant statutory enactments. (Defendant's Exhibits CD, CE, CF, CG, CH, CI, and CJ.)

**Category 3** – Excerpts from history books, law review articles, and other scholarly articles. (Defendant's Exhibits DA through DY, and EA through EK.)

**Category 4** – Reports issued by governmental agencies other than the Department of Justice and one non-governmental organization. (Defendant's Exhibits FA through FG.)

**Category 5** – News articles. (Defendant's Exhibits CU, GA through GL, GN, and GO.)

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. This Court may take judicial notice of legislative facts to assist in the determination of whether the challenged statute is constitutional.**

Plaintiffs are mounting a constitutional challenge to California's longstanding "Waiting-Period Law," codified at California Penal Code sections 26815 and 27540. It is well established that when the constitutionality of a statute is at issue, a court's decision "must be based largely on legislative, as opposed to adjudicative, facts." *Daggett v. Comm'n on Governmental Ethics and Election Practices*, 205 F.3d 445, 455-56 (1st Cir. 2000) ("In a [constitutional law] case like this, a conclusion of law as to a Federal right and a finding of fact are so intermingled as to make it necessary, in order to pass upon the Federal question, to analyze the facts. . . . Our decision must be based largely on legislative, as opposed to adjudicative facts.") (internal quotation and citation

---

[1] Attached as Exhibit 1 for the Court's convenience is a copy of Defendant's Index of Exhibits, which was submitted to the Court on March 20, 2014. The Index lists the alphabetic identifier of each exhibit with a corresponding description of the document.

omitted); see also *Korematsu v. United States*, 584 F.Supp. 1406, 1414 (N.D. Cal. 1984) ("Legislative facts are facts of which courts take particular notice when interpreting a statute or considering whether [a legislative body] has acted within its constitutional authority.").

Legislative facts go to the content and justification for a statute, and are usually "not proved through trial evidence but rather by material set forth in the briefs, the ordinary limits on judicial notice having no application to legislative facts." *Dagett,* 205 F.3d at 455-456 (internal quotation and citation omitted); *Assoc. of Nat'l Advertisers, Inc. v. Fed. Trade Comm'n*, 627 F.2d 1151, 1162 (D.C. Cir. 1979) (legislative facts are facts that help the court determine the content of law and policy, and need not be developed through evidentiary hearings); see also *Sachs v. Republic of Austria*, 737 F.3d 584, 596 n.10 (9th Cir. 2013) (court may rely on legislative facts, whether or not those facts have been developed on the record, if those facts are relevant to the "legal reasoning" and interpretation of the "lawmaking process").

Where legislative facts are concerned, a court has broad discretion in granting judicial notice. Notably, there is *no* federal rule of evidence that *constrains* the judicial notice of legislative facts. See Advisory Comm. Notes to FED. R. EVID. 201(a) (Rule 201 "is the only evidence rule on the subject of judicial notice. It deals only with judicial notice of 'adjudicative' facts. No rule deals with judicial notice of 'legislative' facts."). Because "[l]egislative facts . . . are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body," a "high degree of indisputability" is simply not required before a court may take judicial notice of such facts. *Ibid*. Thus, judicial notice of legislative facts is not limited by "any formal requirements of notice other than those already inherent in affording opportunity to hear and be heard and exchanging briefs, and any requirement of formal findings at any level[.]" *Ibid*. citing *Borden's Farm Products Co. v. Baldwin*, 293 U.S. 194 (1934).

**II. Each individual category of documents listed above is appropriate for judicial notice.**

The first category of documents comprises reports and statistics issued and compiled by the California Department of Justice and the California Bureau of Firearms, in part through the

Dealer's Record of Sale (DROS) system.[2]  The <u>fourth</u> category of documents comprises reports issued by governmental agencies other than the California Department of Justice and one non-governmental organization.  The reports in these two categories of documents provide detailed information about firearm-purchaser background check systems in California and other jurisdictions.  This information is vital in evaluating the necessity of the 10-day period utilized by California's background check system, and comparing California's system to systems in other jurisdictions in terms of achieving the goal of minimizing gun violence.

These reports are a matter of public record and are proper subjects of judicial notice.  See, e.g., *Rusak v. Holder*, 734 F.3d 894, 898 (9th Cir. 2013) (judicial notice taken of governmental reports regarding religious intolerance in certain countries to establish plaintiff's claim of past persecution); *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (judicial notice taken of a Department of Energy report, reasoning that "[j]udicial notice is appropriate for records and reports of administrative bodies") (internal quotation omitted); see also *Cactus Corner, LLC v. U.S. Dept. of Agriculture*, 346 F.Supp.2d 1075, 1098-1099 (E.D. Cal. 2004) (granting motion for judicial notice of the fact of existence and authenticity of reports created and published by the Department of Agriculture), *aff'd*, 450 F.3d 428 (9th Cir. 2006), *citing Greeson v. Imperial Irr. Dist.*, 59 F.2d 529, 531 (9th Cir. 1932).

The <u>second</u> category of documents comprises the legislative histories of the statutory enactments that make up the Waiting-Period Law.  The legislative histories of these enactments are relevant because they show the California Legislature's reasons and justifications for passing the law.  "Courts frequently take judicial notice of legislative history, including committee reports."  *Korematsu*, 584 F.Supp. at 1414 citing *Territory of Alaska v. American Can Co.*, 358 U.S. 224, 227 (1959) (taking judicial notice of an act's legislative history); *Rabkin v. Dean*, 856 F.Supp. 543, 546 (N.D. Cal. 1994) (taking judicial notice of the contents and legislative history of a proposed city ordinance).

