Victor J. Otten (SBN 165800)
vic@ottenandjoyce.com
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225

Donald E.J. Kilmer (SBN 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Phone: (408) 264-8489
Fax: (408) 264-8487

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| **JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,**<br><br>    Plaintiffs,<br>        v.<br>**KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20.**<br><br>    Defendants. | Case No. 1:11-cv-02137-AWI-SKO<br><br>**OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** |

I. **<u>INTRODUCTION</u>**

Plaintiff hereby objects to Defendant Kamala Harris, Attorney General's request for judicial notice (Doc # 78). Defendant is trying to sidestep her burden of proving that her exhibits are admissible by asking this court to take judicial notice of essentially her entire exhibit list comprising over 130 documents. Request for judicial notice is improper because it is unclear exactly *how* Defendant intends to use the information derived from said exhibits and Plaintiff is entitled to an evidentiary hearing in order to clarify the meaning and context of statements relied on and the weight to be given to them.

Furthermore, many of the exhibits appear to be medical/scientific studies conducted by (social) scientists addressing the utility of firearms in the home. That issue has already been resolved by the Supreme Court. *District of Columbia v. Heller*, 554 U.S. 570 (2008). Nor is the mere possibility of danger a valid reason to restrict/infringe a fundamental right. *McDonald v. City of Chicago*, 561 U.S. ___, 130 S. Ct. 3020, 3045-46 (2010).

Additionally the analysis of these articles is, "near-identical to the free-standing "interest-balancing inquiry" that Justice Breyer proposed – and that the majority explicitly rejected – in *Heller*. *See Heller*, 554 U.S. at 689-90 (Breyer, J., dissenting)(proposing that in the Second Amendment cases the court should "ask[ ] whether the statute burdens a protected interest in a way or to an extent that is out of proportion to the statute's salutary effects upon other important governmental interests"); *see also id.* at 634-35 (majority opinion) (rejecting a "judge-empowering 'interest-balancing inquiry'" as a test for the constitutionality of Second Amendment regulations because "no other enumerated constitutional right [had its] core protection . . . subjected to [such] a freestanding" inquiry)." *Peruta v. County of San Diego*, 2014 WL 555862 (9th Cir. Feb. 13, 2014) *at* page 71 of the slip opinion.

Finally, many of these submissions are an attempt to introduce "expert

1
OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

opinion" in violation of this Court's Pre-trial order. Neither party has disclosed experts and both parties have objected to the introduction of expert testimony.

## II.  LEGAL ARGUMENTS

### a. Judicial Notice is Improper for all of the Defendant's Categories of Evidence

"Judicial Notice" is the court's recognition of the existence of a fact without the necessity of formal proof. See *Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992). The Federal Rules of Evidence ("FRE") only govern judicial notice of an adjudicative fact, and not a legislative fact. Fed. R. Evid. 201(a). Adjudicative facts are the facts of the particular case that would go to the trier of fact. Whereas legislative facts "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *See* Advisory Comm. Note (a) to Fed. R. Evid. 201(a).

Under the FRE, the court may only judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); see also *In Re Mora*, 199 F.3d 1024, 1026 n. 3 (9th Cir. 1999) (Refusing to take judicial notice of the supposed fact that United States Post Office "generally delivers mail overnight to 'locally designated cities.'").

Whether something is an adjudicative or legislative fact depends on the manner in which it is used. For example, a legal rule may be a proper adjudicative fact for judicial notice if offered to establish the factual context of the case, but not to state the governing law, i.e. a legislative fact. See *Toth v. Grand Trunk R.R.,* 306 F.3d 335 (6th Cir. 2002) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.").

Here, Defendant is asking the court to take judicial notice of five (5) broad categories of evidence, not any "facts." These categories essentially comprise Defendant's entire list of over 130 exhibits, all with voluminous pages of information that, Plaintiff contends, are not "facts" at this point, but rather historical documents with what may be nothing more than irrelevant information that constitutes hearsay. Moreover, it is unclear for what purpose Defendant seeks to admit every single document. And regardless of whether the information constitutes adjudicative or legislative facts, Plaintiff would still have reasonable disputes as to the information. Therefore, judicial notice is improper.

