KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MARK R. BECKINGTON, State Bar No. 126009
Supervising Deputy Attorney General
PETER H. CHANG, State Bar No. 241467
Deputy Attorney General
JONATHAN M. EISENBERG, State Bar No. 184162
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 897-6505
 Fax:  (213) 897-5775
 E-mail:  Jonathan.Eisenberg@doj.ca.gov
*Attorneys for Defendant Kamala D. Harris,
Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC.,** a non-profit organization, and **THE SECOND AMENDMENT FOUNDATION, INC.,** a non-profit organization,<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA D. HARRIS, Attorney General of California (in her official capacity),**<br><br>Defendant. | 1:11-cv-02137-AWI-SKO<br><br>**DEFENDANT KAMALA D. HARRIS'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS**<br><br>Date:        July 21, 2014<br>Time:        1:30 p.m.<br>Dep't:       8th Flr., Crtrm. 2<br>Judge:      Hon. Anthony W. Ishii<br>Trial Date: March 25, 2014<br>Action Filed: December 23, 2011 |

1

Defendant Harris's Supp. Request for Judicial Notice of Documents  (1:11-cv-02137-AWI-SKO)

Defendant Kamala D. Harris, Attorney General of California (the "Attorney General"), hereby requests that this Court take judicial notice of the following documents, which are attached hereto:

Exhibit A: Additional excerpts from *American Archives: Documents of the American Revolution*, 1774-76 (Northern Illinois University Libraries 2004) (referenced in paragraph 26 of the Attorney General's Proposed Findings of Fact and Conclusions of Law ("AG Proposed Findings"));

Exhibit B: Additional excerpts from Henry J. Kauffman, *The Pennsylvania - Kentucky Rifle* (Masthof Press 2005) (referenced in paragraphs 27 and 28 of the AG Proposed Findings);

Exhibit C: Additional excerpts from Jack Larkin, *The Reshaping of Everyday Life, 1790-1840* (1988) (Def. Exh. EC) (referenced in paragraphs 29 and 31-34 of the AG Proposed Findings); and

Exhibit D: Addition excerpts from Adam Winkler, *Gun Fight: The Battle Over the Right to Bear Arms in America* (2011) (Def. Exh. EK) (referenced in paragraphs 35, 37 and 38 of the AG Proposed Findings).

All these documents are excerpts from history books and are proper subject matter for judicial notice for the legislative facts contained therein. *See e.g.*, *Leo Sheep Co. v. United States*, 440 U.S. 668, 669-670 (1979) (referencing number of history books that discussed commercial and social aspects of living on U.S. western frontier during 19th century; "courts, in construing a statute, may with propriety recur to the history of the times when [a challenged statute] was passed; and this is frequently necessary, in order to ascertain the reason as well as the meaning of particular provisions in it"); *accord Peruta v Cnty of San Diego,* 742 F.3d 1144, 1151 (9th Cir. 2014) (petition for *en banc* review pending). Indeed, Plaintiffs herein agree that historical evidence is proper subject for judicial notice. (Dkt. # 63 at 2 ("Plaintiffs herein cannot (and do

2

not) object to [historical evidence of the scope and meaning of the Second Amendment] being derived from academic studies and law-journal articles").)

It is within the Court's discretion to take judicial notice of documents at this stage of the proceedings. *See Preminger v. Nicholson*, No. C04-2012 JF (HRL), 2007 WL 735711, *5 (N.D. Cal. Mar. 7, 2007). Here, the Attorney General submits Exhibits A and B to give proper context to the same historical evidence that Plaintiffs submitted—not in the pre-trial statement, as required, but—one week before trial. Plaintiffs, in their response to the Attorney General's trial brief, referenced and submitted excerpts of history books that they had not previously cited or disclosed. (*See generally* Dkt. # 69.) In particular, Plaintiffs cited and submitted excerpts of two books—*American Archives* and *The Pennsylvania–Kentucky Rifle*—attached to Plaintiffs' trial response brief. (*Id.* at 16; Dkt. 69-2, Exh. B). Plaintiffs did so to make an apparently tangential point about the widespread use of firearms in the United States in the Founding Era. Presently, the Attorney General submits additional excerpts from these same two books to provide context for Plaintiffs' references and also to provide rebuttal evidence from the same references. More specifically, the supplemental excerpts support the Attorney General's contention that in the Founding Era people generally could not purchase firearms quickly, and hence would not have objected to a waiting-period law of the kind at issue in the present case. (See paragraphs 26 and 27 of the Attorney General's Proposed Findings of Fact and Conclusions of Law, filed herewith, for the discussion of these book excerpts.) Plaintiffs are not prejudiced by the submission of these two documents or the Court's taking judicial notice of them, because Plaintiffs have had possession of these documents, relied on these documents, and cited them, since at the latest one week before trial.

Exhibits C and D are additional excerpts from two books from which the Attorney General had previously timely submitted excerpts, seeking judicial notice of same. (Dkt. # 78; Def. Exhs. EC and EK.) The Attorney General, through her attorney, had submitted at trial only those excerpts that she believed to be crucial to the case. However, the Attorney General, through her attorney, inadvertently left out certain other excerpts from these two previously disclosed books that may be helpful to the Court. The omitted excerpts reveal that in the Founding Era stores

3

Defendant Harris's Supp. Request for Judicial Notice of Documents  (1:11-cv-02137-AWI-SKO)

were closed during the entire harvest season, and so even if stores carried guns (which was not assured), ordinary people did not expect to be able to acquire firearms instantaneously upon desiring to do so; there was a natural, built-in waiting period. (These new excerpts are discussed in paragraphs 29, 31-35, and 38 of the AG Proposed Findings.) Plaintiffs are not prejudiced by the submission of these two documents and the Court's taking judicial notice of them, because the existence of, intent to be relied upon, and copies of certain pages of these books were disclosed to Plaintiffs by the Attorney General more than two months before trial, as part of the joint pre-trial statement (Dkt. # 45-1.)

For the reasons cited above, the Attorney General respectfully requests that this Court take judicial notice of the attached Exhibits A through D.

Dated: June 16, 2014

                                      Respectfully submitted,

                                      KAMALA D. HARRIS
                                      Attorney General of California
                                      MARK R. BECKINGTON
                                      Supervising Deputy Attorney General
                                      PETER H. CHANG
                                      Deputy Attorney General

                                      /s/_____
                                      JONATHAN M. EISENBERG
                                      Deputy Attorney General
                                      *Attorneys for Defendant Kamala D. Harris,*
                                      *Attorney General of California*

4

Defendant Harris's Supp. Request for Judicial Notice of Documents (1:11-cv-02137-AWI-SKO)