1  Victor J. Otten (SBN 165800)
   vic@ottenlawpc.com
2  OTTEN LAW, PC
   3620 Pacific Coast Hwy, Suite 100
3  Torrance, California 90505
   Phone: (310) 378-8533
4  Fax: (310) 347-4225

5  Donald E.J. Kilmer (SBN 179986)
   LAW OFFICES OF DONALD KILMER
6  A Professional Corporation
   1645 Willow Street, Suite 150
7  San Jose, California 95125
   Phone: (408) 264-8489
8  Fax: (408) 264-8487

9  Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC.,** a non-profit organization, and **THE SECOND AMENDMENT FOUNDATION, INC.,** a non-profit organization,<br><br>**Plaintiffs,**<br>v.<br>**KAMALA HARRIS, Attorney General of California (in her official capacity), and DOES 1 to 20.**<br><br>**Defendants.** | **Case No. 1:11-cv-02137-AWI-SKO**<br><br>**PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE NOT ALREADY ADMITTED OR WITHDRAWN CONTAINED IN DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** |

## I. INTRODUCTION

Plaintiffs reassert their March 25, 2014 objections to the evidence contained in the request for judicial notice ("RJN") filed by Defendant on March 24, 2014. While some of Plaintiffs' objections to Defendant's evidence were resolved at trial, four (4) of the five (5) broad categories of evidence contained in the RJN, comprising approximately 65 exhibits, were not addressed. With respect to admissibility, on the last day of trial, this Court agreed to handle the contested exhibits as follows:

> MR. KILMER: . . . So, Your Honor, the status of the contested exhibits at this point is that they are basically being that each of the exhibits are at this point in time an offer of proof, subject to -- perhaps a motion to strike, that the Court will rule on at the same time it renders its decision in this case.
>
> THE COURT: I can take it -- each of the exhibits under submission, and then once I've had a chance to take a look at your proposed findings of fact, which would include references to specific exhibits including the Plaintiffs' Exhibits 1 through 3, and the various defense exhibits for which have not yet been submitted or withdrawn. That might be a workable solution. Defense?
>
> MR. EISENBERG: Your Honor, we are in agreement with what we're hearing. Thank you very much, Your Honor.

(March 27, 2014 trial transcript at pp. 529-530).

In her RJN, Defendant is asking the Court to take judicial notice of five (5) broad categories of evidence, not specific discernable "facts." These categories contain voluminous pages of information that Plaintiffs contend are not "facts," but rather potentially irrelevant historical documents that constitute hearsay. There has been no discussion, to date, of the purpose for which the evidence is being offered. This has placed Plaintiffs at a severe disadvantage, as the substantive

1

portion of the bench trial has now concluded, and Plaintiffs still do not know how Defendant intends on using most of the exhibits in the RJN.

To the extent Defendant includes **specific portions of an exhibit** in her proposed findings of fact and conclusions of law, **with an explanation of the purpose for which it is being offered** (as the court has instructed the parties do), Plaintiffs will be able to include specific objections to each exhibit in their response brief. Absent this information, it is near impossible for Plaintiffs to anticipate why the 65 lengthy exhibits are being offered to properly object.[1]

Therefore, as asserted in their March 25, 2014 objections and again below, Plaintiffs object to each and every exhibit contained in categories two through five of the RJN as not being subject to judicial notice and as being otherwise inadmissible on other grounds.

## II.     ARGUMENT

"Judicial notice" is the court's recognition of the existence of a fact without the necessity of formal proof. See Castillo-Villagra v. I.N.S., 972 F.2d 1017, 1026 (9th Cir. 1992). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); United States v. Mariscal, 285 F.3d 1127, 1131 (9th Cir. 2002). Judicial notice is limited to matters that are not subject to reasonable dispute. Fed. R. Evid. 201(b) governing "adjudicative facts".[2] The court may not take judicial notice of a matter that is subject to dispute. In re Mora, 199 F.3d 1024, 1026, fn. 3 (9th Cir. 1999).

