1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  MARK R. BECKINGTON, State Bar No. 126009
   Supervising Deputy Attorney General
3  JONATHAN M. EISENBERG, State Bar No. 184162
   Deputy Attorney General
4  PETER H. CHANG, State Bar No. 241467
   Deputy Attorney General
5   455 Golden Gate Ave., Suite 11000
    San Francisco, CA 94102-7004
6   Telephone: (415) 703-5939
    Fax: (415) 703-1234
7   E-mail: Peter.Chang@doj.ca.gov
   *Attorneys for Defendant Kamala D. Harris,*
8  *Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**KAMALA D. HARRIS, Attorney General of California (in her official capacity),**<br><br>Defendant. | 1:11-cv-02137-AWI-SKO<br><br>**DEFENDANT KAMALA D. HARRIS'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE [DOCKET # 92]**<br><br>Date:     July 21, 2014<br>Time:    1:30 p.m.<br>Dept:    8th Flr., Crtrm. 2<br>Judge:   Hon. Anthony W. Ishii<br>Trial Date:  March 25, 2014<br>Action Filed:  December 23, 2011 |

Defendant Kamala D. Harris, Attorney General of California ("the Attorney General"), submits the following opposition to the June 16, 2014, motion of Plaintiffs Jeff Silvester ("Silvester"), Brandon Combs ("Combs"), The Calguns Foundation, Inc. ("CGF"), and The Second Amendment Foundation, Inc. ("SAF"; together with Silvester, Combs, and CGF, "Plaintiffs") to exclude certain evidence (Docket # 92; "Motion to Exclude").

**INTRODUCTION**

Plaintiffs seek to exclude the Attorney General's proffered exhibits that have not already been admitted, specifically Exhibits CD through CJ, CU, DA through DY, EA through EK, FA through FG, and GA through GO. The Court has already admitted Exhibits AA through AS and AU through CC into evidence. (Trial Tr.[1] 140:21-140:24.)

The Attorney General has repeatedly made clear that, via the exhibits in dispute here, she is requesting judicial notice of legislative facts, which type of judicial notice is not governed by Federal Rule of Evidence ("Rule") 201. (*See* Mar. 24, 2014, Req. for Jud. Notice of Def. Kamala D. Harris (Docket # 78) ("Request for Judicial Notice"); and Trial Tr. 523:8-524:18.) Yet Plaintiffs continue to seek exclusion of the Attorney General's exhibits based on Rule 201 and therefore continue to argue for the Court to apply the wrong standard. As detailed in the Attorney General's Request for Judicial Notice and reiterated below, the exhibits in dispute are properly subject to judicial notice as legislative facts.[2] In addition, while Plaintiffs make broad arguments about the Attorney General's proposed legislative facts as being not undisputed, Plaintiffs do not actually dispute any particular fact for which the Attorney General seeks judicial notice, and have neither presented nor identified any conflicting or rebuttal evidence in their motion.

---

[1] "Trial Tr." refers to the Reporter's Transcript of the March 25, 2014, through March 27, 2014, trial proceedings.

[2] Plaintiffs' motion is baseless in complaining that the Attorney General waived her request for judicial notice by not addressing the significance of each specific exhibit. The Attorney General has timely and appropriately identified, described, and relied upon specific exhibits in Defendant's Proposed Findings, complying with the Court's instructions recorded at pages 529 and 530 of the trial transcript.

1

Def. Harris's Opp. to Plfs.' Mtn. to Exclude Evidence (1:11-cv-02137-AWI-SKO)

# LEGAL STANDARD FOR JUDICIAL NOTICE OF LEGISLATIVE FACTS

Where legislative facts are concerned, a court has broad discretion in granting judicial notice. Notably, there is *no* federal rule of evidence that *constrains* the judicial notice of legislative facts. *See* Fed. R. Evid. 201(a) advisory comm. notes ("No rule deals with judicial notice of 'legislative' facts"). Rule 201 "is the only evidence rule on the subject of judicial notice[,]" but "[i]t deals only with judicial notice of 'adjudicative' facts." *Id.*

"'Legislative facts are the facts which help the tribunal determine the content of law and of policy and help the tribunal to exercise its judgment or discretion in determining what course of action to take.'" *Ass'n of Nat'l Advertisers, Inc. v. F.T.C.*, 627 F.2d 1151, 1161 (D.D.C. 1979) (citation omitted). Because "[l]egislative facts . . . are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body," a "high degree of indisputability" is *not* required before a court may take judicial notice of such facts. Fed. R. Evid. 201(a) advisory comm. notes. Therefore, judicial notice of legislative facts is not limited by "any formal requirements of notice other than those already inherent in affording opportunity to hear and be heard and exchanging briefs, and any requirement of formal findings at any level[.]" *Id.* (citing *Borden's Farm Prods. Co. v. Baldwin*, 293 U.S. 194 (1934)).

