1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  MARK R. BECKINGTON, State Bar No. 126009
   Supervising Deputy Attorney General
3  PETER H. CHANG, State Bar No. 241467
   Deputy Attorney General
4  JONATHAN M. EISENBERG, State Bar No. 184162
   Deputy Attorney General
5   300 South Spring Street, Suite 1702
    Los Angeles, CA  90013
6   Telephone:  (213) 897-6505
    Fax:  (213) 897-5775
7   E-mail:  Jonathan.Eisenberg@doj.ca.gov
   *Attorneys for Defendant Kamala D. Harris,*
8  *Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA D. HARRIS, Attorney General of California (in her official capacity),**<br><br>Defendant. | 1:11-cv-02137-AWI-SKO<br><br>**DEFENDANT KAMALA D. HARRIS'S OBJECTIONS TO NEW ARGUMENTS AND NEW EVIDENCE PRESENTED IN PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO DEFENDANTS' CLOSING BRIEF [DOCKET # 98]**<br><br>Dept: 8th Flr., Crtrm. 2<br>Judge: Hon. Anthony W. Ishii<br>Trial Date: March 25, 2014<br>Action Filed: December 23, 2011 |

Defendant Kamala D. Harris, Attorney General of California ("the Attorney General"), submits the following objections to an argument and evidence appearing for the first time in the present case in the June 30, 2014, memorandum of points and authorities ("Plaintiffs' Closing Response Brief") of Plaintiffs Jeff Silvester ("Silvester"), Brandon Combs ("Combs"), The Calguns Foundation, Inc. ("CGF"), and The Second Amendment Foundation, Inc. ("SAF";

1

Def. Harris's Objections to Plfs.' New Argument and Evidence (1:11-cv-02137-AWI-SKO)

together with Silvester, Combs, and CGF, "Plaintiffs"), which memorandum responded to the Attorney General's June 16, 2014, closing brief.

The Attorney General objects that Plaintiffs' Closing Response Brief improperly makes a new argument based on a never-before-disclosed document, unrelated to responding to any arguments or evidence that the Attorney General presented in her June 16, 2014, closing brief. The Court should disregard the new argument and evidence or, alternatively, permit the Attorney General to respond to them.

The Attorney General specifically objects to the argument and citations at page 1, lines 11 to 23 and 27 to 28, page 2 (entire page), and page 3, lines 1 to 24, of Plaintiff's Closing Response Brief, as well as to the associated exhibit, which is docket item 98-1, to the extent that the exhibit does more than cite to laws and regulations.

The gist of the objectionable argument is that California's laws mandating a 10-day waiting period between the application to purchase and delivery/receipt of a firearm, for all California citizens not exempt from the laws, are not "part of the current national norm" and, therefore, they burden the Second Amendment right to keep and bear arms. (Plaintiffs' Closing Response Brief at 3:22-3:24.) The objectionable evidence comprises excerpts from the 2010-11 edition of the Bureau of Alcohol, Tobacco, Firearms and Explosives' report, *State Laws and Published Ordinances*. Plaintiffs did not list this report in the pretrial statement (docket item 45) as one of the documents to be used at trial. Consequently, the report is not listed in the pretrial order (docket item 48). There is no copy of this report in the pre-marked trial exhibits; nor was the report used at trial.

A trial court should not consider a litigant's new (not rebuttal) argument raised for the first time in a response to a closing brief following a trial, because the opposing litigant is obviously prejudiced by being unable to respond. *Cf. United States v. Anekwu*, 695 F.3d 967, 985 (9th Cir. 2012) (discussing reply briefs on appeal); *Kennedy v. Lockyer*, 379 F.3d 1041, 1063 (9th Cir. 2004) (same). Alternatively, the court should grant the opposing party an opportunity to respond to the new argument. *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003).

2

Def. Harris's Objections to Plfs.' New Argument and Evidence (1:11-cv-02137-AWI-SKO)

A trial court should not consider new evidence offered after the presentation of evidence at trial has ended, unless the propounding party moves to reopen evidence and thereby justifies why the evidence in question was not offered earlier. L.R. 281(b)(11); *Contempo Metal Furniture Co. of Cal. v. E. Tex. Motor Freight Lines, Inc.*, 661 F.2d 761, 767 (9th Cir. 1981); *see also Pac. Contact Labs., Inc. v. Solex Labs., Inc.*, 209 F.2d 529, 533-34 (9th Cir. 1953) (discussing motion for new trial); *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (motion to amend judgment); *cf.* L.R. 291.1; L.R. 291.2.

Here, Plaintiffs' new argument is based on the new evidence, so the Court should hold Plaintiffs to the requirement of moving to reopen evidence, before considering the new argument or the new evidence. If the Court is inclined to consider the new argument or the new evidence, however, the Attorney General would request an opportunity to respond substantively to Plaintiff's new argument and evidence.

Dated: July 15, 2014

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ *Jonathan M. Eisenberg*
JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Defendant Kamala D. Harris, Attorney General of California*

3

Def. Harris's Objections to Plfs.' New Argument and Evidence (1:11-cv-02137-AWI-SKO)