# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFF SILVESTER, et al.,**<br><br>    **Plaintiffs**<br><br>    v.<br><br>**KAMALA HARRIS, Attorney General of California, and DOES 1 to 20,**<br><br>    **Defendants** | **CASE NO. 1:11-CV-2137 AWI SKO**<br><br>**ORDER ON MOTION TO FILE AN AMICUS CURIAE BRIEF**<br><br>(Doc. No. 101) |

    This case challenges the constitutionally of various state law firearm laws. The Court has taken live testimony and admitted evidence as part of a bench trial. Currently, the parties have filed proposed findings of fact and conclusions of law, and closing arguments for the bench trial are set for August 15, 2014. On July 21, 2014, the Brady Center to Prevent Gun Violence ("the Center") submitted a motion to permit it to file an amicus curiae brief in support of Defendant. The Center states that Defendant consents to the filing, but that Plaintiffs have indicated that they will not consent.

    It has been recognized that district courts have the inherent authority to permit and consider amicus curiae briefs, even though such briefs are not specifically provided for in the Federal Rules of Civil Procedure. See In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). Nevertheless, the Center's motion is not well received. The posture of this case is that of a bench trial in the final stages. The Court is in the process of assessing evidence, witnesses, and arguments. Permitting the Center's amicus brief would not aide the Court, would be without the consent of all of the parties, would insert a new element in the case at

a time that is well beyond the eve of trial, and would cause a further delay in proceedings in a court that has a heavily impacted docket.[1]  The Center cites neither case law nor a provision of the Federal Rules that would permit the filing of an amicus brief in this situation.[2]  While the Court appreciates the interest in this case, the Court will not consider or permit the amicus brief to be filed.

Accordingly, IT IS HEREBY ORDERED that the Center's motion to file an amicus curiae brief (Doc. No. 101) is DENIED.

IT IS SO ORDERED.

Dated:   July 22, 2014
　　　　　　　　　　　　　　　　　　　SENIOR DISTRICT JUDGE

---

[1] This is true of any amicus brief, not just the brief filed by the Center.

[2] Federal Rule of Appellate Procedure 29 permits the filing of amicus briefs.  However, under FRAP 29, the proposed amicus brief is not timely.  Under FRAP 29(e), a motion to file an amicus brief (along with the brief itself), must be filed within 7 days of the principal party's brief that is being supported.  Here, the Center is filing a brief that would be in support of either a memorandum or a proposed findings of fact that were both filed by Defendant on June 16, 2014.  The July 21 proposed amicus brief is well beyond the 7 day limit.  Cf. Fed. R. App. P. 29(e).