# EXHIBIT 3

contend that if a violation of the Second Amendment is found, then the appropriate injunctive relief would essentially create additional exceptions to the waiting period and the Fourteenth Amendment issues would not need to be addressed. Because the Court has found violations of the Second Amendment as discussed above, the Court will follow Plaintiffs' recommendation and decline to reach the Fourteenth Amendment issues.

## V. ORDER

The Court has found that the 10-day waiting periods of Penal Code § 26815(a) and § 27540(a) violate the Second Amendment as applied to certain groups. Plaintiffs urge the Court to follow the approach of *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012), in which the Seventh Circuit stayed its ruling for 180-days in order to give the Illinois legislature the opportunity to craft new laws in light the unconstitutionality of various Illinois firearms laws. The Court finds *Moore*'s approach to be appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. The 10-day waiting periods of California Penal Code § 26815(a) and § 27540(a) violate the Second Amendment as applied to those individuals who successfully pass the BFEC/standard background check prior to 10 days and who are in lawful possession of an additional firearm as confirmed by the AFS system;
    a. If the BFEC/standard background check for such an individual is completed and approved before 10-days, Defendant shall immediately release the firearm for delivery to such individual and shall not wait the full 10-days;
2. The 10-day waiting periods of California Penal Code § 26815(a) and § 27540(a) violate the Second Amendment as applied to those individuals who successfully pass the BFEC/standard background check prior to 10 days and who possess a valid CCW license issued pursuant to California Penal Code § 26150 or § 26155;
    a. If the BFEC/standard background check for such an individual is completed and approved before 10-days, Defendant shall immediately release the firearm for delivery to such individual and shall not wait the full 10-days;

3. The 10-day waiting periods of California Penal Code § 26815(a) and § 27540(a) violate the Second Amendment as applied to those individuals who successfully pass the BFEC/standard background check prior to 10 days and who possess both a valid COE issued pursuant to California Penal Code § 26710 and a firearm as confirmed by the AFS system.

   a. If the BFEC/standard background check for such an individual is completed and approved before 10-days, Defendant shall immediately release the firearm for delivery to such individual and shall not wait the full 10-days;

4. Defendant shall modify their BFEC procedures as they deem necessary so as to be able to comply fully and in good faith with this order;[43]

5. Nothing in this order is to be construed as interfering with Defendant's authority to deny a transfer or sale of a firearm to those who are prohibited by state or federal law from possessing a firearm;

6. Nothing in this order is to be construed as interfering with the Defendant's ability to delay a transfer or sale of a firearm when further investigation is required to confirm that a buyer or transferee is not prohibited by state or federal law from possessing a firearm;

7. Paragraphs 1 through 6 of this order are stayed for a period of 180 days from entry of this order;

8. The parties shall appear for a status conference on December 8, 2014 in Courtroom No. 2 at 1:30 p.m.;[44] and

9. The Clerk shall enter judgment in favor of Plaintiffs and against Defendant.

IT IS SO ORDERED.

Dated: __August 22, 2014__   _____
                              SENIOR DISTRICT JUDGE

---

[43] The Court particularly directs Defendant's attention to the testimony Assistant Bureau Chief Buford and the "simple" checks within AFS to determine if an individual has a firearm, has a valid CCW license, or has a valid COE.

[44] The parties shall file a joint status conference report on December 1, 2014. If the parties agree upon a different date for a status conference, they may file a stipulation with the Court to move the status conference.