KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MARK R. BECKINGTON, State Bar No. 126009
Supervising Deputy Attorney General
JONATHAN M. EISENBERG, State Bar No. 184162
Deputy Attorney General
PETER H. CHANG, State Bar No. 241467
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5939
 Fax: (415) 703-1234
 E-mail: Peter.Chang@doj.ca.gov
*Attorneys for Defendant Kamala D. Harris,
as California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA D. HARRIS, Attorney General of California (in her official capacity),**<br><br>Defendant. | 1:11-cv-02137-AWI-SKO<br><br>DECLARATION OF STEPHEN J. LINDLEY IN SUPPORT OF DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT |

1

## DECLARATION OF STEPHEN J. LINDLEY

I, Stephen J. Lindley, declare:

1. I have personal knowledge of the following facts, and, if I am called as a witness at a relevant proceeding, I could and would testify competently to the following facts.

2. I am the Chief of the California Department of Justice (DOJ)'s Bureau of Firearms (BOF).

3. I have been employed with DOJ since 2001, and have held my current position since 2009.

4. I have reviewed the Court's August 25, 2014, Order and understand its requirements. I have discussed the requirements with members of my staff and have come to an initial determination of the changes that BOF must make to implement the Court's Order.

5. To comply with the Court's Order, BOF has two options. Either BOF will need to have its analysts manually evaluate whether each of the firearm-purchase (DROS) applicants meets the criteria in the Order for immediate release of the firearm(s) after passing the background check, or alternatively, it will need to change certain of its computer systems so that relevant data from the CCW database, the COE database, and the Automated Firearm System (AFS) are automatically queried and returned as part of the Basic Firearms Eligibility Check (BFEC).

6. The manual approach requires at least 12 months to implement.

7. Under the manual approach, BOF analysts would manually query the CCW database, the COE database, and AFS, as part of the background check. However, this would require a significant increase to the number of analysts BOF has on staff for two reasons.

8. First, BOF analysts would need to manually query these databases for all DROS applications, and not just those that were *not* auto-approved. A DROS applicant could no longer be auto-approved under this approach, because a determination must first be made as to whether each applicant meets the criteria in the Order. This means that analysts' workload would be instantly increased because the analysts would have to review applications that were previously

2

auto-approved. (In the first eight months of 2014, BOF analysts reviewed approximately 85 percent of all DROS applications while the remainder were auto-approved.)

9. Second, for BOF analysts to manually query the CCW database, the COE database, and AFS, the analysts must access a separate system interface and perform the queries separately against the different databases. This increases the amount of time that analysts must spend reviewing each application.

10. BOF processed 960,179 DROS applications in 2013. BOF anticipates processing a similar number of DROS applications this year. Any increase in the time that it takes the analysts to review each application is amplified by the large number of DROS applications that BOF processes.

11. For these two reasons, if BOF analysts are required to manually query the CCW database, the COE database, and AFS to comply with the Court's Order, BOF will need a significant increase in the number of analysts it currently has on staff.

12. BOF's existing analysts on staff are already working in excess of 40 hours a week. BOF presently mandates the analysts to work at least 10 hours of overtime each week to keep up with the processing of DROS applications.

13. To hire additional BOF analysts to meet the anticipated increase in workload under the manual approach, BOF would require a significant increase in funding, which must come from the California Legislature. Assuming that BOF is able to obtain the necessary funding from the Legislature, it would then take at least six to eight months to hire and train the analysts before the new analysts may process applications independently. For these reasons, it would take more than 180 days and most likely at least 12 months to get sufficient numbers of analysts to manually implement the Court Order.

14. The second approach is to change DOJ's computers systems so that relevant data from the CCW database, the COE database, and AFS are automatically queried as part of the BFEC for each DROS applicant. Then, after completion of the background check, and if the

DROS applicant meets the criteria in the Order, DOJ could inform the firearm dealer that the firearm(s) may be released to the DROS applicant.

15. This is BOF's preferred approach since, once implemented, it will likely require fewer human resources and would be more efficient. This approach, however, will also most likely take at least 12 months to implement. DOJ's internal IT staff with the proper skills and training to work on these systems and databases are presently assigned to other critical projects, many associated with deadlines set by statutes. DOJ risks missing certain of the deadlines if these IT staff members are required to be pulled off of those projects in order to change BOF's applications and databases within 180 days. Based on my preliminary analysis, and the fact that staff with the necessary skills is presently assigned to other critical BOF projects, I believe that BOF will have to contract with outside vendors to work with DOJ staff to implement the changes to the various systems and databases described in the paragraphs to implement the changes ordered by the Court.

16. Furthermore, even under this approach, additional BOF analysts are likely required since the analysts may need to review certain extra records, such as records where a positive identity match could not be made or records that show unclear results. Therefore, the above-described delay issues related to BOF's budget and hiring and training new analysts would still come into play.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22 day of September, 2014, at Sacramento, California.

_____
Stephen J. Lindley