OTTEN & JOYCE, LLP
VICTOR J. OTTEN (SBN 165800)
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225
E-Mail: vic@ottenandjoyce.com

LAW OFFICES OF DONALD KILMER
DONALD E.J. KILMER, JR. (SBN: 179986)
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax: (408) 264-8487
E-Mail: Don@DKLawOffice.com

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
400 Capitol Mall, Suite 1610
Sacramento, CA  95814
Telephone: (916) 447-4900
Facsimile:  (916) 447-4904
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>KAMALA D. HARRIS, Attorney General of California, and DOES 1 to 20,<br><br>　　　　　　　　Defendants. | Case No.:  1:11-CV-2137 AWI SAB<br><br>**PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT AND MOTION FOR STAY PENDING APPEAL**<br><br>Hearing Date:  Nov. 10, 2014<br>Hearing Time: 1:30 p.m.<br>Judge:   Hon. Anthony W. Ishii<br>Trial Date:  March 25, 2014<br>Action Filed: Dec. 23, 2011 |

## I. INTRODUCTION

In her motion to alter or amend the judgment (Dkt. 110, "Mot. Amend"), Defendant Harris requests that the Court extend the 180-stay of the judgment to a full year.  Defendant claims the extension is necessary for two reasons: (1) to allow DOJ sufficient time to hire staff and reconfigure its background check systems to comply with the Court's order (Mot. Amend 3:12-7:17), and (2) to provide the Legislature with sufficient time to craft new laws to address the constitutional deficiencies identified in the Court's order (Mot. Amend 7:17-9:6).  Defendant also requests the Court stay its judgment pending resolution of her appeal, which would allow the DOJ to forgo any effort to comply with the Court's order until the Ninth Circuit reaches a decision.  (Dkt. 114, "Mot. Stay.")

Plaintiffs oppose these motions.  First, Defendant has failed to establish that an extension of the stay is warranted.  Neither the administrative burden of processing applications nor the Legislative calendar justify extending the stay since DOJ has the capacity to comply, and should do so while upgrading its computer systems to account for change in the waiting period law.  Defendant has similarly failed to demonstrate that the "balance of hardships tip sharply in [her] favor," such that a stay pending the appeal is warranted.  Critically, the state has failed to meet its burden of demonstrating that it will be irreparably harmed by the Court's judgment.  A stay is not appropriate in light of the significant burden imposed on Plaintiffs due to the infringement of their constitutional rights, and the fact that continued enforcement of an unconstitutional law is against the public interest.

Of additional concern to Plaintiffs is that these motions demonstrate a general lack of urgency on DOJ's part.  More than two months has passed and yet there is no evidence that the DOJ has made any material progress toward complying with the Court's order.  The DOJ states repeatedly that, while it seeks a year, it will actually need "at least" a year.  (*See* Mot. Amend at 2:12, 3:21, 4:18, 5:13, 7:14.)  In other words, this is just the first in a series of requests.  To that end, Plaintiffs request that, if the Court is inclined to make any modification to the current stay, the Court schedule multiple status conferences to monitor the DOJ's efforts to comply with the judgment.

## II.  ARGUMENT

### A.  Plaintiffs Will Stipulate To Extend The Stay If Defendant Dismisses The Appeal.

Contingent on Defendant dismissing her appeal, Plaintiffs are willing to stipulate to extend the 180-day stay for an additional 90 days if Defendant demonstrates that the DOJ is making a good faith effort to comply with the Court's order.  To that end, Plaintiffs request the Court set a status conference on February 11, 2015 (one week before the current stay is set to expire) and require DOJ to demonstrate its compliance efforts.  If, at the end of 270 days, despite its best efforts DOJ still needs additional time to comply with the order, Plaintiffs will stipulate to an additional 90-day extension (bringing the total to full year Defendant seeks), provided that the DOJ demonstrates at a further status conference that it will be able to comply by the end of the stay period.

### B.  An Extension Of The Stay Is Not Warranted Under The Circumstances.

The DOJ has failed to demonstrate why it is necessary to further extend the 180-day stay already allowed by the Court.  While it claims that it needs additional time to hire analysts and reconfigure the Basic Firearms Eligibility Check, it failed to show any effort at all to comply with the Order in the two months since the Court issued it.  To the extent that DOJ needs to improve its systems and hire additional staff in order to comply with the Order, it should take efforts to do so now, rather than induce urgency by waiting until the expiration of the stay.  In any event, the DOJ is capable of complying with the order with its current system—a point implicit in the fact that DOJ admits it could comply by manually processing applications—and can continue to do so while upgrading its system to provide for automated review of DROS applications.

