Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Victor J. Otten (SBN 165800)
OTTEN & JOYCE, LLP
3620 Pacific Coast Hwy, Suite 100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225
E-Mail: vic@ottenlawpc.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION
2500 TULARE STREET | FRESNO, CA 93721

| | |
|---|---|
| JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,<br><br>Plaintiffs,<br><br>vs.<br><br>KAMALA HARRIS, Attorney General of California, and DOES 1 to 20,<br><br>Defendants. | Case No.:   1:11-CV-2137 AWI SAB<br><br>PLAINTIFFS' REPLY RE: ATTORNEY FEES AND COSTS<br><br>Hearing Date:   December 8, 2014<br>Hearing Time:   1:30 p.m.<br>Judge:   Hon. Anthony Ishii<br>Courtroom:   2 |

Defendant's primary arguments for reducing the attorney fee[1] award in this action are:

(1) They have asked the Court to award an hourly rate based on the Fresno venue rather than the place of business for the attorneys litigating the action.

---

[1] Defendants have not contested the request for costs.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Reply Re: Attorney Fees & Costs        Page 1 of 6        *Silvester, et al. v. Harris*

(2) Defendants seek a discount for nature of the work performed.

(3) Defendants seek a discount for un-adjudicated claims.

## HOURLY RATE

Plaintiffs are prepared to submit on the issue of their hourly rate. The rates identified in the Defendants' table on page 11 of their memorandum are not unreasonable for the Eastern District of California – Fresno venue and they have the virtue of being close to the actual hourly rate of the attorneys who performed the work. But turn-about is fair play. Having filed an appeal in the Ninth Circuit, which is situated in San Francisco, one would assume that the Defendants, now filling the shoes of Appellants in the Circuit Court, will be bound by this argument when it comes time to award fees to Plaintiff-Appellees' counsel for defending the judgment of this Court in the City of San Francisco.

To be clear, Plaintiffs' counsel are not conceding the point but are prepared to submit on the issue of hourly rate to the extent that venue for the action is relevant.

## NATURE OF THE WORK PERFORMED

Defendants' appetite for having cake and eating it too, extends to their argument about the nature of the work performed. They contend that the case is ordinary, but they seek extraordinary relief in their post-trial motion litigation. If this is such an ordinary case, they should comply with the Court's order and get on with administering the State's gun laws in compliance with the Constitution.

Instead, they have sought delays[2], filed an appeal and now seek to renew a motion denied by this Court in the Circuit Court. (Plaintiffs received notice on November 26, 2014 of Defendants' intent to seek stay relief in the Ninth Circuit.)

---

[2] Plaintiffs' Counsel will file before the hearing, and bring to the hearing, a supplemental declaration requesting additional attorney fees for the post-trial motion work that was necessitated by Defendants' request for stay/extension of the time for the government to comply with the judgment of this Court.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

This flurry of activity is an admission that the issues raised by this case, while discrete and highly focused, are indeed novel and complex.  This may be the first Second Amendment case in the country (certainly in the Ninth Circuit) that litigated through to a full civil trial on contested facts the application of newly minted law.

As this Court knows, the Ninth Circuit has adopted a two-step Second Amendment framework: (1) where the court asks whether the challenged law burdens conduct protected by the Second Amendment, and (2) if so, the court determines whether the law meets the appropriate level of scrutiny.  See *United States v. Chovan*, 735 F.3d 1127, 1133-38 (9th Cir. 2013). See also *National Rifle Ass'n of Am. v. Bureau of Alochol, Tobacco, Firearms and Explosives*, 700 F.3d 185, 194-95 (5th Cir. 2012) ("N.R.A."); *United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010).

The first step is a historical inquiry that seeks to determine whether the conduct at issue was understood to be within the scope of the right to keep and bear arms at the time of ratification.  *Chester*, 628 F.3d at 680; see *Chovan*, 735 F.3d at 1137; *N.R.A.*, 700 F.3d at 194; *Ezell v. City of Chicago*, 651 F.3d 684, 702-03 (7th Cir. 2011).

The second step, is the more complex inquiry because a determination must be made as to whether the law that burdens the Second Amendment right will be subjected to either intermediate or strict scrutiny. *Chovan*, 735 F.3d at 1138; *N.R.A.*, 700 F.3d at 195; *Chester*, 628 F.3d at 682.

In this case that determination required development of trial facts to show: (1) how close the law comes to the core of the Second Amendment right, and (2) the severity of the law's burden on the right. *Chovan*, 735 F.3d at 1138; *N.R.A.*, 700 F.3d at 195; *Ezell*, 651 F.3d at 703.

Furthermore, the "intermediate scrutiny" standard applied in this case required a showing by the government and therefore rebuttal by the plaintiffs: (1) that the

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Reply Re: Attorney Fees & Costs     Page 3 of  6     *Silvester, et al. v. Harris*

government's stated objective was significant, substantial, or important, and (2) that there was a reasonable fit between the challenged regulation and the government's asserted objective. *Chovan*, 735 F.3d at 1139-41; *N.R.A.*, 700 F.3d at 195; *Chester*, 628 F.3d at 683.

