UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. ANTHONY W. ISHII

| | | |
|---|---|---|
| JEFF SILVESTER, et al., | ) | 1:11-cv-2137-AWI |
| | ) | |
|     Plaintiff, | ) | |
| | ) | TELEPHONIC STATUS |
|   vs. | ) | CONFERENCE |
| | ) | |
| KAMALA D. HARRIS, Attorney General of California, and DOES 1 to 20, | ) | |
| | ) | |
|     Defendants. | ) | |

Fresno, California                      Monday, December 15, 2014

REPORTER'S TRANSCRIPT OF PROCEEDINGS

REPORTED BY:   GAIL LACY THOMAS, RMR-CRR
Official Court Reporter
CSR NO. 3278

APPEARANCES OF COUNSEL:

For the Plaintiff:	BENBROOK LAW GROUP
	Attorneys at Law
	400 Capitol Mall, Suite 1610
	Sacramento, CA 95814
	By:  **Stephen Duvernay**
	(Appearing telephonically)

For the Defendants:	KAMALA D. HARRIS
	Attorney General of California
	By:  **Peter H. Chang**
	Deputy Attorney General
	455 Golden Gate Avenue
	Suite 11000
	San Francisco, CA 94102

```
1    Monday, December 15, 2014              Fresno, California
2                                           2:07 p.m.
3
4          THE CLERK:  The Court calls case 1:11-CV-02137, Jeff
5    Sylvester versus Kamala D. Harris, telephonic status
6    conference.
7          THE COURT:  All right, good afternoon.  On the
8    record, it's my understanding plaintiff's counsel are on the
9    telephone; is that correct?
10         MR. DUVERNAY:  Correct, Your Honor.  Stephen M.
11   Duvernay, D-U-V-E-R-N-A-Y of Benbrook Law Group, appearing on
12   behalf of plaintiffs.
13         THE COURT:  On behalf of defendant.
14         MR. CHANG:  Your Honor, Peter Chang, Deputy Attorney
15   General on behalf of the defendant.  With me is Mark
16   Beckington, Supervising Deputy Attorney General, and also we
17   have Chief Steven Lindley of the Bureau of Firearms and also
18   Kimberly Granger, also Deputy Attorney General, Your Honor.
19         THE COURT:  Okay.  All right, this is the date and
20   time that I set over for a week just to get us an update on
21   the status.  I am not intending obviously to make any rulings
22   today.  The main purpose of the status was to see how matters
23   were progressing and see if there were any issues that need to
24   be taken up.  Obviously since the Court's ruling, there has
25   been a motion to stay, a motion to amend the judgment.  I've
```

1  already ruled on that.  I have received the -- the updated
2  status report, which would give us a little bit more
3  information regarding the State's proceeding with respect to
4  compliance with the Court's order.
5          So basically today, I'll allow the parties just to
6  give me an update and your thoughts as to how this hearing
7  should proceed, but also how we should proceed in the future.
8          As the plaintiff's side, we'll have the plaintiff's
9  side go first.  So on behalf of plaintiffs, further comments
10 regarding the procedures today and also the process going
11 forward?
12         MR. DUVERNAY:  I think our general stance as set
13 forth both in the status report and in our briefing on the
14 motions to stay or to extend the time period for compliance
15 remain the same.  We're open to working with the defendants to
16 implement some sort of a workable solution that complies with
17 the Court's order.  We'd like the Court to maintain
18 supervision during the period of the stay, and should the stay
19 be extended in the Ninth Circuit, to supervise over compliance
20 efforts to make sure that the Attorney General continues to
21 make efforts toward complying with the Court's order.
22         The only outstanding matter that we have before the
23 district court is a motion for attorney's fees.  We ask that
24 the Court rule on that while the issues are still fresh, and
25 alternatively, the Court's going to wait to set a date for

1   interest to start accruing on the attorney fee's judgment.
2          THE COURT:  Um-hmn.  Okay.  Defense.
3          MR. CHANG:  Your Honor, as laid out in the joint
4   status conference report, the defendant has been diligently
5   working towards and implementing the order.  Defendant has
6   filed a motion to stay with the Ninth Circuit, but defendant
7   is proceeding regardless, you know, assuming the State doesn't
8   get granted.  We're still -- you know, as outlined in the
9   joint status conference report, we have submitted as of last
10  week, we've submitted the request for proposals for bids to
11  change the computer system.  We should be receiving bids from
12  the vendors this week.  We should be selecting vendors at the
13  end of this month or beginning of 2015, January 2015, and we
14  should have a contract in place and have the vendors begin
15  work in the early parts of February 2015.
16         On the personnel side, we've prepared the emergency
17  budget change proposal, and that should be submitted to the
18  Department of Finance for approval shortly, and, you know,
19  after the Department of Finance approves that, that will go
20  into the joint legislative budget committee which meets next
21  in March.
22         And so what the defendant proposes is a subsequent
23  status conference set ahead of the February 23rd deadline for
24  compliance with your order, and defendants at that time can
25  update the Court to show the defendant's diligence in

1  complying with the Court's order, Your Honor.
2          THE COURT:  Okay.
3          All right.  Let me just indicate, it's been
4  mentioned, and I want to make sure that everyone understands
5  it, I also understand that there is an appeal pending before
6  the Ninth Circuit.  The Ninth Circuit could either rule or
7  issue a stay.  So I understand that.  I certainly recognize
8  that.  And I'm not ignoring that possibility.  Obviously if
9  the Circuit, for example, issues a stay, then I probably will
10 just set a status hearing just to indicate based upon -- I may
11 just do a minute order acknowledging the stay and the Court's
12 limitation based upon that stay.
13         But nonetheless, we'll go ahead and proceed unless
14 and until we either get a ruling from the Ninth Circuit and/or
15 an order regarding the stay.
16         With respect to compliance, and let me make sure that
17 I understand plaintiff's position on this.  What the defense
18 is suggesting, and I'm perfectly fine with that, is to set
19 another status hearing before February 23rd.  Sometime perhaps
20 in early February, we could do a Monday afternoon,
21 February 2nd or February 9th, if that works out, to get an
22 update to the status.  It's my understanding from plaintiff's
23 counsel that both sides are working cooperatively to see what
24 can be done in the meantime, and if that's the position of
25 both sides, all I would do today is simply set a further