---

[2] During trial, the Attorney General intends to call witnesses who will lay a foundation to some or all of the documents in this particular category.

The third category of documents comprises excerpts from history books, law review articles, and other scholarly articles including those in the field of social science, all of which are proper subjects for judicial notice for the legislative facts contained therein.  See e.g., *Leo Sheep Co. v. United States*, 440 U.S. 668, 669-670 (1979) (referencing a number of history books that discussed the commercial and social aspects of living on the western frontier during the 19th century; "courts, in construing a statute, may with propriety recur to the history of the times when [a challenged statute] was passed; and this is frequently necessary, in order to ascertain the reason as well as the meaning of particular provisions in it"); *Brown v. Board of Education*, 347 U.S. 483, 494 (1954) (referencing a number of psychological and social science studies demonstrating the harm of "separate but equal" doctrine in public education in support of the Court's determination that doctrine was unconstitutional); *Cooper v. Pate*, 324 F.2d 165, 166 (7th Cir. 1963) (judicial notice taken of "accredited social studies of the Black Muslim Movement" to show political objectives of the group), *rev'd on other grounds* 378 U.S. 546 (1964) (per curiam).

Judicial notice of this category of documents is especially appropriate given plaintiffs' Second Amendment challenge to the Waiting-Period Law.  Pursuant to recent Ninth Circuit authority, the Court is expected to consult historical materials about how the Second Amendment was understood.  *See Peruta v County of San Diego,* No. 10-56971, 2014 WL 555862, at *4 (9th Cir. Feb. 13, 2014) (petition for en banc review pending).  This consultation necessarily takes into account history books and scholarly articles, precisely the types of documents that the Attorney General seeks judicial notice of.  Plaintiffs agree as much, stating in their reply to the Attorney General's opposition to their motion in limine regarding the exclusion of expert testimony: "Plaintiffs herein cannot (and do not) object to [historical evidence of the scope and meaning of the Second Amendment] being derived from academic studies and law-journal articles."  (Doc. 63 at 2.)

Likewise, in *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013), an unsuccessful Second Amendment challenge to a federal firearms law, the victorious federal prosecutors who defended the law presented relevant social-science studies (unaided by any "presenting" witness) as competent "evidence" on the key issues in the case.  *Chovan,* 735 F.3d at 1137 & 1139 (citing

5

publications such as C. Kevin Marshall, *Why Can't Martha Stewart Have a Gun?*, 32 Harv. J.L. & Pub. Pol'y 695, 698, 708 (2009) and Julia C. Babcock, et al., *Does Batterer' Treatment Work? A Meta-Analytics Review of Domestic Violence Treatment,* 23 Clinical Psychol. Rev. 1023, 1039 (2004), and analyzing the legislative history of the challenged federal statute); *see also* Declaration of Caroline Han Regarding Use of Expert Witnesses in *Chovan* Litigation, paras. 4 & 5.[3] While the topic of judicial notice did not expressly arise in *Chovan*, the Ninth Circuit's decision in that case makes clear that appellate courts take notice of social science studies as part of their decision making process. It defies logic to think that an appellate court, in reviewing a trial court's decision on the constitutionality of a challenged statute, should consider evidence that the trial court did not or could not.

In sum, the history books and scholarly articles, including those in the field of social science, offered by the Attorney General in this third category of documents are relevant to plaintiffs' Second Amendment challenge by giving the history necessary to judge if the Waiting-Period Law would have been seen by ordinary voters in the Founding Era as constitutional, and by showing the efficacy of the law in minimizing gun violence.

The <u>fifth</u> category of documents comprises news articles relevant to the issues presented in this case.[4] To the extent these news articles contain legislative facts that bear directly on the issues presented in this case, such as historical context and whether waiting periods effectively prevent violence, they are highly relevant and appropriate subjects of judicial notice. *See* Advisory Comm. Notes to FED. R. EVID. 201(a) (legislative facts that are relevant to legal reasoning and the lawmaking process need not have a "high degree of indisputability" to be considered proper subjects of judicial notice). To the extent this Court is inclined to take judicial notice of these documents for their adjudicative facts, it also has the discretion to do so. *See Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (holding that district court's

---

[3] The Han Declaration was submitted as Exhibit 1 to the Declaration of Peter H. Chang filed in conjunction with Defendant's Opposition to Plaintiffs' Motion in Limine Regarding Exclusion of Documents.

[4] The Attorney General notes that Exhibit CU was an exhibit at a deposition, and thus has an independent ground for admission into the trial record.

judicial notice of a news article regarding layoffs at an airplane manufacturer pursuant to Fed. R. Evid. 201 was not an abuse of discretion).

    For the reasons cited above, the Attorney General respectfully requests that this Court take judicial notice of the documents contained in Categories 1 through 5 listed above.

Dated: March 24, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
PETER H. CHANG
Deputy Attorney General


/s/ *Kim L. Nguyen*

KIM L. NGUYEN
Deputy Attorney General
*Attorneys for Defendant Kamala D. Harris, Attorney General of California*

SA2012104659
51482641.doc