The 2nd Circuit has held that "[W]hen facts or opinions found in historical materials or secondary sources are disputed, it is error to accept the data (however authentic) as evidence_._._._, at least without affording an opposing party the opportunity to present information which might challenge the fact or the propriety of noticing it." *Oneida Indian Nation of New York v. State of New York* 691 F.2d 1070, 1086 (parentheses in original).

In the case of *Oneida*, the lower court had to interpret voluminous historical documents, and had taken judicial notice of "pertinent individual records, notes, correspondence, histories, articles and other data…" <u>Oneida</u>, 691 F2d, at 1086.  In its opinion, the 2nd Circuit Court criticized the lower court because "both sides and the court appear to have referred to, relied upon, and quoted from numerous untested primary and secondary historical sources, including history books, treatises, and other papers." *Id.*

Therefore, depending on *which* portion of the voluminous exhibits the Defendant seeks to introduce, judicial notice of any factual statements therefrom is improper without affording the Plaintiff's an evidentiary hearing in order to clarify the meaning and context of statements relied on and the weight to be given to them. Moreover, any factual statements that are in dispute cannot be analyzed through

expert testimony on Defendant's part because the Defendant has no expert witness who could testify as such.

### b. Even If the Court Takes Judicial Notice, The Exhibits Still Must Be Otherwise Admissible

While Plaintiff does not concede that the Court should take judicial notice as Defendant requests, even if the Court is inclined to take judicial notice of Defendant's proposed exhibits, as with evidence generally, the matter to be judicially noticed must be *relevant* to the issues in the case. Fed. R. Evid. 402; see *Latino Food Marketers, LLC v. Ole Mexican Foods, Inc.,* 407 F.3d 876, 881 (7th Cir. 2005) (The court did not err by refusing to take judicial notice of FDA standards for impeachment purposes when defendant never claimed its products met the standards).

In this case, Defendant seeks judicial notice of approximately 130 exhibits that are many pages long, but in some cases only seeks to admit excerpts. Plaintiff contends the purpose for which Defendant seeks to admit the exhibits is not relevant to the issues in this case. Defendant is attempting to introduce evidence that the 10-day waiting period is needed to conduct background checks to make sure that prohibited persons do not come into possession of another firearm. The plaintiffs in this action, however, already have a firearm. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Defendant has justified the 10-day waiting period laws on two grounds: 1) it provides enough time for sufficient background checks on prospective firearms purchasers and 2) and as creating a cooling-off period for people who may seek guns impulsively to commit violent acts. Defendant Trial Brief, pg 18, ln 9-12.

Defendant's exhibits are not relevant to this the issues in this case, and even if the court is inclined to take judicial notice, they are limited by their relevance.

Moreover, many, if not all, of Defendant's proposed exhibits contain hearsay statements for which there is no exception under the Federal Rules of Evidence. If Defendant offers statements from the proposed documents for their truth, they constitute hearsay. Fed. R. Evid. 802(c). No exception to the hearsay applies to *any* of the categories of documents Defendant seeks to admit.

The public records do not qualify fall under FRE 803(8) because "evaluative reports" or "status reports" do not qualify. See, e.g. *Lomax Transp. Co. v. United States*, 183 F.2d 331 (9th Cir. 1950). Statements in periodicals only fall under the exception *if* statement is called to the attention of an *expert witness* on direct or cross-examination and the called the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice.  Fed. R. Evid. 803(18). Even if the court takes judicial notice that the publication is established as reliably authentic, no expert can testify because "there was no expert discovery in this case." Defendant's Trial Brief at 7:10.

Defendant's exhibits are not subject to judicial notice.

### III. **CONCLUSION**

Based on the foregoing, Plaintiffs request this court to deny Defendant's Request for Judicial Notice.

DATED:  March 25, 2014                              Otten & Joyce, LLP

                                                                  /s/  Vic Otten

                                                                  _____
                                                                  Victor J. Otten
                                                                  Attorneys for Plaintiff