---

[1] As discussed further below, Plaintiffs contend Defendant has not met the burden for the granting of judicial notice and has thus waived her request as to date, Defendant has not provided this Court the information it needs to make a determination one way or another.

[2] Neither Rule 201 nor any other Federal Rule of Evidence ("FRE") governs judicial notice of "legislative facts"—i.e., facts relevant to legal reasoning and the lawmaking process. See Fed. R. Evid. 201, Adv. Comm. Notes to subd. (a); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 63 (1973).

**The fact that matters sought to be proved are not reasonably disputable (and thus subject to judicial notice) does not make them admissible. As with evidence generally, the matter to be judicially noticed must be relevant to the issues in the case**. Fed. R. Evid. 402; Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC, 692 F.3d 983, 991, fn. 8 (9th Cir. 2012); see also Latino Food Marketers, LLC v. Ole Mexican Foods, Inc., 407 F.3d 876, 881 (7th Cir. 2005)—the court did not err by refusing to take judicial notice of FDA standards for impeachment purposes when the defendant never claimed its products met the standards.

Further, many, if not all, of Defendant's proposed exhibits contain hearsay statements for which there is no exception under the FRE. If Defendant offers statements from the proposed documents for their truth, they constitute hearsay. Fed. R. Evid. 802(c). Plaintiffs contend no exception to the hearsay applies to any of the categories of documents Defendant seeks to admit.

Finally, a court may refuse to take judicial notice if the requesting party fails to supply it with information sufficient to enable the court to ascertain the matter is not subject to reasonable dispute. See Old Republic Ins. Co. v. Hansa World Cargo Service, Inc., 170 F.R.D. 361, 372 (SD NY 1997); Nieves v. University of Puerto Rico, 7 F.3d 270, 276, fn. 9 (1st Cir. 1993); see also Clark v. South Central Bell Tel. Co., 419 F.Supp. 697, 703 (WD LA 1976)—court refused to take judicial notice of black population in local parish where party failed to provide reliable sources of information; Madeja v. Olympic Packers, LLC, 310 F.3d 628, 639 (9th Cir. 2002)—no abuse of discretion in refusal to take judicial notice of documents that had not been authenticated; Guzmán-Ruíz v. Hernández-Colón, 406 F.3d 31, 36 (1st Cir. 2005) —judicial notice properly denied where requesting parties made no attempt to specify what "adjudicable facts" in other litigation met FRE 201 requirements.

Here, as described above, Defendant includes four (4) expansive categories

of documents consisting of approximately 65 exhibits with a very brief and overly broad RJN in no way providing the Court with sufficient information to establish the evidence is judicially noticeable.  This places Plaintiffs at a severe disadvantage in having to guess what the evidence is being proffered for and how it is judicially noticeable.  Given that the substantive portion of trial has ended, Plaintiffs contend on this basis alone, all evidence should be excluded.[3]

### A. DROS Reports, Statistics, Summary of Revenues, and Other Documents Prepared by the DROS or DOJ

The first category of documents Defendant is requesting the Court judicially notice includes: Dealer's Record of Sales (DROS) Reports, DROS Statistics from 1991-2014, DROS Annual Statistics, Summary of DROS Annual Revenues, and other documents prepared by either the California Department of Justice or the California Bureau of Firearms. (Defendant's Exhibits AA through AQ, AS through AZ, BA through BY, and CA through CC.)  During trial, the parties stipulated to the admissibility of these exhibits and therefore no dispute exists.

### B. Legislative Histories

The second category of documents included in Defendant's RJN include legislative histories of purported relevant statutory enactments relating to California's waiting period laws. (Defendant's Exhibits CD, CE, CF, CG, CH, CI, and CJ.)