As the Advisory Committee Notes to Rule 201 further explain,

> In determining the content or applicability of a rule of domestic law, the judge is *unrestricted* in his investigation and conclusion. He may reject the propositions of either party or of both parties. He may consult the sources of pertinent data to which they refer, or he may refuse to do so. He may make an independent search for persuasive data or rest content with what he has or what the parties present. [T]he parties do no more than to assist; they control no part of the process.

Fed. R. Evid. 201(a) advisory comm. notes (quoting Morgan, Judicial Notice, 57 Harv. L. Rev. 269, 270–271 (1944) (emphasis added) (bracket in original).

//

//

2

Def. Harris's Opp. to Plfs.' Mtn. to Exclude Evidence (1:11-cv-02137-AWI-SKO)

# ARGUMENT

## I. LEGISLATIVE HISTORIES (DEFENDANT'S EXHIBITS CD, CE, CF, CG, CH, AND CI)

In the Attorney General's Proposed Findings,[3] she cites the legislative histories of California statutes that make up California Penal Code sections 26815(a) and 27540(a) (the "Waiting Period Laws"); specifically, defense Exhibits CD, CE, CF, CG, CH, and CI. "Courts frequently take judicial notice of legislative history, including committee reports." *Korematsu v. United States*, 584 F. Supp. 1406, 1414 (citing *Alaska v. Am. Can Co.*, 358 U.S. 224, 227 (1959) (taking judicial notice of an act's legislative history)); *Rabkin v. Dean*, 856 F. Supp. 543, 546 (N.D. Cal. 1994) (taking judicial notice of the contents and legislative history of a proposed city ordinance). The legislative histories offered by the Attorney General are relevant because they show the California Legislature's reasons and justifications for requiring a waiting period and selecting the particular lengths of the waiting periods. The legislative histories evidence how the challenged 10-day waiting period came to be, including how the Legislature determined that 10 days was an appropriate length of time for conducting background checks. (*See, e.g.,* Def. Exh. CG at AG000061 (Cal. S.B. 671, 1995-96 Regular Sess., S. Third Reading, as amended Jun. 4, 1996) (reducing the length of background checks because of advances in technology); Defendant's Proposed Finding No. 12. Legislative histories of earlier statutes also reference the "cooling off" period rationale for the waiting period. *See, e.g.,* Def. Exh. CG at 2099-0051 (Cal. S.B. 671, 1995-96 Regular Sess.); Defendant's Proposed Finding, No. 14.)

Despite citing numerous cases relating to authenticity of history materials, in the end Plaintiffs do not challenge the authenticity of defense Exhibits CD through CI which are history materials. Rather, Plaintiffs challenge only the relevance of legislative histories and do not object to their admission into evidence to the extent they are relevant. (Motion to Exclude at 5-6.) As shown above, and also in Defendant's Proposed Findings Nos. 4-14, the legislative histories are relevant and should be admitted into evidence.

---

[3] "Defendant's Proposed Findings" refers to the Attorney General's Proposed Findings of Fact and Conclusions of Law (Docket # 88).

3

Def. Harris's Opp. to Plfs.' Mtn. to Exclude Evidence (1:11-cv-02137-AWI-SKO)

## II. HISTORY BOOKS, LAW REVIEW ARTICLES, SCIENTIFIC ARTICLES

History books, law review articles, and other scholarly articles, including those in the field of medical and social sciences, are all proper subjects for judicial notice for the legislative facts contained therein. *See e.g.*, *Leo Sheep Co. v. United States*, 440 U.S. 668, 669-670 (1979) (referencing a number of history books that discussed the commercial and social aspects of living on the western frontier during the 19th century). "'[C]ourts, in construing a statute, may with propriety recur to the history of the times when [a challenged statute] was passed; and this is frequently necessary, in order to ascertain the reason as well as the meaning of particular provisions in it.'" *Id.* (quoting *United States v. Union Pacific R. Co.*, 91 U.S. 72, 79 (1875)).