As for money, the DOJ has significant funds appropriated to it that may be used for the purposes of complying with the Order without any further legislative or executive involvement.  Under the Budget Act alone DOJ has $26,228,000 appropriated to it for purposes inclusive of the DROS system and its operation/maintenance, and the Firearms Safety and Enforcement Special Fund eclipsed $20 million.[1]

---

[1]    The Budget Act of 2014 (SB 852) appropriated $22,736,000 from fund 0460 (Dealer's Record of Sale special fund) and $3,492,000 from fund 1008 (Firearms Safety and Enforcement Special Fund) to the DOJ for firearms-related expenditures.  *See* Governor's Budget Summary

Defendant also argues that a one-year stay is appropriate to allow time for a legislative fix. (Mot. Amend at 7:17-9:6.) Any extension based on this potential would be inappropriate for many reasons. First, DOJ makes clear that it can comply with the judgment without a legislative action. Even if a "fix" were enacted, DOJ would presumably return to the Court and ask for yet more time to implement the logistics associated with the new law. Defendant cannot justify dragging its feet by relying on the Legislative calendar. Indeed, no matter how much time is allowed, the Legislature can be counted on to wait until the last possible moment to act. And, notably, defendant fails to cite any actual legislative appetite for such a fix. Should it become clear within the time already provided that the Legislature will address the underlying issues, DOJ is free to renew its argument. Until such time, speculation of future action by the Legislature does not support extending the stay.

If the Court is inclined to extend the stay, it should condition the extension on Defendant demonstrating its efforts to comply in periodic status conferences that will help ensure that DOJ stays on track to meet a new deadline.

**C.     The Court Should Deny Defendant's Request For Stay Pending Appeal.**

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). "It is instead an exercise of judicial discretion that is dependent upon the circumstances of the particular case." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 433) (citation omitted and internal punctuation altered for clarity). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34. In determining whether to grant a stay pending appeal, the Court considers the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434.

---

2014-15 (Jan. 10, 2014), app'x. 39, 41, online at http://www.ebudget.ca.gov/2014-15/pdf/BudgetSummary/FullBudgetSummary.pdf; Governor's Proposed Budget 2014-15, Department of Justice Budget at 1, 6, online at http://www.ebudget.ca.gov/2014-15/pdf/GovernorsBudget/0010/0820.pdf.

Defendant has failed to satisfy this burden.

***Likelihood of Success***.  Defendant argues that the "likelihood of success" factor is satisfied because the underlying issue was a matter of first impression.  (*See* Mot. Stay at 5:1-21.)  In other words, the appeal raises "serious legal questions."  But in reaching this conclusion, Defendant glosses over (omits, really) a critical point concerning the applicable legal standard: In order for a stay to issue based on the "serious questions" at issue in the appeal, the stay applicant must demonstrate that "the balance of hardships tips sharply in [its] favor."  *See Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011).  Defendant cannot make this showing for the reasons set out below.

***Irreparable Harm***.  Here, Defendant argues two points: (1) the State is irreparably harmed by the enjoinment of a duly enacted law (Mot. Stay at 6:24-7:2), and (2) Defendant is harmed by the fiscal and administrative burdens associated with compliance (*id.* at 7:3-15).

On the first point, Defendant cites *Coalition for Economic Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997), for the statement that "it is clear that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined."  (Mot. Stay at 6:25-27.)  Defendant overstates the force of this statement, which the Ninth Circuit long ago explained was dicta, warning that it could be used to eviscerate the nuanced balance of harms analysis.  *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 658 (9th Cir. 2009), vacated and remanded on other grounds sub nom. *Douglas v. Indep. Living Ctr. of S. Cal, Inc.*, ⎯⎯ U.S. ⎯⎯, 132 S.Ct. 1204, (2012).  The Ninth Circuit explained that

> … [A] state may suffer an abstract form of harm whenever one of its acts is enjoined.  To the extent that is true, however, it is not dispositive of the balance of harms analysis.  If it were, then the rule requiring "balance" of "competing claims of injury," would be eviscerated.  Federal courts instead have the power to enjoin state actions, in part, because those actions sometimes offend federal law provisions, which, like state statutes, are themselves "enactments of its people or their representatives."

572 F.3d at 658 (citations omitted).

Thus, the naked statement that California is injured *ipso facto* because its statute is enjoined is insufficient to demonstrate the "certainty" of irreparable harm required—particularly when weighed against the Federal Constitutional rights that statute infringes.