This was all uncharted territory for a Second Amendment civil trial on the merits and this Court must take this complexity and novelty into account in awarding fees in this matter.

Finally, Defendants' argument that the size of the law-firm determines the size of the award (hourly rate) lacks any rational basis. If this line of thinking is to be pursued in a balanced and logical way, it would make more sense to award a higher hourly rate to the smaller firms (David) who take on the larger firms (Goliath).

The Department of Justice employs over 1,100 attorneys (meaning that the AG supervises the governmental equivalent of a law firm much larger than the vast majority of U.S. private law firms) and has 3,700 non-attorney employees.[3] [4] This rationale about firm size is as equally valid for this Court's determination of how much to compensate prevailing attorneys in civil rights cases as the argument made by Defendants.

### CONTINGENCY NATURE OF WORK

Defendants are not entirely correct when they address the nature of the hybrid (partial hourly, partial contingency) nature of the work performed by Plaintiffs' counsel. The concept of compensating plaintiffs' lawyers more favorably who take public interest cases on contingency is based, in part, on the opportunity costs that those lawyers forgo to work on meritorious civil rights claims. The fact that plaintiffs' lawyers herein worked at a reduced hourly rate for these clients, with

---

[3] http://oag.ca.gov/careers/honors/introduction

[4] http://ag.ca.gov/newsalerts/print_release.php?id=2078

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Reply Re: Attorney Fees & Costs        Page 4 of 6        *Silvester, et al. v. Harris*

1 compensation at customary rate if they prevailed, means that they still risked those
2 opportunity costs, but at a much lower rate of loss if they did not obtain a favorable
3 judgment.  This Court can and should take this into account when considering this
4 factor.

## **DOCUMENTATION OF WORK PERFORMED**

The problem with this argument is that Defendant have not availed themselves of any of the myriad discovery remedies which they could have invoked if they found discrepancies in the billing statements submitted.  The docket in this case shows the pleadings filed, the motions argued, and the conduct of the trial.  The dates on the billing statements showing the work billed matches the court's docket.  If the Defendants need a road map to make the connection, we are happy to provide them with one, but that will necessitate even more work to be billed to the tax-payers of California.

This appears to be another instance of the Defendants claiming the case is not complex when it suits their argument and then claiming the opposite when that opposite conclusion is sought. Plaintiffs counsel are fully prepared to have this Court judge the complexity or simplicity of the case, but if the Defendants have some legitimate questions about simple billing statements, they could propound appropriate interrogatories to clarify those questions.  Otherwise the billing statements and the work identified on the docket of this case speak for themselves.

## **FOURTEENTH AMENDMENT CLAIM**

As this Court well knows, the Fourteenth Amendment claim did not fail.  It is provisionally mooted to see what path the Attorney General and/or the California Legislature take to comply with this Court's Judgment.  That path may be satisfactory to the Plaintiffs and this Court.  Or it may not be satisfactory.  This contingency merely forestalls a Fourteenth Amendment remedy.  It does not negate

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1 the trial work to determine the facts necessary for that remedy.

2     Furthermore, the Defendants are overstating their case with respect to how a
3 court is to address "unsuccessful" claims. Where the plaintiff is successful on only
4 some claims, the court must determine whether the successful and unsuccessful
5 claims were related. See *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1063
6 (9th Cir. 2006); *Dang v. Cross*, 422 F.3d 800, 812-13 (9th Cir. 2005); *O'Neal v. City*
7 *of Seattle*, 66 F.3d 1064, 1068 (9th Cir. 1995). If the claims are unrelated, then the
8 fee award should not include time spent on unsuccessful claims; if the claims are
9 related, "then the court must . . . [determine] the 'significance of the overall relief
10 obtained by the plaintiff in relation to the hours reasonably expended.'" *O'Neal*, 66
11 F.3d at 1068-69 (citations omitted); see also *Webb v. Sloan*, 330 F.3d 1158, 1168
12 (9th Cir. 2003). "Claims are related where they involve 'a common core of facts' or
13 are 'based on related legal theories.' '[T]he test is whether relief sought on the
14 unsuccessful claim is intended to remedy a course of conduct entirely distinct and
15 separate from the course of conduct that gave rise to the injury upon which the
16 relief granted is premised.'" *O'Neal*, 66 F.3d at 1069 (quoting *Odima v. Westin*
17 *Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995)); see also *Thomas v. City of*
18 *Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005); Webb, 330 F.3d at 1168-69.

19     In this case, the remedy sought, expansion of the list of exempted persons from
20 the 10-day waiting period law, is the same regardless of the constitutional provision
21 invoked. The Court should not entertain any discount based on the provisionally
22 mooted Fourteenth Amendment claims.

23     Respectfully Submitted on December 1, 2014 by:

24

25   /s/ Donald Kilmer_____

26 Donald E. J. Kilmer, Jr.
Attorneys for Plaintiffs

27

28

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Reply Re: Attorney Fees & Costs      Page 6 of 6      *Silvester, et al. v. Harris*