1    status hearing with the understanding that the parties are
2    continuing to meet and confer and work together, that it
3    appears that the State is working diligently to comply, and
4    that there are obviously hurdles that must be overcome over
5    which the -- the Attorney General's Office has no control
6    basically funding as certain funding aspects that are strictly
7    within the realm of the state legislature.
8         So on behalf of plaintiff's side, let me get your
9    update on the comments by defense as to how they propose to
10   proceed.
11        MR. DUVERNAY: Steve Duvernay for the plaintiffs. We
12   have no objection and would ask for a status conference that
13   first -- February 2nd, just to give us enough time to address
14   any issues between then and the date currently set for the
15   stay to expire.
16        THE COURT: All right. We can set it for Monday,
17   February 2nd, at 2:00 in the afternoon. We could do --
18        THE CLERK: Your Honor, we have a contested hearing
19   regarding the supervised release violation and the competency
20   hearing that afternoon.
21        THE COURT: Okay.
22        MR. CHANG: Your Honor --
23        THE COURT: Sure.
24        MR. CHANG: From defendant's point of view, it may be
25   better to set it for that second Monday. Since we are

1   scheduled to complete the vendor contract by early February, a
2   later hearing date, we might get a more firm answer as to
3   whether that contract has been completed or not.
4           THE COURT:  Okay, we could set it for February the
5   9th.  We could even set it for Tuesday, February the 17th.
6   Monday, February 16th is a federal holiday, but that comes
7   maybe too close to the 23rd, that maybe both sides might be a
8   little concerned.  But let me ask from plaintiff's standpoint,
9   does February 9th work?
10          MR. DUVERNAY:  Yes, Your Honor.
11          THE COURT:  Okay.
12          THE CLERK:  Your afternoon is clear.
13          THE COURT:  Okay, so we can set this for Monday -- a
14  further status hearing for Monday, February 9th, 2015 at 2:00
15  in the afternoon, and then if the parties can either appear
16  telephonically and/or in person, and let's see -- okay, if I
17  can just get an updated status report, let's say, by February
18  the 2nd, with the understanding that the vendors may not be in
19  place by then, but at least if I can get an update, that will
20  help inform me for how to proceed for February the 9th.
21          Now, I will say this:  If there are any intervening
22  issues that you folks feel the Court needs to get involved,
23  just go ahead and check with me, and I can always set a status
24  hearing including a telephonic status hearing for any time
25  prior to February the 9th.  So otherwise, is that acceptable

```
1   to the plaintiffs?
2           MR. DUVERNAY:  Yes, Your Honor.
3           THE COURT:  All right, is that acceptable to the
4   defendant?
5           MR. CHANG:  Yes, Your Honor.
6           THE COURT:  All right, very well.
7           Let me ask, there are some other issues that were
8   sort of floating within the status report, but given the
9   agreement by the parties, is there anything else that the
10  Court -- and I'll go ahead and address the attorneys fee
11  matter in just a moment.  But other than that, as far as the
12  Court's rulings, is there anything else that plaintiffs wish
13  to have the Court look into, address, or discuss today?
14          MR. DUVERNAY:  Not at this time, Your Honor.
15          THE COURT:  All right, defense, anything else?
16          MR. CHANG:  None, Your Honor.
17          With regards to the fees motion, I'd like to just let
18  the Court know that the defendant doesn't intend to file a
19  response to the supplemental briefing that plaintiffs filed
20  last week.
21          THE COURT:  All right, and do you know when you might
22  be able to file that?
23          MR. CHANG:  Tomorrow, Your Honor.
24          THE COURT:  Okay.  So response will be due by
25  tomorrow, which is December the 16th by close of business.
```

1          Okay, and then once that's done, I don't think
2   anything else needs to be done.  I'll go ahead and take the
3   attorney's fees matter under submission and go ahead and rule
4   on that.  If there is anything else I need, I'll certainly let
5   the parties know if I need anything else from you.  Okay?
6          All right.  Okay.  While we're on the record, then,
7   plaintiff's side, anything else?  Anything else that we need
8   to take up or discuss today?
9          MR. DUVERNAY:  Not today, Your Honor.
10         THE COURT:  All right, anything else for defense,
11  then?
12         MR. CHANG:  None, Your Honor.
13         THE COURT:  Okay.  All right, so that will be the
14  order of the Court as far as the next status hearing,
15  February 9th, at 2:00 in the afternoon with that updated
16  status report by February the 2nd, and then, again, once the
17  defense -- defendant has filed their response regarding
18  attorney's fees, I'll take that matter under submission.
19  Okay?
20         All right.  Okay, if there is nothing else, then that
21  will conclude the hearing.  Again, if there is anything you
22  need to take up prior to February the 9th on the record, just
23  let me know, we'll go ahead and set up another telephonic.
24  All right.
25

1
2          I, Gail Lacy Thomas, Official Court Reporter, certify
   that the foregoing transcript is true and correct.
3
   Dated:  12/24/2014              /s/ Gail Lacy Thomas
4                                  GAIL LACY THOMAS, RMR-CRR
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25