As stated above, neither FRE 201 nor any other federal rule of evidence governs judicial notice of "legislative facts."  Whether a fact is "adjudicative" or "legislative" depends on the manner in which it is used.  Adjudicative facts are the facts of the particular case that would go to the trier of fact whereas legislative facts "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or

---

[3] In any event, to the extent Defendant includes excerpts of specific exhibits with more explanation of why they are judicially noticeable, Plaintiffs contend they must be given an opportunity to respond and further challenge the evidence.

court or in the enactment of a legislative body." See Advisory Comm. Note (a) to Fed. R. Evid. 201(a). For example, a legal rule may be a proper fact for judicial notice if offered to establish the factual context of the case, but not to state the governing law. See i.e. Toth v. Grand Trunk R.R., 306 F.3d 335, 349 (6th Cir. 2002).

Some courts hold that judicial notice of law and legislative history is proper if their authenticity is beyond dispute. See Oneida Indian Nation of New York v. State of New York, 691 F2d 1070, 1086 (2nd Cir. 1982); but see also United States v. Dedman, 527 F.3d 577, 587–588 & fn. 3 (6th Cir. 2008)—"although we used to allow judicial notice of state law, now we consider that state law is simply a matter for the judge to determine."

By contrast, judicial notice of legislative history is improper if there is any dispute regarding the authenticity of the historical materials or facts used: "[W]hen facts or opinions found in historical materials or secondary sources are disputed, it is error to accept the data (however authentic) as evidence . . . at least without affording an opposing party the opportunity to present information which might challenge the fact or the propriety of noticing it." Oneida Indian Nation of New York v. State of New York, 691 F.2d 1070, 1086 (2nd Cir. 1982).

Here, Defendant is seeking to introduce seven exhibits of legislative history that purportedly comprise the legislative histories of the statutory enactments that make up the waiting period laws in California. Aside from Defendant's statements in the RJN that this is the case, there is no evidence that each of these legislative histories are relevant to the current 10-day waiting period laws challenged in this case or that the legislature took the earlier legislation into consideration with respect to the current statutes challenged (California Penal Code sections 26815 and 27540).[4] To the extent the history is beyond dispute and relevant, Plaintiffs do

---

[4] While Exhibits CD-CG are included in the Historical and Statutory Notes of the statutes under the heading "Derivation," Plaintiffs could find no such references for Exhibits CH-CJ.

not challenge its admission into evidence. However, a simple list with a one paragraph explanation in the RJN of why an otherwise non-noticeable legislative fact is somehow judicially noticeable here is simply not enough to warrant admission into evidence. As such, Plaintiffs contend the legislative histories should be excluded absent a showing they are both reliable and relevant to the statutes in dispute.

      **C.     Excerpts from History Books, Law Review Articles, and Other Articles**

The third category of documents included in the RJN consist of excerpts from alleged history books, law review articles, and other purported scholarly articles. (Defendant's Exhibits DA through DY, and EA through EK.) The books and articles proposed are subject to reasonable dispute. There has been no expert testimony in the case regarding each author's reliability as an authority figure on the subject matter, etc. as is required to judicially notice books and articles. There is no indication that the facts in the books are accurate or that the book is recognized as a reliable historical reference. The titles of some of the books listed indicate they are biased opinion works of the authors (see i.e. Exhibit EJ entitled "Reducing Gun Violence in America.") This is not a historical reference book that provides the Court with guidance as to the history of the Second Amendment and applicable laws. As stated above, "[W]hen facts or opinions found in historical materials or secondary sources are disputed, it is error to accept the data (however authentic) as evidence . . . at least without affording an opposing party the opportunity to present information which might challenge the fact or the propriety of noticing it." Oneida, supra, 691 F.2d at 1086.

The scientific and medical articles and journals (all relating to gun violence, suicide, and other irrelevant prejudicial topics) cannot be judicially noticed. Each Plaintiff in this action already legally owns a firearm. If an individual already possesses a firearm, then nothing would prevent that individual from acting on a

sudden impulse to commit gun violence with a gun already in his or her possession. Thus they are entirely irrelevant.