### A. History Books and Law Review Articles (Defendant's Exhibits EC, EG, EJ, EK; also Exhibits A-D of the Attorney General's Supplemental Request for Judicial Notice (Docket 90))

With respect to history books and law review articles, Plaintiffs do not object to the admissibility of documents that evidence the scope and meaning of the Second Amendment, as understood in the Founding Era. As Plaintiffs admit, "[g]iven that the United States Supreme Court in both *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. ___, 130 S. Ct. 3020 (2010), engaged in a survey of 'historical' evidence of the scope and meaning the Second Amendment, the Plaintiffs herein cannot (and do not) object to that kind of evidence being derived from academic studies and law-journal articles." (Plfs.' Reply Memo. Re: Mtn. in Limine to Exclude Expert Op. Test. (Docket # 63) at 2.)

Despite their unequivocal recognition that this type of evidence is admissible, Plaintiffs attempt to walk back this concession by arguing that there must be expert testimony as to each author's reliability as an authority figure on the subject matter, "as is required to judicially notice books and articles." (Motion to Exclude at 6.) But Plaintiffs cite no authority that the Court's power to judicially notice legislative facts must rest on expert testimony. Plaintiffs now also

4

Def. Harris's Opp. to Plfs.' Mtn. to Exclude Evidence (1:11-cv-02137-AWI-SKO)

argue that the history books and articles must be "unbiased," however bias is determined.[4]  Again, there is no such requirement in taking judicial notice of legislative facts and Plaintiffs cite no authority supporting their new argument.  And despite making these generic objections, Plaintiffs have not challenged the accuracy of any fact in the defense exhibits.

Contrary to Plaintiffs' arguments, judicial notice of historical facts and evidence is especially appropriate given Plaintiffs' Second Amendment challenge to the Waiting-Period Laws.  Pursuant to recent Ninth Circuit authority, the Court is expected to consult history source materials as to how the Second Amendment was understood by Founding Era voters.  *See Peruta v. Cnty. of San Diego,* 742 F.3d 1144, at 1150-51 (9th Cir. Feb. 13, 2014) (petition for en banc review pending).  This consultation necessarily takes into account history books and law review articles, which contain the facts of which the Attorney General seeks the taking of judicial notice.

**B. Scientific Articles (Defendant's Exhibits DC, DD, DF, DG, DH, DM, DQ, DS, DT, DV, DW, and DX)**

Medical research and other scientific articles are routinely considered by courts.  *See, e.g., Brown v. Bd. of Educ.*, 347 U.S. 483, 494 (1954) (referencing a number of psychological and social science studies demonstrating harm caused by "separate but equal" doctrine in public education, in support of Court's determination that doctrine was unconstitutional); *see also United States v. Gould*, 536 F.2d 216, 220 (8th Cir. 1976) (upholding the district court's taking judicial notice that cocaine hydrochloride is a "schedule II" controlled substance as a legislative fact).  The scientific articles submitted by the Attorney General provide legislative facts that help the Court determine the policy rationales for the Waiting Period Laws and to "help the [Court] to exercise its judgment or discretion in determining what course of action to take.'" *Ass'n of Nat'l Advertisers*, 627 F.2d at 1161 (citation omitted).

---

[4] Plaintiffs point to historian Adam Winkler's published critiques of the *Heller* decision as evidence of Winkler's "strong bias."  To a certain extent, all scholarly works are colored by their authors' views.  Whatever Winkler's views about *Heller*, when he presents historical facts, they can be judicially noticed.  Facts do not cease to be facts because the person stating them has opinions on current affairs.

5

Def. Harris's Opp. to Plfs.' Mtn. to Exclude Evidence (1:11-cv-02137-AWI-SKO)

Courts may take judicial notice of scientific articles for legislative facts even without presenting witnesses. In *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013), a Second Amendment challenge to a federal firearms law, the federal prosecutors who successfully defended the law presented relevant medical-research studies, unaided by any presenting witness, as competent evidence on the key issues in the case. *Chovan,* 735 F.3d at 1137 & 1139 (citing publications such as C. Kevin Marshall, *Why Can't Martha Stewart Have a Gun?*, 32 Harv. J.L. & Pub. Pol'y 695, 698, 708 (2009), and Julia C. Babcock, et al., *Does Batterer' Treatment Work? A Meta-Analytics Review of Domestic Violence Treatment,* 23 Clinical Psych. Rev. 1023, 1039 (2004)); *see also* Decl. of Caroline Han Regarding Use of Expert Witnesses in *Chovan* Litig. (Docket # 59-2) ¶¶ 4-5. It is thus clear that appellate courts, in reviewing a trial court's decision on the constitutionality of a challenged statute, can take notice of medical-research and social-science studies as part of the judicial decision-making process. It defies logic to think that a trial court cannot consider that same evidence in the first instance, when its decision will be later reviewed by an appellate court that may do so.