The State has similarly failed to demonstrate that the burdens of compliance constitute "irreparable" harm. For one thing, while it may be preferable (and, indeed, more efficient) for the State to upgrade its databases and alter its processes to comply with the Court's order, it is not necessary that it do so. It is no burden on the State to allow delivery of firearms to persons in the three classes now-exempt from the waiting period once a background check is complete. All the State has to do is allow for their release, rather than keep a 10-day hold. If the DOJ prefers an alternative, it can pursue such an alternative while not continuing to violate the Second Amendment rights of California citizens.

In any event, Defendant has failed to demonstrate a certainty of irreparable harm. Indeed, every defendant subject to an injunction bears certain burdens of compliance. If the possibility of winning on appeal were enough to show irreparable harm sufficient to justify a stay, then a stay would be the rule in all injunction cases, rather than the exception. "[S]imply showing some 'possibility of irreparable injury' fails to satisfy the [irreparable harm] factor." *Nken*, 556 U.S. at 434-35 (citations omitted).

*Injury to Plaintiffs*. Defendant dismisses as modest the injury to Plaintiffs should a stay issue, since it only requires Plaintiffs to make a second trip to a firearms dealer. (Mot. Stay at 8:4-11.) This demonstrates a callous disregard of Plaintiffs' Second Amendment rights, and fails to appreciate the nature and magnitude of the harm suffered by Plaintiffs. The deprivation of constitutional rights "for even minimal periods of time" "unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Latta v. Otter*, --- F.3d ----, 2014 WL 5151633, *3 (9th Cir. 2014) (citing *Elrod*); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). Regardless, Plaintiffs' interests are not the only interests at stake here, as the four-factor test also requires consideration of the constitutional rights of others.

*Public Interest*. The public interest weighs heavily against a stay, which would result in the continued enforcement of an unconstitutional law against thousands of California residents. Courts uniformly recognize that the enforcement of an unconstitutional law is against the public interest. *Scott v. Roberts*, 612 F.3d 1279, 1297 (11th Cir. 2010) ("[T]he public, when the state is a party asserting harm, has no interest in enforcing an unconstitutional law."); *Gordon v. Holder*,

721 F.3d 638, 653 (D.C. Cir. 2013) ("[E]nforcement of an unconstitutional law is always contrary to the public interest."); *ACLU v. Ashcroft*, 322 F.3d 240, 251 n.11 (3d Cir. 2003) ("[N]either the Government nor the public generally can claim an interest in the enforcement of an unconstitutional law.") (citation and international quotation marks omitted). *Cf. Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009) (upholding preliminary injunction in free speech case, and noting that "the ongoing enforcement of the potentially unconstitutional regulations would infringe not only the free expression interests of plaintiffs, but also the interests of other people subjected to the same restrictions.") (internal citation, quotation marks and ellipsis omitted).

Finally, there is no threat to public safety if a stay is not issued, as DOJ's comprehensive background check must be completed before any person in the newly exempt classes can take possession of a firearm.

\*    \*    \*

In sum, Defendant has failed to demonstrate that the "balance of hardships tips strongly" in its favor. The request for stay should be denied.

**D.     A Stay Should Be Conditioned On The DOJ Developing A Compliance Plan.**

If the Court is inclined to grant a stay pending appeal, it should require the DOJ to develop a plan that ensures prompt compliance should the Ninth Circuit affirm the Court's ruling. Given the various administrative hurdles the DOJ has already identified in these motions (and what the DOJ seems to characterize as inevitable delays accompanying implementation), it is essential that the DOJ's project be "shovel ready" at the conclusion of the appeal so that Plaintiffs' constitutional rights (and the constitutional rights of thousands of Californians) are not needlessly infringed.

### III. CONCLUSION

For the reasons set forth above, Defendant's request to alter or amend the judgment to extend the period of the stay should be denied. Alternatively, the Court should condition an extension of the stay on Defendant periodically demonstrating its good faith efforts to comply with the judgment. Similarly, Defendant's request for a stay of the judgment should be denied because

it failed to demonstrate that the "balance of hardships tips strongly" in its favor.

Dated:  October 27, 2014　　　　　　　　BENBROOK LAW GROUP, PC

　　　　　　　　　　　　　　　　　　　　　　/S/  *BRADLEY A. BENBROOK*

　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　BRADLEY A. BENBROOK
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs


Dated:  October 27, 2014　　　　　　　　LAW OFFICES OF DONALD KILMER

　　　　　　　　　　　　　　　　　　　　　　/S/  *DONALD E.J. KILMER, JR.*

　　　　　　　　　　　　　　　　　　　　By
　　　　　　　　　　　　　　　　　　　　DONALD E.J. KILMER, JR.
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

CERTIFICATE OF SERVICE
Case Number: 1:11-cv-2137 AWI SAB

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for United States Eastern District of California by using the appellate CM/ECF system on 10/27/2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Kelly McConnen