Further, the alleged historical books, articles and journals constitute hearsay that does not fall within the exception for a learned treatise. Fed. R. Evid. 803 (18), Fed. R. Evid. 802 (c). No exception applies because statements in periodicals only fall under the exception if the statement is called to the attention of an expert witness on direct or cross-examination and the called publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice. Fed. R. Evid. 803(18). Even if the Court takes judicial notice that the publication is established as reliable, no expert can testify because there was no expert discovery in this case.

Finally, the Court indicated on the last day of trial that it is inclined to allow law review articles into evidence. To the extent the articles are unbiased historical compilations of the law, Plaintiffs are not opposed to this. However, Defendant lists several articles, constituting hundreds of pages, without explanation of the purpose for which the article is being offered. While some of the law review articles may be unbiased and offered only for historical reference, not all are. For example, a review of Exhibit DJ entitled "Heller's Catch 22" indicates a strong bias on the part of the author, Adam Winkler. In the introduction, Winkler states:

> In this Article, I want to use Heller's novel as a launching point for analyzing some of the logical inconsistencies, missteps, and contradictions that bedevil the gun rights debate in contemporary America and, in particular, the recent landmark U.S. Supreme Court decision carrying the Catch-22 author's surname, District of Columbia v. Heller. Just as Heller's novel is widely regarded as one of the greatest novels of the twentieth century, the *Heller* decision, which held that the Second Amendment protects an individual right to keep and bear arms unrelated to militia service, has already been

hailed as one of the most significant constitutional law decisions of the twenty-first century. In more substantive ways, however, Heller and *Heller* belong together; the Supreme Court's decision suffers from many of the irrationalities and paradoxes that animate Joseph Heller's famous novel. 56 UCLA Law Review 1551 at p. 1552 (2009).

This law review in not an article about how the Second Amendment was understood historically which under Peruta v. County of San Diego the Court is expected to consult in connection with a Second Amendment challenge. See Peruta v. County of San Diego, 742 F.3d 1144 at *4 (9th Cir. 2014). The author clearly believes mistakes were made in Heller—mistakes that serve as the theme of the article. As such, to the extent the law review articles contain disputed and/or unreliable facts, they cannot be judicially noticed.

As described above, to the extent Defendant pinpoints the evidence she truly intends to rely upon and why that evidence is judicially noticeable, as opposed to listing 65 lengthy exhibits without explanation, Plaintiffs can offer specific objections and/or arguments against judicial notice. At this point, however, absent a further showing by Defendant, Plaintiff contends all items in category 3 should be excluded.

**D.     Reports by Other Organizations**

The fourth category of documents Defendant is requesting the Court judicially notice includes reports issued by governmental agencies other than the Department of Justice and one non-governmental organization. (Defendant's Exhibits FA through FG). Defendant contends the reports are matters of public record. First, at least some of the reports, by Defendant's own admission, involve waiting period laws in other jurisdictions. These are not relevant to this Court's decision regarding the constitutionality of the statutes in this jurisdiction.

Courts may take judicial notice of *some* public records, including the records

8

and reports of administrative bodies." United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003). "Evaluative reports" or "status reports," however, do not qualify. See, e.g. Lomax Transp. Co. v. United States, 183 F.2d 331 (9th Cir. 1950). Further, disputed facts in public records are not properly the subject of judicial notice. A court may not take judicial notice of a fact that is subject to "reasonable dispute" simply because it is contained within a pleading that has been filed as a public record or is asserted in another document which otherwise is properly the subject of judicial notice. Lauter v. Anoufrieva, 642 F.Supp.2d 1060, 1077 (C.D. Cal. 2009); see also United States v. Corinthian Colleges, 655 F.3d 984, 998–999(9th Cir. 2011); Lustgraaf v. Behrens, 619 F.3d 867, 885–886 (8th Cir. 2010)—district court properly took judicial notice to decide what statements were contained in public records but improperly took judicial notice to prove truth of contents (disputed fact).