Plaintiffs argue that the scientific articles about the effects of cooling-off periods are irrelevant because Plaintiffs already own firearms and the cooling off period would have no effect on them for that reason. However, as the Attorney General established at trial, and as Plaintiffs admit, an individual who previously purchased a gun may no longer have access to that gun at a later time. A person's gun may not be in working condition. (Trial Tr. 37:3-24 [Silvester] (one or more of Silvester's guns were not available for him to use for months at a time because they were not in working condition).) A person may not have the proper ammunition for the gun. (Trial Tr. 38:3-10 [Silvester]; Trial Tr. 97:19-98:1 [Combs].) A person's gun may be lost or stolen and thus would not be available for use. (Trial Tr. 173:20-24 [Buford] ("a lot of the firearms that are involved in [the DROS] process . . . had been reported lost or stolen"). If a person no long has access to a working gun with working ammunition, the cooling off period applies with equal force to that person. Additionally, different guns are suitable for different purposes. (Trial Tr. 38:11-16 [Silvester].) The cooling off period thus may continue to be

6

Def. Harris's Opp. to Plfs.' Mtn. to Exclude Evidence (1:11-cv-02137-AWI-SKO)

applicable to a person who may choose to select a different gun for a planned act of violence. (*See, generally*, Defendant's Proposed Findings Nos. 197-204.)

More generally, Plaintiffs' arguments regarding the relevance of these materials go to the weight of the evidence, not to whether the Court may judicially notice these materials. Nothing precludes the Court from taking these exhibits into consideration in considering Plaintiffs' arguments against the cooling off rationale in certain contexts.

For these reasons, the Attorney General's scientific evidence exhibits (DC, DD, DF, DG, DH, DM, DQ, DS, DT, DV, DW, and DX) are proper subjects for judicial notice and should be noticed by the Court.

### C. News Articles (Defendant's Exhibit CU, GC, GF, and GN)

News articles, similar to other sources of documents that are proper subjects for judicial notice of legislative facts, are appropriate for judicial notice. As with other categories of documents, Plaintiffs mistakenly cite to evidentiary rules in the context of a Rule 201 judicial notice of adjudicative facts. The Court may exercise its discretion to take judicial notice of the newspaper articles that the Attorney General submitted, and then should judge the relevance and reliability of the fact statements therein.

### D. Reports by Other Organizations (Defendant's Exhibits FC, FF, and FG)

Plaintiffs request that the Court exclude reports by "other organizations" as evidence. These exhibits comprise reports issued by governmental agencies other than the California Department of Justice and one non-governmental organization. These reports provide detailed information about firearm-purchaser background check systems in California and other jurisdictions, including the high error rate for the federal NICS system. This information is relevant in evaluating the necessity of the 10-day period utilized by California's background check system, and comparing California's system to allegedly quicker systems in other jurisdictions in terms of achieving the goal of minimizing gun violence.

Even though the Attorney General made clear both in her Request for Judicial Notice and at trial that she seeks judicial notice of legislative facts, not constrained by Rule 201, Plaintiffs nonetheless mistakenly continue to rely on only those authorities limiting judicial notice under

7

Rule 201. The rules that Plaintiffs cite are not applicable. Governmental and other reports and facts therein are proper subjects of judicial notice. *See*, *e.g.*, *Rusak v. Holder*, 734 F.3d 894, 898 (9th Cir. 2013) (judicial notice taken of governmental reports regarding religious intolerance in certain countries to establish plaintiff's claim of past persecution).

### III. CONCLUSION

For the reasons stated above, the Attorney General respectfully requests that the Court deny Plaintiffs' Motion to Exclude and grant the Attorney General's Request for Judicial Notice.

Dated: June 30, 2014

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General

/s/ *Peter H. Chang*
PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant Kamala D. Harris,*
*Attorney General of California*

8

Def. Harris's Opp. to Plfs.' Mtn. to Exclude Evidence (1:11-cv-02137-AWI-SKO)