First, the reports are not relevant to the constitutionality of the challenged statutes. Second, it appears that some of the report's authors (for example the Legal Committee Against Violence and the Violence Policy Center) would not qualify as a "public agency" for the purposes of judicial notice. Clearly the statements in reports published by private anti-violence entities lack reliability.[5]

Finally, almost all of the reports related to "gun violence" etc. Reports on "gun violence" offer no benefit other than to bias this Court and distract from the core issues in the case—the constitutionality of the waiting period laws under the facts of this case where each Plaintiff already owns legal firearms. Thus the reports have no relevance here and should not be judicially noticed by this Court.

**E. News Articles**

Finally, Defendant seeks judicial notice of news articles. (Defendant's Exhibits CU, GA through GL, GN, and GO.) News articles are subject to dispute

---

[5] Defendant is actually attempting to have this Court take judicial notice of a DRAFT report issued by the DOJ. (Ex. FD). A draft report cannot constitute a reliable judicially-noticeable public record curtailing the necessity of formal proof.

and therefore not the proper subject of a request for judicial notice under Federal Rule of Evidence 201. For instance, courts have opined that it may take judicial notice of publications introduced to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." Premier Growth Fund v. Alliance Capital Mgmt., 435 F.3d 396, 401 n. 15 (3d Cir. 2006); accord Heliotrope Gen. Inc. v. Ford Motor Co., 189 F.3d 971, 981 n. 118 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants.").

Here the exhibits Defendant seeks to introduce consist of a number of biased unauthenticated articles (which can be seen from many of the titles alone, i.e., "Californians Buying Guns at Record Rates" (Ex. GE), "Baltimore Gun Violence Summit Conclude with Recommendations" (Ex. GI) and "Repeal of Missouri's Background Check Law Associated with Increase in State's Murders" (Ex. GN). As there has been no offer of proof to date, Plaintiffs can only assume the articles are being offered to demonstrate the truth of their contents which is not the proper here as the contents are subject to dispute. No only are the articles and the opinions contained within subject to dispute (and therefore not the proper subject of judicial notice), but the articles are overly prejudicial and irrelevant. It appears Defendant is attempting to introduce evidence that the 10-day waiting period is needed to perform background checks to make sure that prohibited persons do not come into possession of another firearm or to justify the length of time it takes the DOJ to run a background check. All Plaintiffs in this action, however, already have a firearm tied to their identity in state databases. If an individual already possesses a firearm, then nothing about this rationale would prevent that individual from acting on a sudden impulse to commit gun violence with a gun already in his or her possession.

Further, the articles constitute hearsay under FRE 802(c). No exception applies because statements in periodicals only fall under an exception if the

statement is called to the attention of an expert witness on direct or cross-examination and the called publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice. Fed. R. Evid. 803(18).  Even if the Court takes judicial notice that the publication is established as reliable, no expert can testify because there was no expert discovery in this case and Defendant did not produce expert testimony at trial with respect to the news articles it seeks to introduce. Thus the articles are also inadmissible for lack of foundation. See e.g., <u>Wilkins v. Kmart Corp.</u>, 487 F.Supp.2d 1216 (D. Kan. 2007).

### III.     CONCLUSION

Based on the foregoing, this Court should deny Defendant's RJN with respect to all exhibits remaining in dispute.  To the extent the Court is inclined to admit portions of specific exhibits into evidence, Plaintiff request the opportunity to object and/or otherwise challenge the specific fact noticed and the propriety of noticing it.

DATED: June 16, 2014                              OTTEN LAW, PC

                                                  _____
                                                  Victor Otten, Esq.
                                                  Attorneys for Plaintiffs